FILED

OCT 1 1 2017

TIMOTHY M. O'BRIEN CLERK
By: _____ Deputy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS



Case No. # **2:17-CV-02547-DDC-TJJ**

## MOTION FOR WRIT OF CERTIORARI

In Fulfillment of 12 USC § 95a (2), 95 b(2) and 50 USC § App. 5(b)(2)
*nunc pro tunc*

| | |
|---|---|
| **Kendra Ross** | **IN THE NATURE OF DISCOVERY** |
| v. | **Notice of Acceptance**<br>**Upon Proof of Authentic Claim** |
| **Royall Jenkins** and<br>The Value Creators, Inc, f/k/a/ The United Nation of<br>Islam, Inc. and The Value Creators LLC.<br>and The Value Creators, Inc. | REQUEST FOR DEBT VALIDATION ASSESSMENT<br>**Claim In Public, Public, Capacity** |

By Special Deposit, Private, Priority Process

COMES NOW: By Special Appearance Only.

By: **Royall Jenkins**, as a self-aware living **Man** hereby (affirm) that I am not nor accept title or responsibility as being the *Volunteer, Appointed* Trustee or Substitute Trustee Res #**2:17-CV-02547-DDC-TJJ**, Executrix in the matter of the **ROYALL JENKINS-ESTATE,** pursuant equitable title interest and Bond also Petitioner does hereby further "RE" request and the Respondent to show cause via proof of a perfected Title Claim regarding the above styled case and to return confiscated property materials attached Exhibit(s) of Title Claim Interest presentments from **Kendra Ross** and **Gillian Chadwick, Bar No. 27361** "dba" Attorney's and Agents for, **WASHBURN LAW CLINIC -, WASHBURN UNIVERSITY SCHOOL OF LAW,** "et al" All working in concert with **Elizabeth A. Hutson, Esq. (D.C. Bar No. 1024845), MCGUIRE WOODS LLP,** "et al".

Prepared and submitted this ⎽10⎽ day of ⎽⎽Octcber⎽⎽, 2017.

*Royall Jenkins*

ROYALL JENKINS-Estate
Atten: **Royall Jenkins**, Grantee, Settlor
Nonresident/ Non-Domestic
First Class, U.S. Delivery
Care of 2111 North 10th Street
near [66104-9998]
Kansas City, Kansas state

## NOTICE OF DISCLAIMED OF ALL VOLUNTARY IMPLIED TRUSTEESHIPS
### *NUNC PRO TUNC AB INITIO*

WHEREAS a trust arrangement cannot be forced upon the designated trustee, and one who has not previously accepted a trust or contracted in advance to do so can disclaim and refuse appointment as trustee for any reason (or for no reason) whatsoever (TOA: Gilberts §149), and WHEREAS a sole trustee and sole beneficiary are one and the same person, the result is a merger of legal and equitable titles, defeating the trust and creating a fee simple in the person (TOA: Gilberts §159), and WHEREAS no particular words are required to form a trust, nor is it essential that any of the parties involved know or understand that the intended relationship is a "trust," if an effective transfer has been made, a valid trust exists even if the trustee is not aware of it (TOA: Gilbert §66, §274) **BE IT RESOLVED** that, *I, Royall*, do hereby notice all persons and men worldwide of my Deed of disclaimer of all implied and voluntary trusteeships without sufficient lawful consideration for the legal derivation names including but not limited to "**Royall Jenkins**" or "**ROYALL JENKINS**," "**JENKINS, ROYALL**," or **R. JENKINS**" and or all other legal derivations; that said disclaimer relates back to the first instance, **January 26, 1942**, in law or implied acceptance, acquiescence and/or conduct without express written consent for sufficient valuable or lawful consideration, whichever is sooner, due to, including but not limited to, a) any voluntary implied trusteeship do not reflect the true nature of the relationship, b) based what is written on *My* heart, c) it is *My* wish, d) good conscience, e) good reason, f) the failure of full disclosure, g) the failure of the transfer of valuable consideration, and h) due to the inadequate mental and legal state as a ward, infant, and/or incompetent to avail myself of my rights and options.

**October 10, 2017**          **ROYALL JENKINS**-Estate
                              Atten: **Royall Jenkins**, Grantee, Settlor
                              Nonresident/ Non-Domestic
                              First Class, U.S. Delivery
                              Care of 2111 North 10th Street
                              near [66104-9998]
                              Kansas City, Kansas state

Done by the Light of day – Tenth October Two-Zero One-Seven
==========================
## RE 151 900 981 US

==========================

# Notice of Acceptance
# Upon Proof of Authentic Claim

In Fulfillment of 12 USC § 95a (2), 95 b (2) and 50 USC § App. 5(b)(2)

*Nunc Pro Tunc*

## NOTICE OF INTENT
(Under Trust/Contract Law)

The enclosed **original** Notice of Acceptance is hereby submitted under "Contract Law" in "good Faith" for the purpose of the Offeror: **Kendra Ross** and **Gillian Chadwick, Bar No. 27361** "dba" Attorney's and Agents for, **WASHBURN LAW CLINIC, WASHBURN UNIVERSITY SCHOOL OF LAW,** dba, Address: **TOPEKA, KANSAS 66621,** hereinafter "offeror in contract law", to discharge all debt in this matter, for and on behalf of The **ROYALL JENKINS-ESTATE,** Ex Rel **[ROYALL JENKINS]** (obligor), through an acknowledgment of Public Policy H.J.R. 192 passed on June 5, 1933. The collateral for this Notice of Acceptance is the United States thru The **ROYALL JENKINS-ESTATE,** Ex Rel **[ROYALL JENKINS]** (obligor), is a transmitting utility, as they are responsible under reorganization of all debts, Public and Private. The receiver in Bankruptcy is the Secretary of Transportation, The Honorable: **Anthony Foxx, dba/ located at, U.S. DEPARTMENT OF TRANSPORTATION, 1200 NEW JERSEY AVE SE, WASHINGTON, DC 20590** (SEE Title 46 §§ 1247 Appendix (a)(b). **For further correspondence you may contact Royall Jenkins, Grantee, Settlor at the above location in writing. In the event you return my instrument without providing me remedy, I will accept your return as a "Dishonor". This will also apply if you: 1. Fail to honor my instrument, 2. Destroy my instrument, or 3. Fail to provide me remedy in Bankruptcy.**

Respectfully Submitted,

Authorized Representative
By:_____Royall Jenkins_____
                              "As good as Avail"

For: _____Ex Rel [ROYALL JENKINS]_____

**FOR THE PURPOSE OF THIS OFFER, THE DEFINITIONS BELOW APPLY**

**Offeree:** *In contract law*, the person to whom an offer is made.
**Offer:** *In contract law*, a proposal made by one party to another indicating a willingness to enter into a contract.
**Offeror:** *In contract law* the person who makes the offer.

Account No. **2:17-CV-02547-DDC-TJJ**

**For Further Proof of Acceptance of Offer Information, See Attachment:**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Kansas

Kendra Ross

          *Plaintiff(s)*

v.

Royall Jenkins, and
The Value Creators, Inc. f/k/a The United Nation of
Islam, Inc. and The Value Creators LLC,
and The Value Creators Inc.

          *Defendant(s)*

Civil Action No. 2:17-cv-02547-DDC-TJJ

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    The Value Creators LLC
    2114 North 10th Street
    Kansas City, Kansas 66104

    Serve: Ms. Gregory Wooten, Registered Agent
    2129 Quindaro Boulevard, Kansas City, Kansas 66104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Gillian Chadwick
    Washburn Law Clinic
    Washburn University School of Law
    Topeka, Kansas 66621

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/18/2017_____

          s/ Charles Van Ness

          *Signature of Clerk or Deputy Clerk*

          TIMOTHY M. O'BRIEN
          CLERK OF COURT
          259 Robert J. Dole U.S. Courthouse
          500 State Ave
          Kansas City KS 66101-2431



Handwritten stamp overlay: "Accepted for Value On for Value and Claimed by Grantor Exclusive Equity and Deposit in Trust by: Royall Jenkins, a Private American National Beneficiary, Date 10/10/2017, For On the Benefit of "ROYALL JENKINS" "TM" Private"



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 213.42.0236

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date.

Endorsement

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
Kansas City Division

KENDRA ROSS,

        Plaintiff,

        v.

ROYALL JENKINS
1735 West Avenida De Amelia
Sahuarita, Arizona 85629,

    **Serve:** Mr. Royall Jenkins
        1735 West Avenida De Amelia
        Sahuarita, Arizona 85629,

*and*

THE VALUE CREATORS, INC.
f/k/a THE UNITED NATION OF ISLAM, INC.,
1121 Quindaro Boulevard
Kansas City, Kansas 66104,

    **Serve:** Mr. Griegory Moten
        Registered Agent
        1121 Quindaro Boulevard
        Kansas City, Kansas 66104,

*and*

THE VALUE CREATORS LLC,
2111 North 10th Street
Kansas City, Kansas 66104

    **Serve:** Mr. Griegory Moten
        Registered Agent
        1121 Quindaro Boulevard
        Kansas City, Kansas 66104,

*and*

THE VALUE CREATORS INC.,
2111 North 10th Street

Case No. _____

**JURY TRIAL DEMANDED**

1



In Exclusive Equity

To the Secretary of the Treasury of the United States, Trustee

Returned for Value and Conveyed by, Grantor/Settlor

With the Intent and Purpose of Enabling the Trustee

To Provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS",

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

Kansas City, Kansas 66104

Serve: Mr. Griegory Moten
Registered Agent
1121 Quindaro Boulevard
Kansas City, Kansas 66104,

*Defendants.*

## VERIFIED COMPLAINT

Plaintiff Kendra Ross ("Ms. Ross") by counsel and pursuant to Rule 3 of the Federal Rules of Civil Procedure, respectfully files this verified complaint ("Complaint") against Defendants Royall Jenkins ("Jenkins") and his organized business entities, Defendants The Value Creators, Inc. f/k/a The United Nation of Islam, Inc. ("UNOI"), The Value Creators LLC, and The Value Creators Inc. (all defendants collectively referenced herein as the "Defendants"). By this action, Ms. Ross seeks to recover compensation for the Defendants' trafficking with respect to forced labor and related unlawful activities, as well as to punish Defendants for their wrongful, immoral, and pernicious human trafficking in violation of numerous federal and state laws. For her Complaint, Ms. Ross states as follows:

## INTRODUCTION

1.      Human trafficking remains a shockingly prevalent practice throughout the world, and it has become an epidemic in the United States. Human trafficking victimizes vulnerable persons by forcing, defrauding, or otherwise coercing them into sexual or labor exploitation.

2.      Plaintiff Kendra Ross knows this first hand. From at least the time she was eleven years old until her escape ten years later, Defendant Royall Jenkins and other individuals under

2



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor

To the Secretary of the Treasury of the United States, Trustee

With the Intent and Purpose of Enabling the Trustee

To provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

Date _____

Endorsement _____

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

his command in a cult – known then as the United Nation of Islam – trafficked her.[1] Jenkins, the self-proclaimed "Spiritual Head" of UNOI, intentionally separated Ms. Ross from her family and friends at a young age, and transported her around the eastern United States to forcibly work at Jenkins' different businesses. Jenkins also coerced and commanded Ms. Ross to perform around-the-clock childcare for his immediate family, extended family, and friends, as well as for other prominent leaders within the cult. The Defendants *never* paid Ms. Ross for *any* of her hard labor, deprived her of an education that would permit her to become a productive member of mainstream American society, and subjected her to years of intimidation and psychological abuse to prevent her escape from the cult. The Defendants' actions forced Ms. Ross into involuntary servitude, and denied her fundamental rights of freedom, education, basic medical attention, and fair pay.

3.     Fortunately, the federal and state laws and policies prohibiting this vile practice of human trafficking are alive and well. Former President Bush has called human trafficking "one of the worst offenses against human dignity," and former President Obama has noted that "[o]ur fight against human trafficking is one of the great human rights causes of our time[.]" Congress has also recognized the countless human tragedies caused by human trafficking. In 2003, it expanded the Trafficking Victims Protection Act[2] by granting survivors of human trafficking a private right of action to hold their former captors accountable, and to equip them with a legal remedy to compensate them for the abuses they suffered.

4.     Ms. Ross now bravely returns to this jurisdiction – the epicenter of her trafficking

---

[1]     As noted below, UNOI is distinct from the more widely known organization of the Nation of Islam, which is based in Chicago, Illinois, and has been led by Dr. Louis Farrakhan since 1977.

[2]     In 2008, Congress renamed The Trafficking Victims Protection Act as the Trafficking Victims Protection Reauthorization Act ("TVPRA").

3



In Exclusive Equity

To the Secretary of the Treasury of the United States, Trustee
Returned for Value and Conveyed by Grantor/Settlor
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date

10/10/2017

Endorsement

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

– and brings this action to enforce anti-trafficking federal and state laws. Through this suit, Ms. Ross seeks the fair compensation owed to her by Jenkins and the other Defendants, to redress the egregious violations of Ms. Ross's basic human and civil rights, and to punish the Defendants for their appalling acts. This Court should bring Jenkins and his companies to justice and hold them all accountable and liable for their trafficking of Ms. Ross.

PARTIES

Plaintiff Kendra Ross is a 26-year-old who, since 2013, resides in and is a citizen of a state other than the states of Arizona, Kansas, Connecticut, Maryland, and Delaware. She began living in a safe house in April 2015 to avoid detection by her former traffickers.[3]

6.      Defendant Royall Jenkins is currently a resident and citizen of the State of Arizona. During all times relevant to the events that form the basis of this Complaint, however, Jenkins primarily resided in Kansas City, Kansas. Jenkins' conduct that forms the basis of his personal liability to Ms. Ross (including, but not limited to, his actions related to trafficking Ms. Ross throughout the United States and his personal financial benefit from Ms. Ross' unpaid labor) primarily occurred in Kansas City, Kansas.[4]

7.      Jenkins and others incorporated The United Nation of Islam, Inc., in Delaware on or around June 1993. UNOI's date of formation in Kansas was on or around September 2, 1997. On or around July 31, 2015, The United Nation of Islam, Inc., formally changed its name in Kansas to The Value Creators, Inc. UNOI is a Delaware corporation and it maintained its principal place of business at 1608 North 13th Street, Kansas City, Kansas, at all times relevant

---

[3]      For this reason, Ms. Ross does not allege in this Complaint where she is a citizen other than that she is not a citizen of the states of Arizona, Kansas, Connecticut, Maryland, and Delaware.

[4]      Jenkins publishes a website that contains his writings, philosophies, and directives as "Allah in Person." That website is located at http://www.thephoenixtherisingoflife.com.

4



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

during this lawsuit. Defendant The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., therefore, is a citizen of the States of Delaware and Kansas. The conduct that forms the basis of UNOI's liability to Ms. Ross (including, but not limited to, its decisions to traffic Ms. Ross throughout the United States to perform unpaid work at its affiliated businesses) primarily occurred in Kansas City, Kansas. At all times relevant to this lawsuit, Jenkins has been the business leader and "Spiritual Head" of UNOI.

Jenkins and others organized Defendant The Value Creators LLC in the State of Maryland on or around November 7, 2014. At the time of organization, and presumably continuing to date, The Value Creators LLC has had at least three members: Defendant Jenkins, Mr. Ephriam Woods, and Mr. William Green. At all relevant times, Mr. Woods has been a resident of the State of Kansas, and Mr. Green has been a resident of the State of Connecticut. The principal place of business of The Value Creators LLC is 2111 North 10th Street, Kansas City, Kansas 66104. Accordingly, The Value Creators LLC is a citizen of the States of Maryland, Kansas, and Connecticut. The Value Creators LLC holds itself out as a business whose nature and character is the "opening of eateries, sales and development of health restorative products, transportation, educational, life coaching, agricultural, con[s]truction, clothing and community development."

9. Jenkins and others incorporated Defendant The Value Creators Inc. in Kansas on or around April 16, 2015. The Value Creators Inc. maintains its principal place of business at 1121 Quindaro Boulevard, Kansas City, Kansas 66104. Accordingly, Defendant The Value Creators Inc. is a citizen of the State of Kansas. The Value Creators Inc. holds itself out as a business whose nature and character is the "educational development, business development, health and wellness, transportation, admin[istration] and finance and housing."

5



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

10.     In this Complaint, all three business-entity Defendants are collectively referred to as "The Value Creators". Generally, The Value Creators include the successor organizations to UNOI (the organization responsible for trafficking Ms. Ross), and they own the personal, real and intellectual property, as well as other assets. These assets were employed in the trafficking scheme that subjugated Ms. Ross for a decade of her youth. All named Defendants directly and knowingly benefitted financially and otherwise from trafficking Ms. Ross. Upon information and belief, Jenkins and other leaders of The Value Creator entities organized The Value Creators LLC in November 2014 and The Value Creators in April 2015 in order to shield UNOI's assets from legal action against UNOI.[5]

11.     The three business entities referred to as The Value Creators may not be the only business entities that benefitted from, or are liable for, the trafficking of Ms. Ross. As such, Ms. Ross reserves the right to join additional defendants as discovery may reveal.

### JURISDICTION AND VENUE

12.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1589 et. seq.), the Fair Labor Standards Act (29 U.S.C. §§ 201 et. seq.), and the Racketeer Influences and Corrupt Organizations Act (18 U.S.C. §§ 1961 et seq.).

13.     This Court also has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between Ms. Ross (not a citizen of the states of Arizona, Kansas, Connecticut, Maryland, and Delaware), on the one hand, and each of the Defendants (citizens of the states of Arizona, Kansas, Connecticut, Maryland, and Delaware) on the other, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

---

[5]     The Value Creators' website, which contains the organization's core doctrines and messages to its devotees, is located online at http://www.thevaluecreators.org.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: 10/10/2017

Endorsement: Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

14.     This Court has supplemental jurisdiction over all asserted state law claims pursuant to 28 U.S.C. § 1367 because all state law claims are so related to, and arise from, the same common nucleus of operative facts from which the federal claims arise and, therefore, they form part of the same case or controversy under Article III of the United States Constitution.

15.     This Court has personal jurisdiction over each of the Defendants pursuant to KAN. STAT. ANN. § 50-638, and the exercise of personal jurisdiction over each of the Defendants is consistent with due process.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

<h2 style="text-align:center">STATEMENT OF FACTS</h2>

I.      Royall Jenkins and the United Nation of Islam.

   A.     Royall Jenkins.

17.     Prior to 1978, Jenkins was a member of the Nation of Islam under the leadership of Elijah Muhammad. Dr. Louis Farrakhan assumed the leadership of the Nation of Islam upon the death of Elijah Muhammad in 1978.

18.     Jenkins claims that, around the time of Elijah Muhammad's death, angels and/or scientists abducted him, escorted him through the galaxy in a spaceship, informed him that he was "The Supreme Being", and instructed him how to govern Earth.

19.     Upon his "return" to Earth, Jenkins split from Nation of Islam in 1978 and informally organized UNOI as a radical alternative to Dr. Farrakhan's Nation of Islam. Since that time, Jenkins has commanded that his UNOI followers refer to him as "Allah on Earth," "Allah in Person," or "The Supreme Being."

20.     Sometime in or after 1996, Jenkins founded "Heaven," which was a UNOI model



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS".

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS".

community in an economically depressed neighborhood of Kansas City, Kansas. Jenkins later established additional UNOI communities across the United States, in, among other locations, Atlanta, Georgia; Dayton, Ohio; Newark, New Jersey; Harlem, New York; Temple Hills, Maryland; Mobile, Alabama; and Cincinnati, Ohio. Upon information and belief, The Value Creators owns the personal, real, and intellectual property used by these communities in the nation-wide trafficking scheme at issue in this case.

21. Jenkins has a large immediate family scattered around the United States. He has had at least thirteen (13) wives,[6] and has fathered approximately twenty (20) children (collectively referenced in herein as the "Royall Family"). Jenkins refers to at least some of his wives as "concubines." Members of the Royall Family reside in different locations across the United States.

22. During times relevant to the events that form the basis of this action, Jenkins owned several houses on one particular street in Kansas City, Kansas, where his wives, children, and grandchildren lived. Also during times relevant to the events that form the basis of this Complaint, Jenkins owned a house called the "House of Peace" in Kansas City, Kansas. The "House of Peace" is in a secret location only accessible by Jenkins and a few select people.

23. Jenkins holds ownership interests in several businesses, including all three business entities collectively referred to herein as The Value Creators. Jenkins and the rest of the Royall Family have directly benefitted financially from the revenues of these businesses, in large part because the businesses employ trafficked laborers who are not paid any wages for the work they perform for those businesses.

24. In addition, Jenkins and the rest of the Royall Family have directly benefitted

---

[6] UNOI instructs its male followers that "you can measure a man's wisdom by the number of wives he has."

8



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

financially from the trafficked laborers who are not paid any wages for the around-the-clock child care and housekeeping work they perform for Jenkins and his Royall Family.

25. During all times relevant to the events that form the basis of this Complaint, Jenkins was the business and spiritual leader of UNOI, head of the Royall Family, and personally made all decisions regarding the trafficked laborers which benefitted himself, UNOI, and the Royall Family.

### The United Nation of Islam

#### 1. Organization.

26. Jenkins founded UNOI in or around 1978. Since UNOI's founding, Jenkins has been the business and self-proclaimed "Spiritual Head" of UNOI.

27. UNOI (and possibly other corporate entities) operated as the corporate entity for Jenkins' cult at all times relevant to Ms. Ross' trafficking.

28. UNOI employed a hierarchical chain of command, starting with Local Secretaries, who reported to the National Secretary, who reported to Officers, who reported to Captains, who reported to Lieutenants, who reported to the National Lieutenant, who reported to Jenkins. Everyone in the chain of command ultimately reported to Jenkins. Jenkins approved almost everything, if not everything, that happened in "his Nation."

29. At all times relevant to this lawsuit, the top heads of UNOI included, but were not limited to, Kaaba Majeed (National Lieutenant for men), Etenia Kinard (National Lieutenant for women), James/Adam Winthrop (National Secretary for men),[7] Ayesha Mohammed (National Secretary for women), Yanus Rassoull, Joseph F. Kelly, and Lamira/Kareemallah Jenkins.

30. At all times relevant to this lawsuit, UNOI divided its membership into two

---

[7] Jenkins regularly changed the names of cult members without their permission or input. James/Adam Winthrop is one example.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: 10/10/2017

Endorsement: Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

groups: (1) "part time" followers, who have a life or job outside of UNOI community; and (2) "full time" followers, who work for UNOI, live in homes owned and operated by UNOI, and only interact with other UNOI followers. "Full time" followers were afforded a more respected status and were fully included in all UNOI activities, and UNOI heads put followers on "part time" status as a form of punishment. "Part time" followers were subjected to full-body searches before they were permitted to enter UNOI meetings. Individuals who were demoted to "part time" status could regain "full time" status by various demonstrations of penance, including formal apologies to UNOI heads expressing shame and contrition.

31.     UNOI employs a strict discipline system, which was primarily developed, approved, and enforced by Jenkins. Under this system, individuals could receive "Class A" discipline for severe misconduct (e.g., talking back to superiors, or using an incorrect tone[8]). Followers subjected to "Class A" discipline were not permitted to speak freely to anyone, and instead had to ask permission of the individual they wanted to speak with (including small children) to speak during the period of punishment, which could range from fifteen (15) days to indefinitely. Followers subjected to "Class A" discipline were often forced to fast.

32.     Individuals could receive "Class B" punishment for moderately severe misconduct (e.g., playing too much, not cleaning one's bedroom, failing a home inspection). Followers subjected to "Class B" discipline were subject to public censure during meetings. Followers subjected to "Class B" discipline were also often forced to fast.

33.     Individuals could receive "Class C" punishment at the conclusion of Class A or Class B punishment as a parole mechanism. Individuals who received Class C punishment were observed more closely for UNOI violations for approximately thirty (30) days.

---

[8]      Jenkins mandated that anyone talking to him must use a tone equal to or lower than his tone or the tone of anyone in the Royall family.



In Exclusive Equity

To the Secretary of the Treasury of the United States, Trustee
Returned for Value and Conveyed by Grantor/Settlor
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

34.     Individuals could receive "Class F" punishment for extremely severe misconduct (*e.g.*, being overweight, child molestation).[9]  Followers subjected to "Class F" discipline were banished from UNOI.

35.     In April 2015 (after Ms. Ross was able to remove herself from the cult), Jenkins and other key leaders of UNOI organized The Value Creators and, upon information and belief, transferred substantially all of the assets relevant to this lawsuit to The Value Creators.

2.     UNOI Doctrine.

36.     UNOI doctrine focused primarily on the supremacy of Jenkins as God on Earth. As such, disciples of UNOI – and now The Value Creators – consider Jenkins' teachings as prophetical.

37.     Jenkins' teachings emphasize and prioritize the differences between the races and genders.  Jenkins claims that the "Black Man" is superior to the "White Man," and that the "Black Man" created the "Black Woman" as a natural pleasure.  Jenkins further teaches that women are inferior to men, and that women should completely submit to men to escape eternal damnation.

38.     These basic teachings translated to every regimented and controlled family organizational structure within UNOI.  UNOI required female members to attend regular women's meetings, where women learned how to be "good housewives" and how to "submit" to their husbands.  UNOI required male members to attend regular men's meetings, where men learned how to lead and direct their wives and children.  Jenkins is the primary author of the educational materials for both the women's and men's gender role meetings.

39.     UNOI monitored women's body weights closely.  UNO weighs women every

---

[9]     Jenkins forced individuals to stay under a certain weight by threatening that at some point in the future, a spaceship would come to take followers to a new world, and only those individuals who could fit in the seats would be permitted to board.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor

To the Secretary of the Treasury of the United States, Trustee

With the Intent and Purpose of Enabling the Trustee

To Provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

Sunday before services. If a full-time female member was over an "ideal" weight, UNOI required her to fast. If a part-time female member was over an "ideal" weight, UNOI required her to pay a fee. Women were forced to meet with a psychic "doctor" to discuss their nutritional needs and diet.

40. UNOI controlled the language that members were permitted to use. For example, members were not permitted to say "Bless You," "Please," or any words that began with the letter "B." UNOI instructed members to say "however" instead of "but" and to say "share with" instead of "told."

41. UNOI employed an extensive system for courtship and marriage. Under this system, males submitted "bids" on females to Jenkins through his chain of command within the organization. These bids were either approved or disapproved as they flowed up the UNOI chain of command to Jenkins. Jenkins ultimately approved or disapproved those bids previously approved by his lower deputies. Jenkins' reasons for disapproving bids were often as simply as the individuals were "not meant for each other." There were no minimum age limits or restrictions regarding marriage among UNOI members.

42. Once approved, the males engaged the females in three distinct stages of courtship. First, males were instructed to send an email to UNOI leadership. This email contained a list of individuals the male was interested in. The leader would then forward that email to a psychic doctor who he claimed knew which members were compatible with each other. Then, the doctor would notify the UNOI leadership with whom the member was compatible.

43. After the male selected a female from this list, they would start "interviewing" (*i.e.* dating). At first, couples could only talk on the phone and in person. Then, they were permitted to have physical contact, but no sexual contact.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Endorsement:

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

44. If the union was permitted by UNOI leadership, the final step in this process was marriage. Upon information and belief, no members who married within UNOI received government licenses to wed.

45. The entire courtship process typically took five (5) months. UNOI officers would then conduct interviews with the males and females throughout the process for UNOI approvals.

3. Education of Children and Adolescents Within UNOI.

46. Jenkins authored the central literature for UNOI, including children's education curriculum. This literature included some of the original teachings from Elijah Mohammed, along with literature authored by Jenkins.

47. At all times relevant to this lawsuit, UNOI did not send its child and adolescent members to public school, and instead required their attendance in UNOI's own education system. Jenkins' teachings stated that public school systems are corrupt.

48. UNOI's education system did not include properly certified teachers or teaching curriculum. If individuals excelled in a particular subject area, UNOI would appoint them as teachers in that specified area. UNOI's education system included courses on Jenkins' literature, science, and math. Jenkins' teachings permeated all of the subjects in the children's education curriculum. Courses often stopped abruptly and were not on a particular schedule or syllabus. During UNOI classes, young students were shown horror films such as "The Omen" and "Crazy as Hell."

49. UNOI ran a school called the "University of the Art and Logistics of Civilization." UNOI required all full time members to attend the "University of the Art and Logistics of Civilization." Many other UNOI members attended classes by listening to Jenkins' recordings or conference calls led by other cult leaders in the living room of the home where



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

they were staying.

50.     The disciplinary system at UNOI schools involved paddling children for any infractions, even accidental.  For example, if a child accidentally touched one of Jenkins' children or grandchildren, they were beaten.

4.      Working In UNOI.

51.     UNOI forced its members to work in various businesses it owned, including, but not limited to, restaurants, bakeries, supermarkets, gas stations, a sewing factory, and a construction company.

52.     At all times relevant to this lawsuit, UNOI ran the business called "Food for Life Supreme."  Upon information and belief, The Value Creators currently owns and operates Food for Life Supreme.

53.     Food for Life Supreme operates or formerly operated at times relevant to this Complaint in Atlanta, Georgia; Newark, New Jersey; Harlem, New York; Temple Hills, Maryland; Dayton, Ohio; Cincinnati, Ohio; Mobile, Alabama; and Kansas City, Kansas.

54.     As detailed below, many members (including Ms. Ross) worked every day of the week with no breaks.  Many members worked at UNOI bakeries, restaurants, and schools for eight (8) hours shifts during the day and were then expected to do additional work (cooking, cleaning, childcare) when they returned to the home where they was staying.

55.     UNOI heads of household had several teenage members living with them, and the heads of household would dictate what their labor was at home.

56.     UNOI controls where and when members go to the supermarket and which groceries they are allowed to buy.  UNOI maintained a list of approved grocery stores and approved items for members to buy.  Members were required to fill out a grocery list for



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

Case 2:16-cv-02547-DDC-TJJ   Document 1   Filed 10/11/17   Page 34 of 93

approval for communal shopping runs.

57.     Many UNOI members, including Ms. Ross, received food stamps from the federal government.  All full-time members had to surrender their Electronic Benefit Transfer ("EBT") cards to UNOI leaders, and UNOI rationed funds from these cards by household, thereby controlling members' budget allowance from the federal government.  Members did not receive a ration that was equivalent to the ration provided to them individually through the EBT cards.

58.     UNOI and The Value Creators members work at UNOI businesses but are not paid for the work they perform.

Health Care for Members of UNOI

59.     At all times relevant to this lawsuit, UNOI did not provide its members with any health insurance.

60.     At all times relevant to this lawsuit, UNOI did not allow its members to receive medical care offered by individuals outside of UNOI.  Instead, UNOI only permitted its members to receive medical care from an individual named Dr. Marvin MacIntosh for all medical issues (*e.g.*, obstetrics, gynecology, minor emergency medicine, pediatrics, etc.).  Upon information and belief, no UNOI members providing medical care are licensed physicians.

6.     The Demise of UNOI.

61.     In or around September 2011, Jenkins began changing his teaching on key doctrines such as death and free will.  Jenkins said UNOI would "be tested" and that he individually was "going through a testing period."  At the same time, the chain of command of UNOI began to dissipate, and Jenkins moved to Arizona, which he called "the land of peace."

62.     Following this "testing period," Jenkins and other leaders organized The Value Creators entities.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date _____

Endorsement _____

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

63.     Despite the shift in teaching and "testing period," as of the date of the filing of this Complaint, Jenkins remains the leader of The Value Creators.

C.      The Value Creators.

64.     Jenkins and others established The Value Creators as a successor in interest to UNOI.

65.     The Value Creators is effectively UNOI under a different name, and it includes all of the same (or similar) businesses and members.

66.     Upon information and belief, the Value Creators essentially maintains the same doctrines, chain of command structure, "employment" practices, educational mandates, and health care directives the UNOI employed.

II.     Ms. Kendra Ross.

A.      Early Life.

67.     Ms. Ross was born in 1991 in Memphis, Tennessee.

68.     In 1993, at the age of two, Ms. Ross moved to Atlanta, Georgia with her mother. Ms. Ross' mother was introduced to UNOI by the local temple leader shortly after settling in Atlanta. Ms. Ross' mother, and therefore Ms. Ross, joined UNOI around that time.

69.     From age two (2) until age eleven (11), Ms. Ross and her mother were "part time" members of UNOI, meaning they participated in UNOI but lived outside of the organization.

70.     When she was nine (9) years old, Ms. Ross began cooking and packaging food for UNOI fundraisers. All of the proceeds from these fundraisers directly went to the Defendants. Ms. Ross did not receive any compensation for this work.

71.     Ms. Ross attended public school in the Atlanta area through the fifth grade.

B.      Move To Kansas City, Kansas.

16



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
With the Intent and Purpose of Enabling the United States, Trustee
To the Secretary of the Treasury of the United States, Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

72.     In 2002, at the age of eleven, Ms. Ross and her mother moved to Kansas City, Kansas, where they were elevated to "full time" status members of UNOI. Around that time, UNOI commanded Ms. Ross' mother to remove Ms. Ross from public school and to send her to a UNOI-run school. Ms. Ross' mother obeyed the command.

73.     Beginning at age eleven, Ms. Ross was forced to work at a UNOI-run bakery and restaurant for a few hours before school and a full eight-hour shift after school. Ms. Ross received a call from a UNOI Secretary instructing her to work at the bakery. Ms. Ross was also forced to sell baked goods and work at catering events for UNOI. Ms. Ross also worked at a UNOI home (cooking, cleaning, childcare) after working in the bakery.

74.     In 2003, at age twelve, Jenkins ordered Ms. Ross removed from her mother's home, and directed that she be sent to live in a women's household run by UNOI. This household consisted of a few women with young girls, other girls around Ms. Ross' age, and Ms. Ross' sister.

75.     During this time, UNOI commanded Ms. Ross to maintain a strict diet of rice, beans, fruit, and salad. As a result, Ms. Ross became severely malnourished. Ms. Ross was not permitted to see a licensed doctor or otherwise receive medical attention for her malnourishment.

76.     From the age of eleven (11) through the age of fourteen (14), Ms. Ross worked approximately 8,320 hours at the bakery, and approximately 2,080 hours as a maid. The prevailing wages at that time for Kansas City were $11/hour for her bakery services and $9/hour for her cleaning services. Ms. Ross, however, was not compensated for any of this work.

77.     UNOI removed Ms. Ross out of UNOI-run school at the age of fifteen (15) in order to work at a UNOI-owned and operated diner and teach younger UNOI students. At the diner, she prepared and cooked food. UNOI never permitted Ms. Ross to attend any school,

17



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

UNOI or otherwise, after the age of fifteen (15).

78. During a UNOI celebration, Ayesha Mohammad, one of Jenkins' wives, publicly called Ms. Ross and others to gather on a stage and announced where each of the individuals would be shipped for work. Ms. Ross did not have any prior notice of this forced move. Ms. Ross was forced to move to Atlanta within two (2) days of that announcement.

79. Ms. Ross worked approximately 2,000 hours at the diner in 2006 and 2007. The prevailing wages at that time for a diner cook in Kansas City were $12/hour. Ms. Ross was not compensated for any of this work.

C. Move To Atlanta, Georgia.

80. In 2007, at the age of 16, UNOI moved Ms. Ross to Atlanta, Georgia, without her permission. UNOI informed Ms. Ross along with a few other members of their forced move to Atlanta, Georgia at Jenkins' birthday party in Kansas. UNOI called the names of all members who were being forced to move and instructed them to come to the front of the stage, where they met with one of Mr. Jenkins' wives. Ms. Ross was relocated to Atlanta, Georgia a few days after this party.

81. When UNOI moved Ms. Ross to Atlanta, Georgia, Ms. Ross' mother and sister were placed on part-time status and were living together. Ms. Ross' mother did not know that Ms. Ross would be moving to Atlanta.

82. While in Atlanta, Ms. Ross was forced to work full-time in a restaurant owned and operated by UNOI without any pay. Her work consisted of preparing food for the restaurant and baking pies, cakes, and other pastries.

83. While working at the restaurant in Atlanta, Ms. Ross severely cut her finger. She was not given any medical attention except for two band-aids to stop the bleeding.

18



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor

To the Secretary of the Treasury of the United States, Trustee

With the Intent and Purpose of Enabling the Trustee

To Provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS".

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

10/10/2017

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

84. While in Atlanta, Ms. Ross lived in one of Jenkins' family homes with one of Jenkins' wives, one of Jenkins' concubines, the husband and son of the concubine's sister, another couple, and approximately twelve (12) other minors. Jenkins had another home approximately twenty (20) minutes away from the home where Ms. Ross lived, where he consorted with his other wives while he was in town.

85. After Ms. Ross returned home from the restaurant, UNOI forced her to prepare food, cook, and clean for the household of approximately fifteen (15) people. Ms. Ross was never paid for any of this work.

86. UNOI sent Ms. Ross back to Kansas because she did not have the "proper attitude" according to UNOI officials. Ms. Ross was located in Atlanta for four (4) or five (5) months total.

87. During the five (5) months she was in Atlanta, Ms. Ross worked approximately 1,320 hours as a cook at the restaurant, and approximately 308 hours as a house cook and maid. The prevailing wages at that time for Atlanta were $12/hour for her restaurant cooking services and $10/hour for her maid services. Ms. Ross was not compensated for any of this work.

D. <u>Move Back To Kansas City, Kansas.</u>

88. Later that year, UNOI moved Ms. Ross back to Kansas City where she lived in a UNOI home with a few younger women, men, and couples. In this home, Ms. Ross was subjected to physical and emotional abuse by the caretaker of the home. Although she reported several injuries, she was not permitted to access the medical care of a licensed medical professional.

89. Also during this time, Ms. Ross worked at a diner making meals for twenty-five (25) single UNOI men and also provided childcare for the children in the home. Ms. Ross would



In Exclusive Equity

To the Secretary of the Treasury of the United States, Trustee
Returned for Value and Conveyed by Grantor/Settlor
With the Intent and Purpose of Enabling the United States, Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Endorsement:

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

typically arrive at the diner at 8:00 a.m. and work until 5:00 p.m., seven (7) days a week. She also waited tables, but was not permitted to keep her tips. UNOI required that all tips be placed in the cash register. Upon returning to the home, Ms. Ross would clean, cook, and serve everyone until 8:30 p.m. or 9:00 p.m. each night.

90.     Mayesha Jenkins, the granddaughter of Royall Jenkins, called Ms. Ross while she was living in Kansas to tell her that she was moving to Newark, New Jersey. UNOI moved Ms. Ross to New Jersey a few days after she received this phone call.

91.     During her time in Kansas City, Ms. Ross worked approximately 6,552 hours at the diner, and approximately 2,184 hours as a maid. The prevailing wages at that time for Kansas City were $12/hour for her services at the diner and $10/hour for her housemaid and childcare services. Ms. Ross was not compensated for any of this work.

E.     Move To New Jersey and New York.

92.     In April 2005, at the age of seventeen, Defendants forcibly moved Ms. Ross to New Jersey, where she worked in restaurants in Newark, New Jersey and Harlem, New York. Her scope of work included preparing food, grilling, cooking, and waiting tables for the restaurant. She was not permitted to keep her tips and instead UNOI confiscated them.

93.     While working in UNOI restaurants in New Jersey and New York, UNOI leaders expressed concern about government officials discovering minors working at their restaurants. UNOI leaders (specifically, Kaaba Majeed, the National Lieutenant for men) instructed Ms. Ross and others to avoid any child labor investigators and that if the child labor investigation team visited the restaurant, she needed to leave and "take a walk."

94.     In addition to working at UNOI restaurants, Ms. Ross was forced to cook for an entire household of approximately twenty-five (25) UNOI members.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor, To the Secretary of the Treasury of the United States, Trustee With the Intent and Purpose of Enabling the Trustee To Provide a Full Acquittance and Discharge of the Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's 12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National Agent for "ROYALL JENKINS"

95. During her time in New York and New Jersey, Ms. Ross worked approximately 1,820 hours as a cook at the restaurant, and approximately 156 hours as a maid and house cook. The prevailing wages at that time for the New York City area were $14/hour for her bakery services and $12/hour for her cleaning services. Ms. Ross was not compensated for any of this work.

96. While in New Jersey, Maryum Mohammed (a "full time" member of UNOI) reported Ms. Ross to Antoinette Kelly, granddaughter to Royal Jenkins, and said that Ms. Ross did not clean a blender at the restaurant. Ms. Ross received a disciplinary phone call from a UNOI leader for this infraction.

97. UNOI leaders told Ms. Ross that she had to leave New Jersey because she did not have the "right spirit." The next day, UNOI leaders forced Ms. Ross onto a UNOI delivery truck to move.

F. Move To Dayton, Ohio.

98. In 2009, at the age of eighteen (18), UNOI forcibly moved Ms. Ross to Dayton, Ohio. In Dayton, Ms. Ross lived in a group home, then with Jenkins and his family, and later with a UNOI couple who had been demoted to "part-time" status.

99. While living with Jenkins and his family, Ms. Ross was forced to clean the entire home, with the exception of Jenkins' bedroom and bathroom because special permission was required to go into these areas.

100. In Dayton, Ms. Ross worked for another UNOI restaurant. Her duties included preparing food and cooking for the carry-out and community customers. She worked six (6) days per week, beginning at 6:00 a.m. in the morning and at times working as late as 11:00 p.m. Other than Sundays, Ms. Ross never took a single day off work while she was in Dayton.

21



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

101. During her time in Dayton, Ms. Ross worked approximately 2,652 hours at the restaurant, and approximately 78 hours as a maid. The prevailing wages at that time for Dayton were $12/hour for her restaurant cooking services and $10/hour for her cleaning services. Ms. Ross was not compensated for any of this work.

102. While in Dayton, the government issued Ms. Ross a $150 per month food subsidy. Without Ms. Ross's consent, UNOI confiscated Ms. Ross's subsidy for its own use every month she was in Dayton.

G. Probation and Expulsion.

103. In 2009, UNOI demoted Ms. Ross to "part time" status after she refused to drink "bloodroot," a gin-based drink. After Ms. Ross refused to drink "bloodroot," she was reported to Mayesha Jenkins, the granddaughter of Royall Jenkins. Mayesha Jenkins informed her that she had three (3) days to find somewhere else to live, and that she would be placed on "part time" status.

104. Later that same year, UNOI placed Ms. Ross on "away from us indefinitely" status and forcibly moved her to Tennessee, where she lived with her aunt (a non-UNOI member). This was the first time since age two (2) that Ms. Ross lived with an individual who was not a member of UNOI.

H. Coercion Back to UNOI.

105. UNOI ensured Ms. Ross' subservience and silence by severely restricting her movement, communication, and lifestyle. While she was with UNOI, UNOI restrained Ms. Ross through express or implied threats of force and harm if she attempted to leave. Ms. Ross was regularly subjected to humiliating and degrading treatment at UNOI and Royall Family households and UNOI's businesses that made it clear that she was little more than an unpaid



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date _____

Endorsement _____

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

servant or slave in the eyes of UNOI. Ms. Ross also endured verbal abuse and physical abuse at the businesses and households. Indeed, UNOI unlawfully violated Ms. Ross' personal liberty by subjecting her to forms of mental, physical, and economic coercion and cruelty.

106.    During the time Ms. Ross was on "indefinitely away from us" status, UNOI did not allow Ms. Ross to have any contact with her mother, sisters, or friends – all of whom were members of UNOI.  As a result, Ms. Ross was alone because every person in her life from the age of eleven (11) was a member of UNOI.

107.    UNOI obstructed Ms. Ross' communications with her friends and family as a means to coerce and control Ms. Ross into rejoining UNOI. Specifically, UNOI understood that a member who was "away from us" would feel enormous pressure to rejoin UNOI once they entered mainstream American society because the UNOI community was so dissociated from mainstream society.

108.    Feeling that pressure to rejoin the only life she knew, Ms. Ross told leaders of the organization that she "wanted to make her record right with Allah," and had "learned her lesson" in April 2010. UNOI permitted Ms. Ross to move back to Dayton, Ohio, where she lived with her sister and continued to work at a UNOI restaurant without pay.

109.    For the next two (2) years, Ms. Ross worked approximately 10,608 hours at the restaurant, and approximately 312 hours as a maid. The prevailing wages at that time for Dayton were $12/hour for her cooking services and $10/hour for her cleaning services. Ms. Ross, however, was not compensated for any of this work.

I.    Marriage

110.    At age 20, UNOI facilitated a marriage between Ms. Ross and another UNOI member through a psychic doctor who claimed to have unique knowledge of compatibility

23



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States. Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement

10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

among UNOI members.

111.    Ms. Ross' UNOI marriage became official, according to UNOI terms, on October 10, 2011.

112.    Ms. Ross was forced to do all of the cooking, cleaning, and housework in the home she shared with her UNOI husband.

113.    UNOI husbands, including the individual to whom UNOI arranged a marriage with Ms. Ross, regularly practiced polygamy.

114.    Ms. Ross is no longer in a marriage recognized by the Defendants.

115.    Ms. Ross is not, and has never been, in a legal marriage.

J.    Escape From UNOI.

116.    Ms. Ross' painful ordeal ended only with the fracturing of UNOI and guidance of outside family members and non-profit organizations that learned of Ms. Ross' treatment.

117.    Finally, in 2012, at the age of 21, Ms. Ross gathered her courage and strength to escape from UNOI.

118.    In 2014, Ms. Ross was diagnosed with post-traumatic stress disorder ("PTSD") resulting from her trafficking. While she is able to control her PTSD and emotional health with properly-prescribed treatment, she still suffers from the psychological effects of a childhood of trafficking.

119.    Ms. Ross's first became emotionally healthy enough to file this lawsuit in 2017.

120.    Now, Ms. Ross seeks to bring Jenkins and his companies who trafficked her to justice in this Court to seek monetary compensation for approximately 40,000+ hours of forced labor, her pain and suffering of the trafficking and losing her childhood to the Defendants, and to punish the Defendants for their abhorrent and malicious trafficking practices.

**In Exclusive Equity**

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS".

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)



10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Date:

Endorsement:

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

## COUNT I
(Civil Action Under Federal Law for Forced Labor)
(Against All Defendants)

121.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

122.    Defendants knowingly provided or obtained the labor or services of Ms. Ross by means of force, threats of force, physical restraint, or threats of physical restraint to Ms. Ross.

123.    Defendants knowingly provided or obtained the labor or services of Ms. Ross by means of serious harm or threats of serious harm to Ms. Ross.

124.    Defendants knowingly provided or obtained the labor or services of Ms. Ross by means of a scheme, plan, or pattern intended to cause Ms. Ross to believe that, if she did not perform such labor or services, she would suffer serious harm or physical restraint.

125.    Defendants knowingly benefitted financially and/or by receiving anything of value from participating in a venture which has engaged in the providing or obtaining of forced labor or services by any of the means described herein, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of forced labor or services by any of such means.

126.    As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for which she should be compensated in the amount of $451,196, or any other amount to be determined at trial.

127.    As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of $2,250,000, or any other amount to be determined at trial.

128.    Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor

To the Secretary of the Treasury of the United States, Trustee

With the Intent and Purpose of Enabling the Trustee

To Provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

129.     Pursuant to 18 U.S.C. § 1595, Ms. Ross is entitled to recover damages and reasonable attorney's fees for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count I and award her at least $7,701,196 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

## COUNT II
### (Civil Action Under Federal Law for Trafficking)
### (Against All Defendants)

130.     Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

131.     Defendants knowingly recruited, harbored, transported, provided, and/or obtained by any means, Ms. Ross for her labor or services in violation of 18 U.S.C. §§ 1981 et seq.

132.     Defendants knowingly benefitted financially and/or by receiving anything of value from participating in a venture which has engaged in the trafficking of forced labor by any of the means described herein, knowing or in reckless disregard of the fact that the venture has engaged in the trafficking of forced labor or services by any of such means.

133.     As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for which she should be compensated in the amount of $451,196, or any other amount to be determined at trial.

134.     As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of $2,250,000, or any other amount to be determined at trial.

135.     Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.

136.     Pursuant to 18 U.S.C. § 1595, Ms. Ross is entitled to recover damages and



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: 10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

reasonable attorney's fees for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count II and award her at least $7,701,196 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

**COUNT III**
(Civil Action Under Kansas Law for Victims of Human Trafficking)
(Against All Defendants)

137.   Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

138.   Defendants intentionally recruited, harbored, transported, and obtained Ms. Ross for labor or services through the use of force, fraud, or coercion for the purpose of subjecting Ms. Ross to involuntary servitude and/or forced labor.

139.   Defendants intentionally benefitted financially through participation in a human trafficking venture involving Ms. Ross and had reason to know that Ms. Ross was subjected to involuntary servitude and forced labor.

140.   Defendants knowingly coerced Ms. Ross' employment by obtaining or maintaining labor or services by causing or threatening to cause physical injury to any person; and threatening to withhold food, lodging, or clothing.

141.   Ms. Ross has suffered both personal and psychological injury as a result of Defendants' trafficking and forced labor operation.

142.   As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for which she should be compensated in the amount of $241,904, or any other amount to be determined at trial.

143.   As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor

To the Secretary of the Treasury of the United States, Trustee

With the Intent and Purpose of Enabling the Trustee

To Provide a Full Acquittance and Discharge of the

Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's

12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National

Agent for "ROYALL JENKINS"

$1,200,000, or any other amount to be determined at trial.

144. Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.

145. Pursuant to K.S.A. §§ 60-2003(a)-(b), Ms. Ross is entitled to recover damages and reasonable attorney's fees for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count III and award her at least $6,441,904 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT IV
(Civil Action for Violation of Kansas Minimum Wage and Overtime Law)
Against All Defendants

146. Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

147. Kansas law at the relevant time required Defendants to pay Ms. Ross at the minimum wage of $7.25 per hour.

148. Defendants knowingly and willfully failed and refused to pay Ms. Ross the minimum wage required under Kansas law for the hours worked and services provided for Defendants by Ms. Ross while she worked in Kansas for Defendants.

149. Defendants knowingly and willfully required or permitted Ms. Ross to work in violation of these standards, and knowingly and willfully failed and refused to pay Ms. Ross wages for overtime hours worked as required under Kansas law.

150. Defendants have failed to keep adequate employment records and have not properly or adequately recorded Ms. Ross' hours worked.

151. Defendants knowingly and willfully failed and refused to provide Ms. Ross with rest breaks and meal periods as required by Kansas law.

28



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: 10/10/2017

Endorsement

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

152.     Defendants' willful failure to pay Ms. Ross the overtime premiums required by law violates the overtime provisions of K.S.A. §§ 44-1202 *et. seq.*

153.     Defendants' failure to pay Ms. Ross minimum wages and overtime premiums was not in good faith, and Defendants had no reasonable grounds for believing that their failure to pay such wages and overtime premiums was not a violation of Kansas law.

154.     Ms. Ross is entitled to recover all unpaid minimum and/or overtime wages to which she is entitled, plus interest and attorney's fees and costs incurred in bringing the civil action. Ms. Ross is also entitled to liquidated damages in an amount equal to the minimum wages unlawfully not paid to her by Defendants and interest thereon.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count 16 and award her at least $315,100 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT V
(Civil Action Under New York Law for Victims of Labor Trafficking)
(Against all Defendants)

155.     Ms. Ross incorporates paragraphs 1 through 120 above as if fully set forth herein.

156.     Defendants compelled and/or induced Ms. Ross to engage in labor or recruited, enticed, harbored, and/or transported Ms. Ross by means of intentionally requiring that the labor be performed to retire, repay, or service a real or purported debt that Defendants have caused by a systematic ongoing course of conduct with an intent to defraud Ms. Ross.

157.     Defendants compelled and/or induced Ms. Ross to engage in labor and/or recruited, enticed, harbored, and/or transported Ms. Ross by means of intentionally using force and/or engaging in any scheme, plan or pattern to compel and/or induce Ms. Ross to engage in and/or continue to engage in labor activity by means of instilling a fear in such person that, if the



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:
Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

demand is not complied with, Defendants would do one or more of the following:

    a.    Cause physical injury, serious physical injury, or death to a person; and/or

    b.    Engage in other conduct constituting a felony or unlawful imprisonment in the second degree in violation of N.Y. Penal Code § 135.05; and/or

    c.    Expose a secret or publicize an asserted fact, whether true or false, tending to subject Ms. Ross to hatred, contempt, or ridicule.

158.    As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for which she should be compensated in the amount of $13,676, or any other amount to be determined at trial.

159.    As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of $65,000, or any other amount to be determined at trial.

160.    Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.

161.    Pursuant to N.Y. Social Services Code § 483-bb(c), Ms. Ross is entitled to recover damages and reasonable attorney's fees for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count V and award her at least $5,078,676 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT VI
(Civil Action for Violation of New York Minimum Wage Law)
(Against All Defendants)

162.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

163.    New York law at that time required Defendants to pay Ms. Ross at the minimum

30



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS", the

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: _____

Endorsement: _____

10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

wage of $7.15 per hour.

164.    Defendants paid Ms. Ross less than the legal minimum wage prevailing at the time Defendants forced Ms. Ross to work in New York.

165.    Defendants' failure to pay Ms. Ross minimum wages was not in good faith, and Defendants had no reasonable grounds for believing that their failure to pay such wages and overtime premiums was not a violation of New York law.

166.    Pursuant to N.Y. Labor Code § 665(1), Ms. Ross should recover all unpaid minimum wages to which she is entitled, plus 100% of the unpaid wages as liquidated damages, plus pre-judgment interest and attorney's fees and costs incurred in bringing the civil action.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count VI and award her at least $28,270 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT VII
(Civil Action Under New Jersey Law for Victims of Human Trafficking)
(Against All Defendants)

167.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

168.    Defendants knowingly held, recruited, lured, enticed, harbored, transported, provided or obtained labor and/or services:

    a.    by causing or threatening to cause serious bodily harm and/or physical restraint against Ms. Ross;

    b.    by means of scheme, plan, and/or pattern intended to cause Ms. Ross to believe that she would suffer serious bodily harm or physical restraint; and/or

    c.    by means of fraud, deceit, and/or misrepresentation against Ms. Ross.

31



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

169. Defendants received value from their participation as organizers, supervisors, financiers, and/or managers in a scheme or course of conduct in violation of New Jersey human trafficking law.

170. As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for which she should be compensated in the amount of $13,676, or any other amount to be determined at trial.

171. As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of $65,000, or any other amount to be determined at trial.

172. Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.

173. Pursuant to N.J. Stat. § 2C:13-8.1, Ms. Ross is entitled to recover damages for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count VII and award her at least $5,078,676 plus pre-judgment interest.

COUNT IX
(Civil Action Under New Jersey to Recover Amount of Minimum Wage)
(Against All Defendants)

174. Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

175. New Jersey law at that time required Defendants to pay Ms. Ross at the minimum wage of $7.25 per hour.

176. Defendants refused to pay Ms. Ross the minimum and overtime wages required under New Jersey law for the hours worked and services provided for Defendants by Ms. Ross while she worked in New Jersey for Defendants.



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

177.   Defendants' failure to pay Ms. Ross minimum wages and overtime premiums was not in good faith, and Defendants had no reasonable grounds for believing that their failure to pay such wages and overtime premiums was not a violation of New Jersey law.

178.   Pursuant to N.J. Stat. § 34:11-56a25, Ms. Ross is entitled to recover all unpaid minimum and/or overtime wages to which she is entitled, plus interest and attorney's fees and costs incurred in bringing the civil action.

WHEREFORE, Ms. Ross respectfully requests that the Court enter judgment against Defendants on Count IX and award her at least $4,326, plus post-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT X
(Civil Action Under Ohio Law for Victims of Human Trafficking)
(Against All Defendants)

179.   Ms. Ross incorporates paragraphs 1 through 120 above as if fully set forth herein.

180.   Defendants knowingly and/or knowingly attempted to recruit, lure, entice, isolate, harbor, transport, provide, obtain, and/or maintain Ms. Ross, and:

a.   Defendants knew that Ms. Ross would be subjected to involuntary servitude;

b.   Ms. Ross was seventeen (17) years of age at the time, and Defendants knew that Ms. Ross would be subjected to involuntary servitude and/or Defendants' knowing and/or knowing attempt at recruitment, luring, enticement, isolation, harboring, transportation, provision, obtaining, and/or maintenance of Ms. Ross was for the purpose of involuntary servitude.

181.   Ms. Ross has suffered both personal and psychological injury as a result of Defendants' trafficking and forced labor operation.

182.   As a result of Defendants' conduct, Ms. Ross has suffered economic damages, for

33



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 213.42-0236

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date.

Endorsement.

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National;
Agent for "ROYALL JENKINS"

which she should be compensated in the amount of $163,020, or any other amount to be determined at trial.

183.    As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and physical pain and suffering, for which she should be compensated in the amount of $815,000, or any other amount to be determined at trial.

184.    Defendants' conduct warrants the Court's imposition of $5,000,000 in punitive damages against Defendants.

185.    Pursuant to Ohio Rev. Code § 2307.61, Ms. Ross is entitled to recover damages for Defendants' wrongful conduct.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count X and award her at least $5,978,020, plus pre-judgment interest.

COUNT XI
(Civil Action for Violation of Ohio Minimum Wage and Overtime Law)
(Against All Defendants)

186.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

187.    Ohio law at that time required Defendants to pay Ms. Ross the minimum wage of $7.30 per hour.

188.    Defendants refused to pay Ms. Ross the minimum and overtime wages required under Ohio law for the hours worked and services provided for Defendants by Ms. Ross while she worked in Ohio for Defendants.

189.    Ms. Ross was not permitted to receive any tips for her work.

190.    The corporate Defendants are not family-owned and/or operated businesses.

191.    Defendants' failure to pay Ms. Ross minimum wages and overtime premiums was not in good faith, and Defendants had no reasonable grounds for believing that their failure to



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

pay such wages and overtime premiums was not a violation of Ohio law.

192.     Pursuant to Ohio Rev. Code § 4111.10, Ms. Ross is entitled to recover all unpaid minimum and/or overtime wages to which she is entitled, plus interest and attorney's fees and costs incurred in bringing the civil action. Ms. Ross is also entitled to liquidated damages in an amount equal to the minimum wages unlawfully not paid to her by Defendants and interest thereon.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XI and award her at least $99,280, plus prejudgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XII

(Violation of the Federal Fair Labor Standards Act)

(Against All Defendants)

193.     Ms. Ross incorporates Paragraphs 1 through 126 above as if fully set forth herein.

194.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* provides that an employee employed in domestic service in a household shall be paid the minimum wage as required by law.

195.     Ms. Ross provided services on a daily and weekly basis for Defendants, so that at all relevant times each of the Defendants was a single employer or joint employer of Ms. Ross within the meaning of the 29 U.S.C. § 203(d).  Defendants never paid Ms. Ross the minimum wage for the services that she provided to them.

196.     Defendants have violated 29 U.S.C. § 206 by failing to pay Ms. Ross the applicable minimum wage for every compensable hour of labor she performed.

197.     Defendants have violated 29 U.S.C. § 207 by failing to pay Ms. Ross the applicable overtime wages for every compensable hour of labor she performed.

35



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

10/10/2017

Royall Jenkins, Grantor/Settlor/Beneficiary

Endorsement:

Date:

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

198.    Defendants have violated 29 U.S.C. § 211(c) by failing to make, keep, and preserve specific employment-related records, including records of their employees and of the wages, hours, and other conditions and practices of employment maintained by Defendants. Defendants have not accurately recorded the actual number of hours that each employee works. Defendants have failed to keep adequate employment records and have not properly or adequately recorded Ms. Ross' hours worked during her employment.

199.    Pursuant to 29 U.S.C. § 216(b), Ms. Ross is entitled to recover all unpaid wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs in amounts to be proven at trial.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XII and award her at least $565,300, plus prejudgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XIII
(Civil Action for Violation of Federal Racketeer Influenced and Corrupt Organizations Act)
(Against All Defendants)

200.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

201.    The Defendants are associated in fact and an "enterprise" within the meaning of 18.U.S.C. § 1961(4). At all relevant times as described in this Complaint, Defendants have been in an ongoing association for the purpose of executing essential aspects of the criminal worker exploitation scheme.

202.    Defendants, as an enterprise, have been engaged in the pattern and practice of human trafficking and forced labor as described in this Complaint in violation of, among other laws, 18 U.S.C. §§ 1589 & 1590.

203.    The predicate acts of criminal racketeering activity as described in this Complaint



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS",

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

constitute a "pattern of racketeering activity" as defined 18 U.S.C. § 1961(5). Defendants repeatedly committed the RICO predicate act of human trafficking and forced labor.

204.    Such acts of racketeering activity have been part of Defendants' regular way of doing business through the enterprise at least from 1978 through the present and therefore show a threat of continued criminal activity.

205.    Ms. Ross is a "person" with standing to sue within the meaning of 18 U.S.C. § 1964(c) because Defendants trafficked her around the United States and forced her to perform labor and services without compensation from eleven (11) through twenty (20).

206.    Ms. Ross was economically injured in the amount of $51,196 as a result of Defendants' racketeering practices.

207.    Defendants regularly moved goods and people across state lines and therefore were engaged in interstate commerce.

208.    Pursuant to 18 U.S.C. § 1964(c), Ms. Ross is entitled to threefold the damages she sustained and the cost of the suit, plus a reasonable attorney's fee.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XIII and award her at least $153,588 plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XIV
(Conversion)
(Against All Defendants)

209.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

210.    Ms. Ross owned and had the right to possess her government-issued subsidies.

211.    Defendants converted Ms. Ross' government issued subsidies by wrongful act inconsistent with the property rights of Ms. Ross.

37



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

212.    As a direct and proximate result of Defendants' conversion of Ms. Ross's government subsidies, Ms. Ross has been damaged in the amount of $5,400.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XIV and award her at least $5,400, plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XV
(Unjust Enrichment)
(Against All Defendants)

213.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

214.    Ms. Ross conferred a benefit on Defendants by performing labor and services for Defendants as described in this Complaint.

215.    Defendants were aware of the benefit conferred upon them by Ms. Ross.

216.    Defendants retained that benefit without compensating Ms. Ross for the benefit she conferred on Defendants.

217.    Defendants' retention of the benefits Ms. Ross conferred on them without compensating Ms. Ross is inequitable and unjust.

218.    The value of the benefit conferred on Defendants is approximately $451,196.

219.    Ms. Ross is entitled to recover $451,196 from Defendants as a remedy for their unjust enrichment.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XV and award her at least $451,196, plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XVI
(Intentional Infliction of Emotional Distress)
(Against All Defendants)

38

In Exclusive Equity

To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS".

Returned for Value and Conveyed by Grantor/Settlor

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

220.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

221.    Defendants acted intentionally and/or recklessly in subjecting her to a culture that trafficked her and forced her to work without compensation.

222.    Defendants' conduct in human trafficking and forced labor is extreme and outrageous.

223.    Defendants' conduct caused Ms. Ross severe emotional distress.   Specifically, Defendants' conduct has caused Ms. Ross to suffer from Post-Traumatic Stress Disorder.

224.    As a result of Defendants' conduct, Ms. Ross has suffered significant emotional and pain and suffering, for which she should be compensated in the amount of $2,250,000, or any other amount to be determined at trial.

WHEREFORE, Ms. Ross respectfully requests that the Court enter judgment against Defendants on Count XVI and award her at least $2,250,000, plus prejudgment interest and all attorney's fees incurred in prosecuting this action.

COUNT XVII
(Negligent Infliction of Emotional Distress)
(Against All Defendants)

225.    Ms. Ross incorporates Paragraphs 1 through 120 above as if fully set forth herein.

226.    Defendants acted negligently and/or carelessly in subjecting her to a culture that trafficked her and forced her to work without compensation.

227.    Defendants' conduct in human trafficking and forced labor is extreme and outrageous.

228.    Defendants' conduct caused Ms. Ross severe emotional distress.   Specifically, Defendants' conduct has caused Ms. Ross to suffer from Post-Traumatic Stress Disorder.

229.    As a result of Defendants' conduct, Ms. Ross has suffered significant emotional



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date:

10/10/2017

Endorsement:

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

and pain and suffering, for which she should be compensated in the amount of $2,250,000, or any other amount to be determined at trial.

WHEREFORE, Ms. Ross respectfully requests that this Court enter judgment against Defendants on Count XVII and award her at least $2,250,000, plus pre-judgment interest and all attorney's fees incurred in prosecuting this action.

<u>JURY TRIAL DEMAND</u>

Ms. Ross hereby demands a jury trial on all issues so triable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Kendra Ross respectfully demands judgment in her favor, and against Defendants Royall Jenkins; The Value Creators, Inc.; The Value Creators LLC; and The Value Creators Inc., as follows:

(1) Compensatory and special damages in an amount to be proven at trial;

(2) Unpaid wages, including minimum wages and overtime premiums, in an amount to be proven at trial;

(3) Statutory penalties and liquidated damages according to proof at time of trial;

(4) Punitive and exemplary damages in an amount according to proof at the time of trial;

(5) Pre- and post- judgment interest;

(6) Reasonable attorney's fees and costs; and

(7) Such other and further relief as the Court deems just and proper.

Dated: September 14, 2017                    Respectfully submitted,

                                             s/ **KENDRA ROSS**

                                             *By Counsel*



In Exclusive Equity

Returned for value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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
In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: _____

Endorsement: _____

Royall Jenkins, Grantor/Settlor/Beneficiary

10/10/2017

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

_/s Gillian Chadwick_
Gillian Chadwick, Bar No. 27361
Supervising Attorney
Washburn Law Clinic
Washburn University School of Law
Topeka, Kansas 66621
785/670-1191
gillian.chadwick@washburn.edu

**PRO HAC VICE APPLICATION FILED
ON SEPTEMBER 14, 2017:**

Elizabeth A. Hutson, Esq. (D.C. Bar No. 1024845)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 20006
Tel:  (202) 857-1700
Fax:  (202) 828-2973
E-mail:  ehutson@mcguirewoods.com





In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date

10/10/2017

Endorsement

Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

## VERIFICATION

I, Kendra Ross, am the plaintiff in the above-captioned action. I am and have been a resident and citizen of the United States of America since my birth. I am twenty-six (26) years old and am of sound mind and body to make this verification. I have read the foregoing Complaint, and fully understand the factual allegations, and also understand the legal claims I am asserting in this action. I verify under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2017



Kendra Ross



In Exclusive Equity

Returned for Value and Conveyed by Grantor/Settlor
To the Secretary of the Treasury of the United States, Trustee
With the Intent and Purpose of Enabling the Trustee
To Provide a Full Acquittance and Discharge of the
Attached Obligation of "ROYALL JENKINS"

Special Trust Account No. 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

In the Spirit and Intent of Trustee's
12 USC 95a(2) and 50 USC App. 5(b)(2)

Date: _____ 10/10/2017

Endorsement: _____
Royall Jenkins, Grantor/Settlor/Beneficiary

Pre-1933 Private Citizen of the United States, American National
Agent for "ROYALL JENKINS"

# Non-Negotiable Charge-Back /Setoff

In Fulfillment of 12 USC § 95a (2), 95 b(2) and 50 USC § App. 5(b)(2)
*nunc pro tunc*

Secretary, **Steven Mnuchin**

Whereas, **ROYALL JENKINS-Estate**, Ex Rel  [**ROYALL JENKINS**],  accept for value all related
endorsements, both front and back, upon a proof of authentic title claim in equity, in accordance with UCC
3-419 and H.J.R. 192.
Whereas I, **Royall Jenkins**, Grantee, Settlor, do hereby transfer and authorize the Offeror of this
constructive Trust Contract to My Account and charge and tender the same sum said amount of this
account #**2:17-CV-02547-DDC-TJJ** to: **The United States Treasury**

U.S. Government Contract  #**\*\*\*-\*\*0226**  for the registration fees
and command the memory of account number #**\*\*\*-\*\*-02264**  to charge the
same to the debtor's order or to your order.

Account Invoice Number #**2:17-CV-02547-DDC-TJJ**

Value -$ **7,701,196.00 Plus pre-judgement and Attorney's fees**

Adjusted Value -$ **0**

Employers Identification Number: **\*\*\*-\*\*-0226**
**Usufruct Bond No. 139-42-001633**
Prepaid - Preferred Stock
Priority - Exempt from Lien/Levy

Royall Jenkins
**Authorized Signature**

10/10/2017

**Date**

October 10, 2017

# Non-Negotiable Charge-Back /Setoff

**Kendra Ross,**
**Gillian Chadwick,** Bar N0. 27361
WASHBURN LAW CLINIC,
WASHBURN UNIVERSITY SCHOOL OF LAW
TOPEKA, KANSAS 66621

## NOTICE OF REQUEST

## ACCEPTED and RETURN FOR VALUE
## EXEMPT FROM LEVY

Dear **Offeror: Kendra Ross,** Grantor

Regarding the Offer in this Constructive Trust Contract your involvement in Invoice No. **2:17-CV-02547-DDC-TJJ,** see copy enclosed, please provide me with a copy of the Fiduciary Tax Estimate and the Fiduciary Tax Return and or Authentic Bona Fide Department of the Treasury **Appropriation Warrant,** Issued from The United States Treasury **TFS Form 6200,** Treasury Department Appropriation Act, 1979 covering this matter. Since the account is accepted and returned for value and consideration by me and is EXEMPT FROM LEVY, the same is prepaid. Copies of the Fiduciary Tax Estimate and Fiduciary Tax Return will help me to discover who is delinquent and making other claims since this account is prepaid and has exempt priority.

Please provide the information and release the Order/Property to me immediately.

Until then, I am

Very truly yours,

*Royall Jenkins*

**ROYALL JENKINS** Estate
Atten: **Royall Jenkins**, Grantee, Settlor
Nonresident/ Non-Domestic
First Class, U.S. Delivery
Care of 2111 North 10th Street
near [66104-9998]
Kansas City, Kansas state

Identification No. **\*\*\*-\*\*-0226**
**Usufruct Bond No. 139-42-001633**

# AFFIDAVIT OF NOTARY PRESENTMENT

On the day of **October 10, 2017** A.D., **Royall Jenkins,** Grantee, Settlor for The **"ROYALL JENKINS-ESTATE",** Ex Rel **[ROYALL JENKINS]** a Living, Live, Sentient, Man, swore out And Grantee, Settlor Order Notice with this affidavit.

Further Affiant Saith Naught.
Authorized Representative

By: _Royall Jenkins_
As good as Avail

On **October 10, 2017** The Living, Live, **Authorized Representative**, for The **"ROYALL JENKINS-ESTATE",** Ex Rel **[ROYALL JENKINS]**", Personally appeared before me,_**Jacqueline Punch**___ , a notary public in State of: **KANSAS** County of: **WYANDOTTE** ___ , with the following documents listed below:

## MOTION FOR WRIT OF CERTIORARI

PLUS ANY AND ALL OTHER ATTACHED SUPPORTING DOCUMENTS NOT MENTIONED.

___Jacqueline Punch___
Notary Print Name

Notary Signature

My commission expires ___'0 - 5 - 2021___

Notary Seal

JACQUELINE PUNCH
Notary Public – State of Kansas
My Appointment Expires _____

**CERTIFICATE OF SERVICE**

(For Pro Se Filers Who Are Not Registered Electronic Users)

I hereby certify that on   **10/10/2017**   , I served the foregoing document by depositing a true and

(Date)

correct copy of the document in the U.S. Mail, postage prepaid, addressed to the following:

Gillian Chadwick
Washburn Law Clinic
Washburn University School of Law
Topeka, Kansas 66621

*[for represented parties list the name and address of attorney(s) for each party; for unrepresented parties list*

*the name and address of each party]*

s/ *Royall Jenkins*

Name  Royall Jenkins

Address  2111 N. 10th Street

Kansas City, KS  66104

Phone Number  (913) 787-4778

Email Address  ephraimwoods13@gmail.com

~5~