## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENDRA ROSS,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**ROYALL JENKINS, et al.,**<br><br>  **Defendants.** | Case No. 17-2547-DDC-TJJ |

### MEMORANDUM AND ORDER

Plaintiff Kendra Ross asks the court to redact portions of the transcript of the February 2, 2018 hearing conducted on plaintiff's default judgment motion. Doc. 37. None of the defendants have responded to plaintiff's request, and the time to do so has passed. *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days."); *see also* Doc. 37 (showing plaintiff filed her Motion to Redact Transcript on March 30, 2018).

This case arises from plaintiff's allegations that defendants committed many atrocities against her, including human trafficking and forced labor. According to her allegations and testimony at the February 2, 2018 hearing, plaintiff escaped from this treatment when she was 21 years old—after more than a decade of abuse. Throughout this case, plaintiff has taken actions to keep her location confidential. These actions include keeping her therapist's name confidential. She says she takes these actions—*i.e.*, requesting to redact her therapist's name from the February 2, 2018 hearing transcript—to ensure that she can "continue treatment and healing without further abuse or harassment at the hands of Defendants." Doc. 37 at 3.

The Supreme Court has recognized the American public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But the right to inspect and copy judicial records is not absolute. *Id.* "All courts have supervisory powers over their own records and files." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citing *Nixon*, 435 U.S. at 598). Thus, a court, in its discretion, may redact a transcript "if the public's right of access is outweighed by competing interests." *Id.* (citation omitted).

Here, the public's right to access plaintiff's location or her therapist's name is significantly outweighed by plaintiff's right to be free from abuse and harassment by defendants. Also, the restrictions sought by plaintiff's motion are minimal. It asks the court to redact—partially—just 11 lines from a 50-page transcript.

Plaintiff's motion complies with the standards adopted in *Nixon* and *Hickey*. The court thus grants this motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Redact Transcript (Doc. 37) is granted. Court Reporter Kim Greiner is ordered to redact plaintiff's therapist's name from the following lines of the February 2, 2018 hearing transcript (Doc. 35): 2:5; 15:9; 33:22, 24; 34:1, 9–11; 37:7; 42:20; and 43:19.

**IT IS SO ORDERED.**

**Dated this 25th day of April, 2018, at Topeka, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**