IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRA ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 17-cv-2547-DDC-TJJ |
| | ) |
| ROYALL JENKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Appointment of Counsel (ECF No. 43) filed by *pro se* Defendant Royall Jenkins, who requests that the Court appoint a lawyer to represent him in this case. He states he has made efforts to find a lawyer to represent him, but has been unable to obtain their services. He has attached an affidavit in support of his request for appointment of counsel.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a civil litigant, either plaintiff or defendant, has no right to appointment of counsel.[1] Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent *any person* unable to afford counsel."[2] The Tenth Circuit has set forth several factors the district court may consider in determining whether to appoint counsel under the *in forma pauperis* statute. Those factors are: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] 28 U.S.C. § 1915(e)(1) (emphasis added).

his/her claims, and (4) the complexity of the legal issues raised by the claims.[3]  Although the first factor may appear more applicable to civil plaintiffs, the rest of the factors can be applied to a defendant's request for appointment of counsel.  This is consistent with other cases that have considered whether to appoint counsel for a civil defendant under 28 U.S.C. § 1915(e)(1).  In *Parker v. Parker*, the court considered the defendant's ability to comprehend, investigate, and present his case, the complexity of relevant legal issues, and the defendant's ability to retain his own counsel.[4]  In another case, *Waller v. Butkovich*,[5] the court considered a request for appointment of counsel by a group of *pro se* defendants.  The court looked to the capacity of the defendants to present their defense, and the nature and complexity of the factual issues raised in the case.  The court in *Thompson v. Lopatriello*[6] noted that the traditional factors used in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1) were not as meaningful when applied to civil defendants.  It instead examined the ability of the defendant to present a defense.  In all of these civil cases, the court denied the request of the *pro se* defendant for the appointment of counsel.  Appointment of counsel for a civil defendant under 28 U.S.C. § 1915(e)(1) thus appears to be rare.

---

[3] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *See Parker v. Parker*, No. 4:07-CV-00074, 2008 WL 697416, at *2 (E.D. Mo. Mar. 13, 2008) ("[P]ursuant to 28 U.S.C. § 1915(d) (2000), a court has broad discretion to appoint counsel to represent an indigent defendant, and may consider several factors in that vein, i.e. the party's ability to comprehend, investigate, and present his case; the complexity of relevant legal issues; and the party's ability to retain his own counsel.").

[5] 584 F. Supp. 909, 947 (M.D. N.C. 1984).

[6] No. 2:06 cv 680 PGC, 2007 WL 582710, at *1 (D. Utah Feb. 21, 2007).

Based upon a review of the Affidavit of Financial Status Defendant Jenkins submitted with his motion, the Court finds he has made a threshold showing that he cannot afford to pay for counsel.  This, however, does not automatically entitle him to the appointment of counsel.[7]  Once the Court finds that the requesting party cannot afford counsel, it then considers whether other circumstances warrant the appointment of counsel.  In this civil case the requesting party is a defendant.  The Court will consider his ability to comprehend, investigate, and present his defense, as well as the nature and complexity of the factual and legal issues raised in the case.

Defendant also attached an affidavit to his motion signed by Ephraim Woods, Jr., which contains a request that if the Court does not appoint counsel for Defendant Jenkins, Mr. Woods be given "permission to administer all future proceedings (if deemed necessary) Pro Se."  The statute does not contemplate and the law does not otherwise allow appointment of anyone who is not a lawyer to represent another person.

Considering the motion under these factors, the Court finds that the request for counsel should be denied. The Court finds no factual basis, either from the motion itself or otherwise, to support a finding that Defendant Jenkins lacks sufficient ability to comprehend, investigate, and present his own defense.

IT IS THEREFORE ORDERED that Defendant Jenkins' Motion for Appointment of Counsel (ECF No. 43) is denied.

---

[7] *See id.* (holding that a party granted *in forma pauperis* status is not automatically entitled to appointed counsel under 28 U.S.C. § 1915(e)(1)).  *See also* 28 U.S.C. § 1915(e)(1) ("[t]he court *may request* an attorney to represent . . .") (emphasis added).

Dated in Kansas City, Kansas on this 26th day of June, 2018.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge

4