**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KENDRA ROSS, | ) | |
| | ) | |
| *Plaintiff/Judgment Creditor*, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-02547-DDC-TJJ |
| | ) | |
| ROYALL JENKINS, et al., | ) | |
| | ) | |
| *Defendants/Judgment Debtors*. | ) | |

**JUDGMENT CREDITOR'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**
**WHY JUDGMENT DEBTORS SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Judgment Creditor, Ms. Kendra Ross, by counsel, and pursuant to Federal Rule of Civil Procedure 37, Local Civil Rule 37.2, and 18 U.S.C. § 401 hereby submits this Memorandum in Support of her Motion for an Order to Show Cause why Judgment Debtors should not be held in contempt (the "Motion") against Judgment Debtors Royall Jenkins ("Jenkins"), The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc. (collectively, the "Corporate Defendants" and, together with Jenkins, "Judgment Debtors") for violating this Court's August 30, 2018 Order compelling responses to Judgment Creditor's First Set of Post-Judgment Interrogatories and Requests for Production of Documents ("the Discovery").

## INTRODUCTION

On August 30, 2018, this Court granted Judgment Creditor's Motion to Compel Discovery, requiring a response by September 10, 2018. *See* Dkt. No. 78. Judgment Debtors have once again ignored this Court's Order and have failed to respond to Judgment Creditor's attempts to communicate about the Discovery. Judgment Debtors' continued refusal to comply with this

Court's Orders prejudices Judgment Creditor's ability to execute on this Court's Judgment. Therefore, Judgment Creditor moves this Court to issue an Order to Show Cause, which requires Judgment Debtors to appear in person to show cause why they should not be held in contempt.

## RELEVANT FACTUAL BACKGROUND

This Court entered Judgment against Judgment Debtors on May 23, 2018. *See* Dkt. No. 41. The Judgment was in the amount of $7,938,546.30, plus an award of $117,184.34 in attorneys' fees, plus applicable interest. *See* Dkt. No. 41. This Judgment remains unsatisfied, and Judgment Creditor is without sufficient knowledge of Judgment Debtors' assets to advise the sheriff where and on what to levy execution.

Judgment Creditor served the Discovery on Judgment Debtors in an effort to identify Judgment Debtors' assets on July 10, 2018. *See* Dkt. No. 71, Exhibit A (Judgment Creditor's First Set of Post-Judgment Interrogatories and First Set of Post-Judgment Document Requests). Pursuant to Federal Rules of Civil Procedure 6(a)(2)(C), 6(d), 33(b)(2), and 34(b)(2)(A), Judgment Debtors were required to serve their answers on or before August 13, 2018.

On August 14, 2018, counsel for Judgment Creditor sent Judgment Debtors a letter via overnight delivery, reminding them of their obligations to respond to the discovery and requesting that they respond to the Discovery by the close of business on August 16, 2018. *See* Dkt. No. 71, Exhibit B (Aug. 14, 2018 Letter from E. Hutson to Judgment Debtors). Counsel for Judgment Creditor also e-mailed and attempted to call Jenkins and Ephraim Woods[1] with the same request. *See* Dkt. No. 71, Exhibit C (Aug. 14, 2018 E-Mail from E. Hutson to R. Jenkins and E. Woods). The letter was not returned and the email did not bounce back, thus both were delivered. Despite

[1] Ephraim Woods holds a Director/CEO position with the Corporate Defendants and provided his contact information, including an email address, in a prior pleading. *See* Dkt. Nos. 42, 43.

these reminders and attempted reminders, Judgment Debtors did not respond to the Discovery.

On August 30, 2018, this Court entered an Order requiring Judgment Debtors to respond to the Discovery by September 10, 2018. *See* Dkt. No. 78. On September 11, 2018, Judgment Creditor sent Judgment Debtors a letter via overnight delivery, attaching the Court's Order compelling the Discovery, and reminding them of their obligations under the Order as well as Judgment Creditor's intent to request that this Court hold Judgment Debtors in contempt for their failure to comply. *See* **Exhibit A** (Sept. 11, 2018 Letter from E. Hutson to Judgment Debtors). On the same day, counsel for Judgment Creditor attempted to call Royall Jenkins at 913-314-0299 and left a message regarding Judgment Debtors' violation of this Court's Order.[2]

The Judgment Debtors have failed to comply with this Court's Order. Accordingly, Judgment Creditor now moves the Court to hold Judgment Debtors in contempt.

**ARGUMENT**

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). Courts also have statutory contempt powers under 18 U.S.C. § 401, which states:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority and no other, as. . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Federal Rule of Civil Procedure 37(b)(2)(vii) also allows the Court to treat the "failure to obey any order" as contempt. *See* FED. R. CIV. P. 37(b)(2)(vii).

Civil contempt, which the Judgment Creditor seeks in this case, is a remedial or coercive device intended to achieve full compliance with a court order or to compensate the party injured

[2] These steps comply with Fed. R. Civ. P. 37(a)(1)(B) and D. Kan. L.R. 37.2.

by the failure to comply. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994); *FTC v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004); *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998). To support a finding of civil contempt, Judgment Creditors must show, by clear and convincing evidence, that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *See Reliance,* 159 F.3d at 1315. Once Judgment Creditor has met its initial burden, the burden shifts to the Judgment Debtor to come forward with evidence showing "categorically and in detail" why he should not be held in contempt. *United States v. Rylander,* 460 U.S. 752, 755 (1983).

Intent in failing to comply with the order is irrelevant. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). The contemnor's disobedience need not be "willful" to constitute civil contempt. *Id.* "Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered." *Bad Ass Coffee Co. of Hawaii v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000).

District courts have broad equitable power to order appropriate relief in civil contempt proceedings. *See McComb*, 336 U.S. at 193. The sanctions imposed in civil contempt proceedings ordinarily are conditional, and the contemnor may avoid the sanctions by complying with the order. *Hicks v. Feiock*, 485 U.S. 624, 625 (1988). One of the paradigmatic civil contempt sanctions "is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Bagwell*, 512 U.S. at 829. However, monetary fines will likely be ineffective here because, as courts have observed, accumulating monetary fines are unlikely to provide sufficient incentive when the contemnor does not have assets at risk or is facing other large monetary claims. *See United States v. Lonnen*, No. 1:15MC44, 2016 WL 4194243, at *7 (M.D.N.C., Aug. 8, 2016)

(fines rejected in favor of incarceration where contemnor is already indebted and refuses to pay or cooperate in efforts to collect); *FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 1029, 1035 (N.D. Ind. 2001) (imprisonment ordered because fine was inadequate where contemnors' assets were frozen).

It is also appropriate to incarcerate a contemnor until he provides the ordered information because he "may end his incarceration for contempt at any time by tendering compliance." *United States v. Ford*, 514 F.3d 1047, 1049 (10th Cir. 2008); *see also Bagwell*, 512 U.S. at 828 ("The paradigmatic coercive, civil contempt sanction . . ., involves confining a contemnor indefinitely until he complies with an affirmative command . . ."). The Tenth Circuit has affirmed that arrest is an appropriate remedy when contemnors refuse to turn over records or information. *See Ford*, 514 F.3d at 1051 (upholding arrest and incarceration for failure to comply with court order requiring disclosure of materials to the IRS).

Here, there is clear and convincing evidence of all of the three requisite factors for civil contempt. First, there is a clear Order of this Court ordering Judgment Debtor to provide Discovery. *See* Dkt. No. 78. Second, Judgment Debtors' knowledge of this Order is clear. Judgment Debtors received service of the Order via the Court's electronic notification system.[3] The Judgment Debtors September 5, 2018 purported Answer,[4] six days ***after*** this Court entered the Order requiring production of the Discovery, indicates they are receiving notifications of Court filings and docket entries. In addition, the Order was mailed via Federal Express to all Judgment

[3] "[N]otice of electronic filing automatically generated by the court's Electronic Filing System constitutes service of the filed document on all parties who have consented to electronic service." D. Kan. L.R. 5.4.9(a). The Judgment Debtors have requested electronic service and are receiving notifications via this Court's electronic notification system. **Exhibit B** (Aug. 30, 2018 Notice of Electronic Filing of Order Granting Motion to Compel).

[4] The Judgment Creditor plans to file a Motion to Strike the Answer.

Debtors[5] and emailed to Royall Jenkins and Ephraim Woods at royalljenkins@gmail.com and ephraimwoods13@yahoo.com. *See* **Exhibit C** (Sept. 12, 2018 Federal Express Delivery Confirmation). Lastly, Judgment Debtors disobeyed the Order because they have not produced documents and responded to the interrogatories by September 10, 2018. Thus, Judgment Debtors should be required to show cause why they should not be held in contempt and coerced into compliance with the Order of this Court.

## CONCLUSION

For the reasons set forth above, Judgment Creditor respectfully requests that the Court (1) GRANT its Motion; (2) set a hearing for Judgment Debtors to show cause why they should not be held in civil contempt; and (3) order any other relief it deems just and proper.

Dated: September 13, 2018

Respectfully submitted,

By: */s/ Gillian Chadwick*

Gillian Chadwick, KS Bar No. 27361
Supervising Attorney
Washburn Law Clinic
Washburn University School of Law
Topeka, Kansas 66621
785-670-1191
gillian.chadwick@washburn.edu

Elizabeth A. Hutson (D.C. Bar No. 1024845)
MCGUIREWOODS LLP
2001 K Street, NW
Suite 400
Washington, DC 20006
Tel: (202) 857-1700
Fax: (202) 828-2973

[5] These addresses were provided to the Court by Judgment Debtors, and in the case of the companies, are the addresses on file with the Kansas Secretary of State. The addresses and phone number are listed on the Court's docket and were included in the first pleading filed by Judgment Debtors, a Motion to Appoint Counsel. Dkt. No. 43.

E-mail: ehutson@mcguirewoods.com

***Attorneys for Plaintiff/Judgment Creditor***

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of September, 2018, I sent a true copy of this filing to the defendants at the addresses listed below via first class mail, postage pre-paid:

Royall Jenkins
2111 North 10th Street
Kansas City, Kansas 66104-9998

The Value Creators Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators LLC
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
Attn: Griegory Moten, Registered Agent
1121 Quindaro
Kansas City, Kansas 66104

The Value Creators Inc.
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators LLC
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.
120 SW 10th Ave.
Kansas Secretary of State
Topeka, KS 66612

Dated: September 13, 2018

*/s/ Gillian Chadwick*
Gillian Chadwick, Bar No. 27361
Washburn University School of Law
Topeka, Kansas 66621
785-670-1191
gillian.chadwick@washburn.edu