# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

       Plaintiff,

v.

ROYALL JENKINS, et al.,

       Defendants.

Case No. 17-2547-DDC-TJJ

## MEMORANDUM AND ORDER

On May 23, 2018, the court entered default judgment against defendants Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc. *See* Doc. 41. Almost a month later, on June 19, 2018, Mr. Jenkins filed a pro se[1] "Motion for New Trial" (Doc. 42). Plaintiff has filed a Response to this Motion. Doc. 47. Mr. Jenkins has not filed a Reply.[2]

Plaintiff has responded with a motion of her own—a Motion for Writ of Execution (Doc. 45). The court will address Mr. Jenkins's Motion first, and then, based on that ruling, address plaintiff's filing.

Before the court analyzes Mr. Jenkins's arguments, the court must consider a limitation on legal representation. While Mr. Jenkins may represent himself pro se, he also purports to

---

[1] When a party proceeds pro se, the court must construe his pleadings liberally and hold them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for that party. *Id.* Nor does the party's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] Plaintiff filed her Response on July 2, 2018. *See* Doc. 47. The local rules gave Mr. Jenkins 14 days from service of the Response to file and serve a Reply. *See* D. Kan. Rule 6.1(d)(1). Thus, Mr. Jenkins's deadline was July 16, 2018. That deadline now has passed, and Mr. Jenkins has not filed a Reply.

make his motion on behalf of the other defendants. But the other defendants are business organizations. And generally, in our court, only an attorney admitted to our bar may represent a business organization. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")). Accordingly, Mr. Jenkins cannot seek relief for the other defendants. If any defendant business organization wishes to seek relief from the default judgment, it must do so through a properly admitted member of this court's bar.

### I. Mr. Jenkins's Motion for New Trial (Doc. 42)

In essence, Mr. Jenkins's Motion asks the court to vacate the default judgment it entered against him. It relies on four different rules and argues that each one entitles him to relief from the judgment. The next four sections—A, B, C, and D—address each rule that Mr. Jenkins's motion invokes. They also explain why none of them warrant any relief from the judgment.

#### A. Rule 59

The first rule Mr. Jenkins invokes is Fed. R. Civ. P. 59(a)(1)(B). This rule allows the court, after a nonjury trial, to grant a new trial on all or some of the issues. Fed. R. Civ. P. 59(a)(1)(B). But no trial—jury or nonjury—has occurred in this case. So, Rule 59(a)(1) cannot provide Mr. Jenkins a basis for relief here. *See Norman v. Randolph*, 597 F. App'x 988, 989 (10th Cir. 2015) ("[T]here was no trial, so Fed. R. Civ. P. 59(a) was inapplicable.").

Construing Mr. Jenkins's filing liberally—as it must—the court also considers Mr. Jenkins's arguments under Rule 59(e). First, the court must assess whether Mr. Jenkins's motion is timely. Rule 59(e) provides Mr. Jenkins 28 days after the entry of judgment to file a motion to alter or amend judgment. Fed. R. Civ. P. 59(e). The court entered default judgment against Mr.

2

Jenkins on May 23, 2018.  Doc. 41.  Plaintiff filed this Motion on June 19, 2018—27 days later. And so, Mr. Jenkins's Motion is timely under Rule 59(e).

This conclusion leads to the substance of Rule 59(e).  "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"  *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A Rule 59(e) motion is appropriate when the court has "misapprehended the facts, a party's position, or the controlling law."  *Id.* But it is not appropriate to "advance arguments that could have been raised in prior briefing."  *Id.*

Mr. Jenkins never asserts any intervening change in controlling law, or claims he now has access to new evidence previously unavailable to him.  Giving his motion the most generous interpretation possible, the court construes it to seek relief based on a need to correct clear error or prevent manifest injustice.  Mr. Jenkins's motion quotes *Aetna Casualty & Surety Company v. Yeatts*, which outlines a court's power to grant a new trial to avoid an outcome that is "manifestly against justice."  122 F.2d 350, 353 (4th Cir. 1941), *overruled on other grounds by Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 438–39 (1996).  But the problem is that Mr. Jenkins never explains why the judgment against him contradicts the interests of justice or commits a clear error.[3]  Mr. Jenkins has provided no basis for relief under Rule 59(e), and the court thus denies that aspect of his Motion.

---

[3]  Mr. Jenkins quotes the following portion of *Yeatts* in support of his motion to show that the courts have the "power to examine the whole case on the law and the evidence, with a view to securing a result, not merely legal, but also not manifestly against justice[]— a power exercised in pursuance of a sound judicial discretion, without which the jury system would be a capricious and intolerable tyranny, which no people could long endure."  122 F.2d 350 at 353.

### B. Rule 60(b)

Mr. Jenkins also seeks relief from the default judgment under Rule 60(b). This is the right rule to invoke when one seeks to set aside a default judgment. *See* Fed. R. Civ. P. 55(c) ("The court may set aside . . . a final default judgment under Rule 60(b).").

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted). A losing party may not invoke Rule 60(b) to present new arguments that the party could have raised in earlier filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (discussing requirements of a Rule 60(b) motion). And a party seeking relief from a judgment bears the burden to demonstrate each prerequisite for relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment"); *see also Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (noting that Rule 60 "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts" (internal citations and quotations omitted)).

Still, these competing interests demand that the court consider Rule 60(b) motions carefully in the default judgment context. The leading commentators define these interests this way: "Despite the strength of the policies supporting the use of the default penalty, federal judges view default judgments with disfavor. This is because they favor trials on the merits with full participation by the parties." 10A Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 2693 (4th ed. 2018); *cf. id.* ("Both the default entry and judgment play an important role in . . . [maintaining] . . . an orderly, efficient judicial system. They are significant

weapons for enforcing compliance with the rules of procedure and facilitating the speedy determination of litigation. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary."). These interests are particularly important when, as here, "substantial rights are involved . . . [or] when large sums of money are claimed." *Id.*

Sorting out these competing interests here isn't particularly easy. The court, no doubt, has entered a large judgment against Mr. Jenkins. And our court is no different than most federal courts: it prefers to decide cases on their merits—and not by forfeit. But here, this general preference must yield because of the events this case's record establishes. The record demonstrates that Mr. Jenkins decided to forego his right to participate in the case.

Plaintiff filed her suit on September 15, 2017. Ten days later, her service of process agent served Mr. Jenkins by leaving the Summons and a copy of plaintiff's Complaint with a "male resident [who] refused [to provide his] name" at a specific address on North 10th Street in Kansas City, Kansas. Doc. 10. This unidentified recipient told the process server, "We already received this, this is overkill." *Id.* And the court need not guess whether Mr. Jenkins actually received the Summons and Complaint that the process server left at his abode on North 10th Street. The record firmly establishes that he did.

About two weeks after the process server left the Summons and Complaint, Mr. Jenkins filed a Motion for Writ of Certiorari. Doc. 18 (filed October 11, 2017). This filing contains a signature purporting to be the signature of defendant Royall Jenkins. The signature matches the one affixed to Mr. Jenkins's Motion for a New Trial. *See* Doc. 42 at 3. Also, Mr. Jenkins's Motion for Writ of Certiorari listed a particular street address on North 10th Street in Kansas City, Kansas, as his address. It is the same 10th Street address where plaintiff's process server

had served the Summons and Complaint on September 25, 2017. Indeed, it appears that Mr. Jenkins continues to live at that address today. In June 2018, Mr. Jenkins filed his Motion asking the court to appoint counsel for him. Doc. 43. He submitted with it an Affidavit supporting his request for appointed counsel. And while Mr. Jenkins's Affidavit was filed properly under seal, it again uses the same North 10th Street address where plaintiff's process server had delivered the Summons and Complaint at the outset of the case. Doc. 44 (sealed) at 1.

Mr. Jenkins's 2017 filing (Doc. 18)—his only response to the Summons and Complaint—reveal him to be an "obstructionist adversary." Wright & Miller, *supra*, at § 2693. This Motion for Writ of Certiorari is something of a word salad, mixing random legal terms with the case's caption. Whatever the filing's purpose, in no way does it constitute a proper response to the Summons and Complaint that Mr. Jenkins received.

Indeed, the court told Mr. Jenkins as much. On October 16, 2017, United States Magistrate Judge Teresa J. James entered an Order denying Mr. Jenkins's Motion for Writ of Certiorari. Doc. 19. After explaining that our court possesses no authority to issue that kind of writ, Judge James warned Mr. Jenkins that: (1) all defendants—including him—had been served with process; (2) the time to answer or otherwise respond to the Complaint had passed; and (3) Mr. Jenkins's Motion did not qualify as an adequate response to the Complaint. Doc. 19 at 1, 2.

Mr. Jenkins did not heed Judge James's warning. Indeed, over the next eight months, he never appeared for any court proceedings or made any filings. During this time, the court twice noticed a hearing on plaintiff's Motion for Default Judgment. Docs. 25, 29. Consistent with its practice for pro se litigants who have not registered for CM/ECF[4], the Clerk of the Court sent hard copy mailings of these notices to Mr. Jenkins. The Clerk dispatched the notices to the

---

[4] Mr. Jenkins later registered for CM/ECF, but not until June 21, 2018. *See* Docket Annotation between Docs. 44 and 45.

North 10th Street address that Mr. Jenkins had provided in his Motion.  Nonetheless, the United States Postal Service returned the first of these two mailings to the court.  The Postal Service advised that it had tried delivery at the address, but the recipient—Mr. Jenkins—was "not known," and the Postal Service was "unable to forward" the mailing.  Doc. 27 (envelope containing Doc. 25, the first of two notices of the hearing on plaintiff's Motion for Default Judgment).  This was curious.  The returned notice was directed to Mr. Jenkins at the same address where plaintiff had served Mr. Jenkins and where he professes in his motion to reside currently.  *Compare* Doc. 10 *with* Docs. 27, 44.  But the second hearing notice dispatched to Mr. Jenkins—Doc. 29—was not returned.  This creates a presumption that Mr. Jenkins received notice of the hearing on plaintiff's Motion for Default Judgment and the amount it placed in issue.  *See* Kan. Stat. Ann. 60-205(a)–(b) (noting that papers, including "written notice, appearance, demand, offer of judgment or any similar paper," may be served on a party by "mailing it to the person's last known address, in which event service is complete upon mailing"); *Hagner v. United States*, 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.").

      This series of events, all of which the official record in the case corroborates, persuades the court to find that Mr. Jenkins knew about the case against him, his obligation to respond to the Complaint, and the hearing where plaintiff's Motion for Default Judgment and her request to award damages would be determined.  And yet, Mr. Jenkins did nothing to engage in the case.  Instead, he waited until June 19, 2018, and then claimed he had learned about "the *judgment* from a news cast."  Doc. 42 at 1 (emphasis added).  That assertion, even if technically true, fails to establish that Mr. Jenkins did not know about the claims against him, or that he failed to

7

apprehend his duty to respond to these claims. In sum, Mr. Jenkins has failed to convince the court that he did not know about the Complaint or his duty to respond to the claims it asserted. No good reason excuses, or even explains, Mr. Jenkins's failure to respond to the Complaint timely.

Despite this record, Mr. Jenkins insists that he is entitled to relief under the Federal Rules of Civil Procedure. Specifically, he cites Rules 60(b)(2) & (3). Subsection (2) allows relief for a moving party who presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b)." Fed. R. Civ. P. 60(b)(2). And subsection (3) permits relief when the moving party demonstrates "fraud . . . , misrepresentation, or misconduct by an opposing party." *Id.* at 60(b)(3). Although Mr. Jenkins cites these two subsections, he presents no facts or other circumstances warranting relief under either subsection of Rule 60.

To demonstrate that evidence is "newly discovered" under Rule 60(b)(2), Mr. Jenkins must show:

> (1) the evidence was newly discovered since the trial; (2) [Mr. Jenkins] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [is] material; and (5) that a new trial[ ] with the newly discovered evidence would probably produce a different result.

*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (quoting *Graham ex rel. Graham v. Wyeth Labs., Div. of Am. Home Prods. Corp.*, 906 F.2d 1399, 1416 (10th Cir. 1990)). Although Mr. Jenkins includes several affidavits with his motion, he has not connected the affidavits and the requisite Rule 60(b)(2) elements. Specifically, Mr. Jenkins never explains how this evidence is "newly discovered." Mr. Jenkins may not properly invoke this aspect of Rule 60.

8

Under Rule 60(b)(3), Mr. Jenkins must establish by clear and convincing evidence that plaintiff committed fraud, misrepresentation, or some other misconduct. *Welch v. Centex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 494 (D. Kan. 2004). He also must demonstrate that plaintiff acted with an intent to defraud or deceive the court. *See Loum v. Houston's Rest., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998). Lastly, the movant must show that "the challenged behavior" substantially has "interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Zurich N. Am.*, 426 F.3d at 1290 (citations omitted). "Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Welch*, 224 F.R.D. at 494 (citation omitted). Once again, Mr. Jenkins has provided no information capable of satisfying any of these alternatives. The court thus concludes that Rule 60(b)(3) does not provide Mr. Jenkins a basis for relief.

Finally, the court construes Mr. Jenkins's Motion to invoke the "catch-all provision" found in subsection (6) of Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6) (providing relief for "any other reason that justifies relief."). The Tenth Circuit has described this subsection as a "grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)) (internal quotation marks omitted). Our court has concluded:

> Circumstances typically warranting relief under Rule 60(b)(6) include . . . [when] the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule.

*Varner v. Unified Sch. Dist. No. 259*, No. 88-1126-SAC, 1993 WL 104915, at *2 (D. Kan. Mar. 5, 1993) (internal quotation marks and citation omitted). Mr. Jenkins never asserts that plaintiff

9

engaged in any improper conduct or provides any excuse for his own default. The court declines to grant any relief under Rule 60(b)(6).

### C. Rule 8

Mr. Jenkins also purports to invoke a general denial under Rule 8(b)(3). Indeed, Rule 8 requires a party to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). And "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." *Id.* at 8(b)(3). But Mr. Jenkins is way too late to make a general denial. He had 21 days to respond to plaintiff's Complaint after he was served with the Summons and Complaint. *Id.* at 12(a)(1)(A)(ii). Plaintiff served Mr. Jenkins no later than September 25, 2017, so Mr. Jenkins's Answer, at latest, was due by October 16, 2017. *See* Doc. 10. While Mr. Jenkins filed a "Motion for Writ of Certiorari" on October 11, 2017, Magistrate Judge James concluded that this filing did not qualify as an Answer or other response. Doc. 19 at 2. And Mr. Jenkins filed nothing else with the court until he filed the current Motion. In short, Mr. Jenkins's attempt to deny the allegations against him arrives far too late.

### D. Rule 12

Finally, Mr. Jenkins challenges the process and service of process under Rules 12(b)(4) and (5). But Mr. Jenkins has waived any objections under Rules 12(b)(4) and (5). *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing either to: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."). Even if Mr. Jenkins hadn't waived his right to

object to the process and service, his Motion provides no reason to grant him relief under Rules 12(b)(4) and (5).

A defendant can object to "the contents of the summons" under Rule 12(b)(4) and challenge "the mode or lack of delivery of a summons and complaint" under Rule 12(b)(5). *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994) (quoting *Blue Ocean Lines v. Universal Process Equip., Inc.*, No. 93 Civ. 1722 (SS), 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993) (internal quotation marks omitted)). But Mr. Jenkins's motion makes no reference to any of Rule 4(a)'s requirements for the content of the summons. Even if he had objected to one of the seven requirements for a summons, Mr. Jenkins has not explained how that hypothetical defect prejudiced him. *See id.* ("A Rule 12(b)(4) motion should be granted only when the defect is prejudicial to defendant." (internal quotation marks and citation omitted)). Rule 12(b)(4) provides Mr. Jenkins no basis for relief.

Also, Mr. Jenkins does not "point out in what manner the plaintiff has failed to satisfy the service provision [that was] utilized." *See id.* (internal quotation marks and citation omitted). Importantly, the docket reflects that Mr. Jenkins was served by leaving a copy of the Summons and Complaint at Mr. Jenkins's dwelling with someone of suitable age. *See* Fed. R. Civ. P. 4(e)(2)(B); Doc. 10. Mr. Jenkins has failed to establish any shortcoming of the service provision that plaintiff utilized, so Rule 12(b)(5) provides him no basis for relief from the default judgment.

In sum, Mr. Jenkins is not entitled to relief from the court's default judgment under Rule 59(a) or (e), Rule 60(b), Rule 8(b)(3), or Rule 12(b)(4) or (5). The court thus denies Mr. Jenkins's Motion for a New Trial (Doc. 42).

## II. Plaintiff's Motion for Writ of Execution

On June 25, 2018, plaintiff Kendra Ross filed a Motion for Writ of Execution (Doc. 45). The court construes this Motion as one invoking Fed. R. Civ. P. 69(a)(1) and 70(d). Rule 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Rule 70(d) provides: "On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance."

Here, plaintiff has secured a default judgment against defendants, and now, she asks for a writ of execution to enforce her judgment. Because no federal statute governs, Rule 69(a)(1) directs that the execution must comply with the procedure of the state where our court sits— Kansas. Kan. Stat. Ann § 60-2401 provides the Kansas procedure for execution: "At the request of any interested person, executions . . . shall be issued by the clerk and signed by the judge."

The court finds that plaintiff Kendra Ross, an interested person, is a judgment creditor and defendants Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc., are judgment debtors. On May 23, 2018, the court entered default judgment in plaintiff's favor. *See* Doc. 41. The judgment balance due by defendants is $7,938,546.30, interest in the amount of $15,137.61, attorneys' fees and costs in the amount of $117,184.34, and a post-judgment interest rate at 2.32% per annum. *See id.* Because the court has determined that Mr. Jenkins is not entitled to relief from the default judgment, and the other defendants have not properly asked to set aside the judgment or filed a notice of appeal, execution of the default judgment is appropriate.

The court thus directs the United States Marshal or other process server to: (a) seize any non-exempt personal property belonging to the judgment debtors; and (b) sell this property to satisfy the judgment, together with interest and costs, including the costs and expense for executing this Writ. These procedures must comply with Article 24 of Chapter 60 of the Kansas Statutes Annotated. The court also directs the United States Marshal or other process server to return this Writ together with a report of the proceedings within 60 days of the date of this Writ.

Finally, the court directs the United States Marshal or other process server to serve a copy of this Writ on defendants as required by Kan. Stat. Ann. § 60-2401.

**IT IS THEREFORE ORDERED THAT** defendant Royall Jenkins's Motion for New Trial (Doc. 42) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Kendra Ross's Motion for Writ of Execution (Doc. 45) is granted.

**IT IS FURTHER ORDERED THAT** the United States Marshal must execute the default judgment in the fashion directed by this Order.

**IT IS SO ORDERED.**

**Dated this 2nd day of October, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

**RETURN**

On _____, _____, ____ o'clock __.M., received this Writ.

On _____, _____, ____ o'clock __.M., levied on the non-exempt personal property of _____, described in the following schedules.

On _____, _____, advertised the same for sale.

On _____, _____, sold the following items of personal property at prices indicated, and the moneys received from such sale are herewith delivered to the Court.

    _____ $_____
    _____ $_____
    _____ $_____
    _____ $_____
    _____ $_____
    _____ _____

Total received $_____

The following goods remain unsold _____ for want of bidders.

                                                        _____
                                                        Signature and Title of Officer