**McGuireWoods LLP**
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Elizabeth A. Hutson**
Direct: 202.857.1729

ehutson@mcguirewoods.com
Fax: 202.828.2990

# McGuireWoods

October 30, 2018

Wells Fargo Bank N.A.,
c/o Corporation Service Company
2900 SW Wanamaker Dr.
Suite 204 Topeka
Kansas 66614

Re:     *Kendra Ross v. Royall Jenkins, et al.*, Case No. 2:17-cv-02547-DDC-TJJ

To Whom It May Concern:

This firm represents Kendra Ross in the above-referenced action. Please find enclosed a subpoena to produce documents, information, or physical objections pertaining to the above-captioned action. A detailed description of the documents requested can be found attached to the subpoena as "Exhibit A."

As the subpoena indicates, these documents may be returned by mail or hand-delivered on or before November 9, 2018.

If I can answer any questions or otherwise be of assistance, please do not hesitate to call me at (202) 857-1729. Thank you in advance for your assistance in this matter.

Sincerely,

Elizabeth A. Hutson

Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* |  |
|  | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following documents pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and the attached Subpoena *Duces Tecum*.

### DEFINITIONS AND INSTRUCTIONS

1.      The Term "Civil Action" means the civil action commenced by Plaintiff/Judgment Creditor in the United States District Court for the District of Kansas styled *Kendra Ross v. Royall Jenkins*, *et al.,* Case No. 17-02547-DDC-TJJ.

2.      "Plaintiff" or "Judgment Creditor" means Kendra Ross.

3.      "Defendants" or "Judgment Debtors" means Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

4.      "The Promise Keepers" means The Promise Keepers, Inc., The Promise Keepers 417 Inc.,  and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on its behalf.

5.      "Associates of Promise Keepers" means William Greene, Robyn Enyiema, Fatimah Mohammad, William Muhammad, Lynniece Gamble, Irma Dorsey, Talib Davis-El, Griegory Moten, Dana Peach, Ephraim Woods

6.      The term "You" or "Your" refers to Wells Fargo, N.A., and any parent, subsidiaries, divisions, affiliates, officers, directors, employees, agents or other representatives acting or purporting to act or to have acted on behalf of Wells Fargo, N.A.

7.      "Document" or "documents" means anything within the scope of Fed. R. Civ. P. 34, including without limitation the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, electronically stored, or other form of memorialization or communication, and also specifically including, without limitation, all internal memoranda, papers, books, letters, electronic mail, facsimiles, checks, wire transfer records, telegrams, correspondence, reports, agreements, contracts, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, however produced or reproduced, of every kind and description.

8.      Unless otherwise indicated, the document requests below seek information and documents dating back to or created after January 1, 2003 and through the present date.

9.      If any responsive document is no longer in existence, cannot be located, or is not in your possession, custody, or control, identify it, describe its subject matter, and describe its disposition (including, without limitation, identifying the person or persons having knowledge of its disposition).

10.     If you withhold any responsive document on the grounds that it is privileged or otherwise excludable from discovery, please identify the information or document, describe its subject matter, and specify the basis for the claimed privilege or other grounds of exclusion.

11.     This subpoena is continuing in nature and therefore requires you to immediately file supplementary responses if you obtain additional responsive information.

## DOCUMENTS TO BE PRODUCED

1.      All documents reflecting, comprising, or pertaining to Your communications with

The Promise Keepers and/or Associates of Promise Keepers related to the Civil Action.

2.     All documents pertaining to all open or closed checking, savings, negotiable order of withdrawal, interest bearing, money market, or other accounts in the name of or under signature authority of any of The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.  Signature cards;

    b.  Bank statements;

    c.  Canceled checks;

    d.  Deposit tickets;

    e.  Items deposited;

    f.  Credit and debit memos;

    g.  Form 1099, 1089, or back-up withholding documents; and

    h.  Any other financial statements or reports.

3.     All documents pertaining to open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by any of The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.  Loan applications;

    b.  Loan ledger sheets;

    c.  Documents reflecting the means by which loan repayments were made;

    d.  Documents reflecting disbursement of loan proceeds;

    e.  Loan correspondence files;

    f.   Collateral agreements and any related documents;

    g.   Credit reports;

    h.   Financial statements or reports;

    i.   Notes or other instruments reflecting the obligation to pay;

    j.   Real estate mortgages, chattel mortgages, or other security instruments for loans;

    k.   Forms 1099, 1089 or back-up withholding documents; and

    l.   Loan amortization statements.

4.     All documents pertaining to Certificates of Deposit purchased or redeemed by any of The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.   Copies of the certificates;

    b.   Documents reflecting the means by which Certificates of Deposit were purchased;

    c.   Documents reflecting disbursement of the proceeds of any negotiated Certificates of Deposit;

    d.   Records reflecting interest earned, withdrawn or reinvested; and

    e.   Forms 1099, 1089 or back-up withholding documents.

5.     All documents pertaining to open or closed investment or security custodian accounts, IRA, Keogh or other retirement plans in the name of or for the benefit of any of the The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.   Documents reflecting the means by which the securities were purchased;

    b.   Documents reflecting disbursement of the proceeds of any negotiated securities;

    c.   Confirmation slips;

    d.  Monthly statements;

    e.  Payment receipts;

    f.  Receipts for receipt or delivery of securities; and

    g.  Forms 1099, 1089 or back-up withholding documents.

6.    All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.  Documents reflecting the means by which the checks or money orders were purchased;

    b.  Documents reflecting disbursements of the proceeds of any negotiated checks or money orders;

    c.  Applications for purchase of checks or money orders; and

    d.  Retained copies of negotiated checks or money orders.

7.    All documents pertaining to wire transfers sent or received by any of the The Promise Keepers and/or Associates of Promise Keepers, including but not limited to:

    a.  Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;

    b.  Documents reflecting the source of the funds wired out; and

    c.  Documents reflecting the ultimate disposition within the bank of the funds wired in.

8.    All documents pertaining to current or expired safe deposit box rentals by or under

the signatory authority of any of The Promise Keepers and/or Associates of Promise Keepers, including, but not limited to contracts and entry records.

9.      All documents pertaining to open or closed bank credit cards in the name of or under the signatory authority of any of The Promise Keepers or Associates of Promise Keepers, including but not limited to:

      a.  Applications for credit;

      b.  Credit reports;

      c.  Monthly statements;

      d.  Financial statements; and

      e.  Documents reflecting payments on the account.

10.      All Currency Transaction Reports (CTRs) and Currency and Monetary Instrument Reports (CMIRs) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service concerning currency transactions conducted by or on behalf of the The Promise Keepers or Associates of Promise Keepers

11.      All records referring or relating to the acquisition or sale of real or leasehold property by The Promise Keepers or Associates of Promise Keepers, including, but not limited to purchase contracts, settlement sheets, contracts of sale, deeds, notes, mortgages, deeds of trust, and leases.

12.      All documents pertaining to any transfer of assets, property, or funds between or

6

among any of the following entities/individuals: Judgment Debtors, The Promise Keepers, and/or

Associates of Promise Keepers.

**McGuireWoods LLP**
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Elizabeth A. Hutson**
Direct: 202.857.1729

# McGuireWoods

ehutson@mcguirewoods.com
Fax: 202.828.2990

October 31, 2018

Square, Inc.
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**Re:**   *Kendra Ross v. Royall Jenkins, et al.*, **Case No. 2:17-cv-02547-DDC-TJJ**

To Whom It May Concern:

       This firm represents Kendra Ross in the above-referenced action. Please find enclosed a subpoena to produce documents, information, or physical objections pertaining to the above-captioned action. A detailed description of the documents requested can be found attached to the subpoena as "Exhibit A."

       As the subpoena indicates, these documents may be returned by mail or hand-delivered on or before November 12, 2018.

       If I can answer any questions or otherwise be of assistance, please do not hesitate to call me at (202) 857-1729. Thank you in advance for your assistance in this matter.

                                                    Sincerely,

                                                    Elizabeth A. Hutson

Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Kansas

| | |
|---|---|
| Kendra Ross | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Royall Jenkins, et al. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   2:17-cv-02547-DDC-TJJ

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Square, Inc. c/o CT Corporation System
                        818 West Seventh Street, Suite 930, Los Angeles, CA 90017

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: McGuireWoods LLP Attn: Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com | Date and Time: 11/12/2018 5:49 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/31/2018

_CLERK OF COURT_

                                          OR

_____                _____
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Kendra Ross
_____ , who issues or requests this subpoena, are:

Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-02547-DDC-TJJ

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following documents pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and the attached Subpoena *Duces Tecum*.

## DEFINITIONS AND INSTRUCTIONS

1. The Term "Civil Action" means the civil action commenced by Plaintiff in the United States District Court for the District of Kansas styled *Kendra Ross v. Royall Jenkins, et al.,* Case No. 17-02547-DDC-TJJ.

2. "Plaintiff" or "Judgment Creditor" means Kendra Ross.

3. "Defendants" or "Judgment Debtors" means Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

4. The "Promise Keepers" means The Promise Keepers, Inc., The Promise Keepers 417 Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

5. The term "You" or "Your" refers to Square, Inc., and any and parent, subsidiaries, divisions, affiliates, officers, directors, employees, agents or other representatives acting or purporting to act or to have acted on behalf of Square, Inc.

1

6.     "Document" or "documents" means anything within the scope of Fed. R. Civ. P. 34, including without limitation the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, electronically stored, or other form of memorialization or communication, and also specifically including, without limitation, all internal memoranda, papers, books, letters, electronic mail, facsimiles, checks, wire transfer records, telegrams, correspondence, reports, agreements, contracts, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, however produced or reproduced, of every kind and description.

7.     Unless otherwise indicated, the document requests below seek information and documents dating back to or created after January 1, 2008 and through the present date.

8.     If any responsive document is no longer in existence, cannot be located, or is not in your possession, custody, or control, identify it, describe its subject matter, and describe its disposition (including, without limitation, identifying the person or persons having knowledge of its disposition).

9.     If you withhold any responsive document on the grounds that it is privileged or otherwise excludable from discovery, please identify the information or document, describe its subject matter, and specify the basis for the claimed privilege or other grounds of exclusion.

10.     This subpoena is continuing in nature and therefore requires you to immediately file supplementary responses if you obtain additional responsive information.

## DOCUMENTS TO BE PRODUCED

1.     All documents reflecting, comprising, or pertaining to Your communications with Judgment Debtors and/or Promise Keepers related to the Civil Action and/or Judgment Creditor.

2.     All documents pertaining to all money transfers, personal payments, business payments, commercial services, invoices, transaction processing, chargebacks, fees, flow of funds,

2

Virtual Terminal payments, eCommerce site payments, Square Cash accounts or other accounts in the name of or under signature authority of any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

      a.  Bank names

      b.  BIC (Bank Identifier Code)

      c.  IBAN (International Bank Account Number) numbers

      d.  Account numbers

      e.  Payment receipts

      f.  Confirmation receipts

      g.  Reference numbers

      h.  Signature cards

      i.  Any other financial statements or reports.

3.     Customer correspondence files for each of the Judgment Debtors and/or Promise Keepers.

4.     All personal notes, including calendar entries, emails, journals, text messages, notebooks, or other documents You or Your agents or representatives have made about the Judgment Debtors and/or Promise Keepers.

5.     All Currency Transaction Reports (CTRs) and Currency and Monetary Instrument Reports (CMIRs) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service concerning currency transactions conducted by or on behalf of the

3

Judgment Debtors and/or Promise Keepers.

6.      All documents and communications that refer or relate to referrals or reports made to law enforcement, regulators, and self-regulatory organizations concerning the Judgment Debtors and/or Promise Keepers.

**McGuireWoods LLP**
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Elizabeth A. Hutson**
Direct: 202.857.1729



ehutson@mcguirewoods.com
Fax: 202.828.2990

October 31, 2018

MoneyGram Payment Systems, Inc.
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

**Re:    *Kendra Ross v. Royall Jenkins, et al.*, Case No. 2:17-cv-02547-DDC-TJJ**

To Whom It May Concern:

    This firm represents Kendra Ross in the above-referenced action. Please find enclosed a subpoena to produce documents, information, or physical objections pertaining to the above-captioned action. A detailed description of the documents requested can be found attached to the subpoena as "Exhibit A."

    As the subpoena indicates, these documents may be returned by mail or hand-delivered on or before November 12, 2018.

    If I can answer any questions or otherwise be of assistance, please do not hesitate to call me at (202) 857-1729. Thank you in advance for your assistance in this matter.

Sincerely,

Elizabeth A. Hutson

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| Kendra Ross | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-cv-02547-DDC-TJJ |
| Royall Jenkins, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      MoneyGram Payment Systems, Inc., c/o CT Corporation System
         1999 Bryan Street, Suite 900, Dallas, TX 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: McGuireWoods LLP Attn: Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com | Date and Time: 11/12/2018 5:48 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/31/2018

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Kendra Ross
_____ , who issues or requests this subpoena, are:

Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-cv-02547-DDC-TJJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following documents pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and the attached Subpoena *Duces Tecum*.

## DEFINITIONS AND INSTRUCTIONS

1.      The Term "Civil Action" means the civil action commenced by Plaintiff in the United States District Court for the District of Kansas styled *Kendra Ross v. Royall Jenkins, et al.,* Case No. 17-02547-DDC-TJJ.

2.      "Plaintiff" or "Judgment Creditor" means Kendra Ross.

3.      "Defendants" or "Judgment Debtors" means Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

4.      The "Promise Keepers" means The Promise Keepers, Inc., The Promise Keepers 417 Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

5.      The term "You" or "Your" refers to MoneyGram Payment Systems Inc., and any and parent, subsidiaries, divisions, affiliates, officers, directors, employees, agents or other representatives acting or purporting to act or to have acted on behalf of MoneyGram Payment Systems Inc.

1

6.     "Document" or "documents" means anything within the scope of Fed. R. Civ. P. 34, including without limitation the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, electronically stored, or other form of memorialization or communication, and also specifically including, without limitation, all internal memoranda, papers, books, letters, electronic mail, facsimiles, checks, wire transfer records, telegrams, correspondence, reports, agreements, contracts, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, however produced or reproduced, of every kind and description.

7.     Unless otherwise indicated, the document requests below seek information and documents dating back to or created after January 1, 2008 and through the present date.

8.     If any responsive document is no longer in existence, cannot be located, or is not in your possession, custody, or control, identify it, describe its subject matter, and describe its disposition (including, without limitation, identifying the person or persons having knowledge of its disposition).

9.     If you withhold any responsive document on the grounds that it is privileged or otherwise excludable from discovery, please identify the information or document, describe its subject matter, and specify the basis for the claimed privilege or other grounds of exclusion.

10.     This subpoena is continuing in nature and therefore requires you to immediately file supplementary responses if you obtain additional responsive information.

### DOCUMENTS TO BE PRODUCED

1.     All documents reflecting, comprising, or pertaining to Your communications with Judgment Debtors and/or Promise Keepers related to the Civil Action and/or Judgment Creditor.

2.     All documents pertaining to all open or closed money orders, transfers, payments,

commercial services, invoices, flow of funds, or other accounts in the name of or under signature authority of any of the Judgment Debtors, and/or Promise Keepers, including but not limited to:

    a.  Bank names

    b.  BIC (Bank Identifier Code)

    c.  IBAN (International Bank Account Number) numbers

    d.  Account numbers

    e.  Payment receipts

    f.  Confirmation receipts

    g.  Reference numbers

    h.  Signature cards

    i.  Any other financial statements or reports.

3.    Customer correspondence files for each of the Judgment Debtors and/or Promise Keepers.

4.    All personal notes, including calendar entries, emails, journals, text messages, notebooks, or other documents You or Your agents or representatives have made about the Judgment Debtors and/or Promise Keepers.

5.    All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

    a.  Documents reflecting the means by which the checks or money orders were

3

purchased;

    b.   Documents reflecting disbursements of the proceeds of any negotiated checks or money orders;

    c.   Applications for purchase of checks or money orders; and

    d.   Retained copies of negotiated checks or money orders.

6.     All documents pertaining to wire transfers sent or received by any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

    a.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;

    b.   Documents reflecting the source of the funds wired out;

    c.   Documents reflecting the ultimate disposition of the funds wired in; and

    d.   Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

7.     All Currency Transaction Reports (CTRs) and Currency and Monetary Instrument Reports (CMIRs) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service concerning currency transactions conducted by or on behalf of the Judgment Debtors and/or Promise Keepers.

8.     All documents and communications that refer or relate to referrals or reports made to law enforcement, regulators, and self-regulatory organizations concerning the Judgment Debtors and/or Promise Keepers.

McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

Elizabeth A. Hutson
Direct: 202.857.1729

# McGUIREWOODS

ehutson@mcguirewoods.com
Fax: 202.828.2990

October 31, 2018

The Western Union Company
c/o The Corporation Company
7700 E. Arapahoe Road, Suite 220
Centennial, CO 80112-1268

Re:    ***Kendra Ross v. Royall Jenkins, et al.***, Case No. 2:17-cv-02547-DDC-TJJ

To Whom It May Concern:

This firm represents Kendra Ross in the above-referenced action. Please find enclosed a subpoena to produce documents, information, or physical objections pertaining to the above-captioned action. A detailed description of the documents requested can be found attached to the subpoena as "Exhibit A."

As the subpoena indicates, these documents may be returned by mail or hand-delivered on or before November 12, 2018.

If I can answer any questions or otherwise be of assistance, please do not hesitate to call me at (202) 857-1729. Thank you in advance for your assistance in this matter.

Sincerely,

Elizabeth A. Hutson

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | | |
|---|---|---|
| Kendra Ross | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:17-cv-02547-DDC-TJJ |
| Royall Jenkins, et al. | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     The Western Union Company c/o The Corporation Company
7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: McGuireWoods LLP Attn: Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com | Date and Time: 11/12/2018 5:48 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/31/2018

_CLERK OF COURT_

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Kendra Ross
_____ , who issues or requests this subpoena, are:

Elizabeth Hutson 2001 K Street NW, Suite 400, Washington, DC 20006 202-857-1729 ehutson@mcguirewoods.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-cv-02547-DDC-TJJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following documents pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and the attached Subpoena *Duces Tecum*.

### DEFINITIONS AND INSTRUCTIONS

1.     The Term "Civil Action" means the civil action commenced by Plaintiff in the United States District Court for the District of Kansas styled *Kendra Ross v. Royall Jenkins, et al.,* Case No. 17-02547-DDC-TJJ.

2.     "Plaintiff" or "Judgment Creditor" means Kendra Ross.

3.     "Defendants" or "Judgment Debtors" means Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

4.     The "Promise Keepers" means The Promise Keepers, Inc., The Promise Keepers 417 Inc., and all of its accountants, agents, attorneys, directors, employees, managers, members, officers, partners, predecessors, representatives, subsidiaries, successors, or other persons or entities currently acting or who formerly acted or purported to act on their behalf including, but not limited to, Griegory Moten, William Greene, and Ephraim Woods.

5.     The term "You" or "Your" refers to The Western Union Company, and any and parent, subsidiaries, divisions, affiliates, officers, directors, employees, agents or other representatives acting or purporting to act or to have acted on behalf of The Western Union Company.

1

6.      "Document" or "documents" means anything within the scope of Fed. R. Civ. P. 34, including without limitation the original, drafts, revisions, and non-duplicative copies of any written, typed, printed, recorded, magnetic, graphic, electronically stored, or other form of memorialization or communication, and also specifically including, without limitation, all internal memoranda, papers, books, letters, electronic mail, facsimiles, checks, wire transfer records, telegrams, correspondence, reports, agreements, contracts, recordings, notations, or memorials of telephone conversations or meetings or conferences, interoffice communications, or work papers, however produced or reproduced, of every kind and description.

7.      Unless otherwise indicated, the document requests below seek information and documents dating back to or created after January 1, 2008 and through the present date.

8.      If any responsive document is no longer in existence, cannot be located, or is not in your possession, custody, or control, identify it, describe its subject matter, and describe its disposition (including, without limitation, identifying the person or persons having knowledge of its disposition).

9.      If you withhold any responsive document on the grounds that it is privileged or otherwise excludable from discovery, please identify the information or document, describe its subject matter, and specify the basis for the claimed privilege or other grounds of exclusion.

10.     This subpoena is continuing in nature and therefore requires you to immediately file supplementary responses if you obtain additional responsive information.

## DOCUMENTS TO BE PRODUCED

1.      All documents reflecting, comprising, or pertaining to Your communications with Judgment Debtors and/or Promise Keepers related to the Civil Action and/or Judgment Creditor.

2.      All documents pertaining to all open or closed money orders, person-to-person money transfer, business payments, commercial services, transaction processing, chargebacks,

2

fees, flow of funds, or other accounts in the name of or under signature authority of any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

     a.   Bank names

     b.   BIC (Bank Identifier Code)

     c.   IBAN (International Bank Account Number) numbers

     d.   Account numbers

     e.   Payment receipts

     f.   Confirmation receipts

     g.   Reference numbers

     h.   Any other financial statements or reports.

3.     Customer correspondence files for each of the Judgment Debtors and/or Promise Keepers.

4.     All personal notes, including calendar entries, emails, journals, text messages, notebooks, or other documents You or Your agents or representatives have made about the Judgment Debtors and/or Promise Keepers.

5.     All documents pertaining to all Cashier's, Manager's, or Bank Checks, Traveler's Checks, and Money Orders purchased or negotiated by any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

     a.   Documents reflecting the means by which the checks or money orders were purchased;

    b.   Documents reflecting disbursements of the proceeds of any negotiated checks or money orders;

    c.   Applications for purchase of checks or money orders; and

    d.   Retained copies of negotiated checks or money orders.

6.     All documents pertaining to wire transfers sent or received by any of the Judgment Debtors and/or Promise Keepers, including but not limited to:

    a.   Fed Wire, CHIPS, SWIFT, or other money transfer of message documents;

    b.   Documents reflecting the source of the funds wired out;

    c.   Documents reflecting the ultimate disposition of the funds wired in; and

    d.   Notes, memoranda or other writings pertaining to the sending or receipt of wire transfers.

7.     All Currency Transaction Reports (CTRs) and Currency and Monetary Instrument Reports (CMIRs) filed with the Department of Treasury, Internal Revenue Service or the United States Customs Service concerning currency transactions conducted by or on behalf of the Judgment Debtors and/or Promise Keepers.

8.     All documents and communications that refer or relate to referrals or reports made to law enforcement, regulators, and self-regulatory organizations concerning the Judgment Debtors and/or Promise Keepers.