# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRA ROSS,<br><br>   Plaintiff,<br><br>v.<br><br>ROYALL JENKINS, et al.,<br><br>   Defendants. | Case No. 17-2547-DDC-TJJ |

## MEMORANDUM AND ORDER

This case is before the court on the oral motion of plaintiff Kendra Ross to issue a bench warrant for the arrest of defendant Royall Jenkins. Magistrate Judge Teresa J. James ordered defendants to appear before the court on October 18, 2018, to show cause why they should not be punished for contempt of court for failing to appear for a Judgment Debtors Examination on September 13, 2018, and for failing to comply with a court order directing the defendants to respond to Judgment Creditor's First Set of Post-Judgment Interrogatories and Document Requests. Doc. 91. Plaintiff argues that, because defendants failed to respond to the court's Order to Show Cause, the court properly can sanction defendant Royall Jenkins by issuing a bench warrant for his arrest. For reasons explained below, the court grants plaintiff's request to issue a bench warrant.

### I. Background

On May 23, 2018, the court entered default judgment against defendants Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc. *See* Doc. 41. That judgment was in the amount of $7,938,546.30 and included a separate award of $117,184.34 for plaintiff's attorneys' fees and costs. *Id.* Almost a

month later, on June 19, 2018, Mr. Jenkins filed a pro se[1] "Motion for New Trial" (Doc. 42). Plaintiff filed a Motion for Writ of Execution (Doc. 45), and the court granted plaintiff's Motion and denied Mr. Jenkins's Motion (Doc. 93).

Trying to determine the defendants' assets, plaintiff served her First Set of Interrogatories, Document Requests, and Requests for Admission (Doc. 52) on defendants on July 10, 2018. She also filed an Application for Examination of Judgment Debtors (Doc. 53) on July 13, 2018, which Judge James granted, setting the Judgment Debtors Examination for September 13, 2018 (Doc. 60).

Defendants' responses to plaintiff's post-judgment discovery requests were due on August 13, 2018.[2] In her Memorandum in Support of Motion to Compel Responses to Post-Judgment Interrogatories and Requests for Production of Documents (Doc. 71), plaintiff included a letter sent on August 14, 2018, via email and U.S. mail overnight delivery, requesting defendants to respond by the close of business on August 16, 2018. Doc. 71-2. Plaintiff also represented that she "e-mailed and attempted to call" defendant Mr. Jenkins and Ephraim Woods[3] to request defendants' responses to plaintiff's discovery requests by August 16, 2018.

---

[1] When a party proceeds pro se, the court must construe his pleadings liberally and hold them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for that party. *Id.* Nor does the party's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] Federal Rule of Civil Procedure 33(b)(2) gives a responding party 30 days to file answers and objections after being served with interrogatories. Federal Rule of Civil Procedure 34(b)(2)(A) gives a responding party 30 days to respond to document requests after being served with those requests, unless the court orders a shorter or longer time for responses. Here, defendants were served with plaintiff's Post-Judgment Interrogatories and Requests for Production of Documents on July 10, 2018. Federal Rule of Civil Procedure 6(d) adds three days to the time period the Rules provide for a party to respond to discovery requests if the responding party is served by mail. Defendants thus were required to respond to plaintiff's discovery requests by August 13, 2018.

[3] Mr. Woods is referenced in defendants' filings (Docs. 42, 43), and he signed an affidavit on Mr. Jenkins's behalf as his "authorized representative." Doc. 43-1.

*See* Doc. 71-3 (plaintiff's email to defendant Mr. Jenkins and Mr. Woods). Plaintiff represented that neither the letter nor the email were returned as undeliverable. Doc. 87.

Plaintiff then filed a Motion to Compel Responses to Post-Judgment Interrogatories and Requests for Production of Documents (Doc. 70). Judge James granted that motion and required defendants to respond by September 10, 2018 (Doc. 78). Plaintiff sent a copy of the order granting plaintiff's Motion to Compel to defendants via email and U.S. mail overnight delivery. Doc. 87-1. Plaintiff also represented that her counsel tried to call Mr. Jenkins and left a message about "Judgment Debtors' violation of this Court's Order." Doc. 87 at 3.

Then, plaintiff filed a Motion for Order to Show Cause (Doc. 86), and Judge James issued a Citation for Failing to Appear for Judgment Debtor Examination and Order to Show Cause (Doc. 91). In that Order, Judge James set a hearing date of October 18, 2018. Defendants The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc., were served through their registered agent, Griegory Moten, on October 11, 2018 (Docs. 95, 96, & 97). But none of the defendants appeared at the proceedings on October 18. At that hearing, plaintiff orally moved for the court to issue a bench warrant for Mr. Jenkins because of his repeated failure to appear and comply with the court's orders. Doc. 98.

## II.     Analysis

A court can "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401; *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."). Judgment creditors must demonstrate by clear and

convincing evidence that: (1) "a valid court order existed"; (2) "the defendant had knowledge of the order"; and (3) "the defendant disobeyed the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). If the judgment creditor can meet her burden, then the burden shifts to the judgment debtors to provide "evidence showing categorically and in detail why [they are] unable to comply." *United States v. Rylander*, 460 U.S. 752, 755 (1983) (internal quotations omitted).

Here, plaintiff adduces evidence sufficient to satisfy the three elements required for a finding of civil contempt. First, plaintiff directs the court to several clear, valid court orders: Judge James issued an Order granting plaintiff's Motion to Compel Responses to Post-Judgment Interrogatories and Requests for Production of Documents (Doc. 78), as well as a Citation for Failing to Appear for Judgment Debtor Examination and Order to Show Cause (Doc. 91).

Second, defendants knew about these orders. D. Kan. Rule 5.4.9(a) provides that "notice of electronic filing automatically generated by the court's Electronic Filing System constitutes service of the filed document on all parties who have consented to electronic service." *See* Doc. 87 at 5 (citing D. Kan. Rule 5.4.9(a)). A docket annotation on June 21, 2018, shows that defendant Mr. Jenkins registered as a pro se participant in this case, and he thus receives electronic notifications for this case. Also, plaintiff directs the court to defendants' receipt of Judge James's Order granting plaintiff's Motion to Compel through the court's electronic filing system. Doc. 87 at 5. Plaintiff also argues that defendants' filing of their "Answer" (Doc. 90) on September 17, 2018, "indicates they are receiving notifications of [c]ourt filings and docket entries." *Id.* Finally, plaintiff asserts that the Order granting plaintiff's Motion to Compel was sent to defendants via Federal Express and emailed to defendants Mr. Jenkins and Mr. Woods

4

(Doc. 87-3). Plaintiff represents that these documents were mailed to addresses the defendants provided and to business addresses on file with the Kansas Secretary of State. Doc. 87 at 6.

Third, plaintiff argues that the defendants have disobeyed the court's Order because they have not responded to plaintiff's post-judgment discovery requests. *See* Docs. 87 at 6, 78 at 2.

Plaintiff acknowledges that a "per diem fine" imposed against a contemnor who "fails to comply with an affirmative court order" is an alternative, appropriate sanction in civil contempt proceedings. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). But plaintiff cites two cases from other federal district courts recognizing that "accumulating monetary fines are unlikely to provide sufficient incentive when the contemnor does not have assets at risk or is facing other large monetary claims." Doc. 87 at 4 (citing *United States v. Lonnen*, No. 1:15MC44, 2016 WL 4194243, at *7 (M.D.N.C. Aug. 8, 2016) and *FTC v. Think Achievement Corp.*, 14 F. Supp. 2d 1029, 1035 (N.D. Ind. 2001)). The court agrees that, here, per diem monetary penalties, added to the judgment surpassing $8 million against defendants, will not provide an effective incentive for defendants to comply with the court orders they have ignored.

The "purpose of civil contempt is not to punish the contemnor, but rather to coerce the contemnor into compliance with court orders." *O'Connor v. Midwest Pipe Fabricators, Inc.*, CIV. A. No. 85-2301-S, 1990 WL 11065, at *3 (D. Kan. Jan. 3, 1990) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947)). "[I]mprisonment, with the proviso that the contemnor will be released if he complies with the court order, is a proper penalty for civil contempt and the imposition of such a penalty does not make the proceeding criminal." *O'Connor*, 1990 WL 11065, at *3; *see also United States v. Ford*, 514 F.3d 1047, 1051–52 (10th Cir. 2008) (concluding the district court properly held that a contemnor's arrest was appropriate

5

in light of his failure to "provide any responsive testimony or documentation" that the Internal Revenue Service sought). Despite having proper notice, defendants have ignored several orders requiring them to respond to plaintiff's post-judgment discovery requests and show cause why the court should not hold them in contempt. Most recently, defendants failed to appear for a hearing on the court's Citation for Failing to Appear for Judgment Debtor Examination and Order to Show Cause. Given defendants' persistent failures to respond to court orders, the court concludes that "imprisonment may well be the only option available to the court to obtain compliance." *O'Connor*, 1990 WL 11065, at *3.

The court thus concludes that a bench warrant calling for the United States Marshal to apprehend Royall Jenkins is the appropriate sanction for his demonstrated civil contempt for the court. The court grants plaintiff's oral motion for this court to issue a bench warrant for Mr. Jenkins.

**IT IS THEREFORE ORDERED THAT** plaintiff's oral motion for a bench warrant during the October 18, 2018, Show Cause Hearing is granted.

**IT IS FURTHER ORDERED THAT** a Bench Warrant be issued for the arrest of defendant Royall Jenkins and for his prompt appearance before this court.

**IT IS SO ORDERED.**

**Dated this 2nd day of November, 2018, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**