# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

      Plaintiff,

v.

ROYALL JENKINS, et al.,

      Defendants.

Case No. 17-2547-DDC-TJJ

## MEMORANDUM AND ORDER

This matter is before the court because several parties and non-parties alike have filed a variety of motions seeking a broad collection of relief. *See* Docs. 112, 121, & 124. Though their motions cover much ground, all three are based on plaintiff's efforts to collect the judgment in this case. *See* Docs. 40 (granting plaintiff's Motion for Default Judgment), 41 (Judgment in plaintiff's favor). After reviewing the pertinent background, this order decides some of the pending motions and, for other aspects of these motions, establishes procedures to decide the remaining issues.

**I.    Background**

The court entered judgment for plaintiff Kendra Ross against four defendants on May 23, 2018. Doc. 41. Less than 30 days later, defendant Royall Jenkins—one of the four defendants who defaulted on their right to defend the claims asserted in the case and are liable on the court's judgment—moved for a new trial. Doc. 42. The court denied Mr. Jenkins's new trial motion on October 2, 2018. Doc. 93. While Mr. Jenkins's motion was pending, plaintiff began trying to collect on her judgment. Plaintiff began by asking the court to issue a writ of execution. Doc. 45. And the court granted plaintiff's motion, issuing the requested writ in the same order that

denied Mr. Jenkins's new trial motion.  Specifically, the court directed the United States Marshal or other process server to serve a copy of the writ on each of the four defendants/judgment debtors under Kan. Stat. Ann. § 60-2401.  Doc. 93 at 13.

The Clerk of the Court complied, mailing the writ to all four defendants.  Doc. 94.  And on October 11, 2018, the Marshal served the writ personally on Mr. Griegory Moten—the registered agent for defendants The Value Creators LLC, The Value Creators, Inc., and The Value Creators, Inc. f/k/a The United Nation of Islam, Inc.—at an address on Quindaro Boulevard in Kansas City, Kansas.  Docs. 95, 96, & 97.  The Marshal then served a Deputy Assistant Secretary of State for Kansas with the execution writs on November 8, 2018.  Docs. 104, 105, & 106.  Plaintiff apparently takes the position that Kansas law makes the Secretary of State—or his designee—an authorized representative to accept service for the three corporate defendants.  *See* Doc. 45 at 3 (listing the Kansas Secretary of State's Office as one address for the three corporate judgment debtors).

The Marshal's efforts to serve the writ of execution on the fourth defendant/judgment debtor—Mr. Royall Jenkins—didn't go as smoothly.  The Marshal reported that he thrice had tried to serve Mr. Jenkins at a street address Mr. Jenkins himself had used in various court filings.[1]  *See* Doc. 111.  But the Marshal reported that he never could locate Mr. Jenkins at that address.  *Id.*  On November 20, 2018, the Marshal certified that he had failed to serve Mr. Jenkins personally with the Writ of Execution.  *Id.*

---

[1]  Mr. Jenkins had used this exact North 10th Street address in various filings he chose to make with the court.  *See* Doc. 93 at 5–6 (explaining how Mr. Jenkins had used this 10th Street address in his filings and referencing, in particular, Docs. 18 (his "Motion for Writ of Certiorari") and 43 (his Affidavit supporting his request for appointed counsel)).

Plaintiff did not confine her efforts to collect her judgment to these writs of execution. She moved for a Judgment Debtors Examination, which the court held on September 13, 2018. Docs. 53, 60. None of the judgment debtors appeared. Doc. 88. Plaintiff applied for several writs of garnishment from various banks; some of those banks deposited funds with the court. Docs. 48, 49, 50, 51, 54, 56, 58, 59, 72, 73, 79, & 82 (applications for writs of garnishment, orders issuing writs of garnishment, and orders granting plaintiff's motions to deposit funds). Plaintiff moved to compel the judgment debtors to respond to post-judgment discovery requests, which they failed to do. Docs. 70, 78. The judgment debtors again failed to appear, as ordered by the court, to show cause why they should not be punished for contempt of court for failing to appear for their Judgment Debtors Examination. Docs. 86 (plaintiff's Motion for Order to Show Cause), 91 (order granting motion), 98 (minute entry for the October 18, 2018, Show Cause Hearing).

Plaintiff also secured subpoenas seeking to require Ephraim J. Woods, Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. McIntosh to appear for depositions on November 13 and 14, 2018. *See* Doc. 113-1. Plaintiff's process servers filed Affidavits of Service asserting that they had served three of the witnesses—Messrs. Woods, Moten, and McIntosh—on November 2, 2018. Doc. 113-2 at 6, 11, 20. Specifically, the process server's affidavits reported that, "per attorney[] request," she had posted the subpoenas for Mr. Woods, Mr. Moten, and Mr. McIntosh at the Quindaro Boulevard address where, earlier, the Marshal had served Mr. Moten with the Writ of Execution. *Id.* at 3, 8, 17. Also, the process server delivered the subpoenas for these three witnesses to a woman residing at the witnesses' "usual place of abode"—the address on North 10th Street in Kansas City, Kansas, that Mr. Jenkins had used in his filings with the court. *Id.* at 5–6, 10–11, 19–20. The process server's affidavits represented that she had

3

delivered these subpoenas to a "co-occupant" of the 10th Street address who had refused to divulge her name. *Id.* at 6, 11, 20. The server's affidavits described this co-occupant as a woman "approximately 43+"-years-old who was wearing a hat. *Id.* The server also estimated the co-occupant's height and weight. *Id.*

The efforts to serve Mr. Abdel-Khaliq followed a different path. The process server's Proof of Service form reports that he could not locate the witness at his office address on Minnesota Avenue in Kansas City, Kansas. Doc. 113-2 at 14–15. Another process server, reportedly acting on counsel's direction, also tried to serve Mr. Abdel-Khaliq at another office address on Meadowlark Lane in Kansas City, Kansas. Doc. 113-2 at 13. Evidently, the server did not locate the witness there, so she "post[ed]" the subpoena at the Meadowlark Lane address "per [a]ttorney request." *Id.*

The record submitted with plaintiff's motion also establishes that none of the four witnesses appeared at the time and place that each deposition subpoena designated. Doc. 113-3. Plaintiff responded by filing one of the motions addressed in this order. *See* Docs. 112 & 113. That motion—asserting that all four witnesses had failed to appear as ordered in their deposition subpoenas—seeks an order directing the witnesses to show cause why the court should not hold them in contempt. Doc. 112. Two days after plaintiff had filed her motion seeking a show cause order, three of the absent witnesses—Messrs. Moten, Woods, and McIntosh—each made his own filing. Docs. 114–116. All three filings are virtually identical to one another, so the court discusses them together in greater detail in Part II.

A fourth person—Dana M. Peach—filed Doc. 117 on the same day that Messrs. Moten, Woods, and McIntosh had filed Docs. 114–116. Dana Peach's filing is virtually identical to the other three non-party filings. All four are labeled in the same unusual fashion: "NOTICE AND

DEMAND COUNTERCLAIM." And, while the four filings appear to request some form of relief, their content also suggests the filers intended them, at least in part, to respond to plaintiff's show cause motion (Doc. 112). *See* Docs. 114–117 at ¶ 8 ("[T]he 'personal' service owed to [name of filer] was in fact, personally served on a building. The building is permanently attached to the ground on a solid foundation and therefore, is unable to appear for a deposition, unless Plaintiffs [sic] would like to come get the building they served but that would mean this deposition may need to be relocated.").[2]

The subpoenas engendered even more developments and, ultimately, the three motions addressed in this order. The court provides more procedural history, as pertinent to each motion, in Part II.

## II. Analysis: The Three Pending Motions

Trying to bring some order to things, the court, in its discretion, divides the pending requests for relief into two parts, below. First, in Part A, the court considers plaintiff's Motion for Order to Show Cause (Doc. 112). Then, in part B, the court addresses: (1) the "Request for In Camera Hearing [to] Show Cause to Dismiss All Action [Under] Fed. R. Civ. P. 60 [for] Fraud Upon the Court" (Doc. 124), filed by non-party Ephraim Woods, Jr.; and (2) plaintiff's Motion to Strike Documents Filed by Non-Parties Moten, Woods, McIntosh, and Peach (Doc. 121).

---

[2]  Dana Peach has a related but distinct procedural history in this case. Evidently, plaintiff claims she served Dana Peach with a subpoena demanding production of certain documents. *See* Doc. 122-3. The return of service reports that the process server served Dana Peach with the subpoena by posting it at the same North 10th Street address in Kansas City, Kansas, where plaintiff had served the alleged co-occupant of Messrs. Woods, Moten, and McIntosh. Doc. 122-3. But Dana Peach's filing uses a Baltimore, Maryland, address. Doc. 117 at 3.

5

**A. Plaintiff's Motion for Order to Show Cause Why Non-Parties Ephraim J. Woods, Jr., Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. McIntosh Should Not be Held in Contempt of Court (Doc. 112).**

In Doc. 112, plaintiff asks the court to enter a show cause order. In her supporting Memorandum (Doc. 113) she argues the court should order the four persons purportedly served with deposition subpoenas—Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh—to show good cause why they shouldn't be held in contempt. Plaintiff also asks the court to issue an order compelling each of these four witnesses to appear for his deposition, though this part of plaintiff's motion is complicated by the state line boundary separating this judicial district from the place where the subpoena had commanded the witnesses to appear. *See* Doc. 113 at 1 n.1.[3]

The memorandum supporting plaintiff's motion correctly explains that a witness who fails to comply with a valid subpoena has defied a court order, and the court may sanction and hold the witness in contempt for his defiance. *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring in the judgment) (courts empowered to prosecute for contempt "those who . . . disobey orders necessary to the conduct of [their] business (such as subpoenas)"); *United States v. Bryan*, 339 U.S. 323, 331 (1950) (subpoena not "an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase"); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the

---

[3] Plaintiff's Memorandum recites that, consistent with Federal Rule of Civil Procedure 37(a)(2), she has filed a Motion to Compel in the United States District Court for the Western District of Missouri, the judicial district encompassing the location where the witnesses were to appear and testify. Plaintiff also reports that she has asked that court to transfer her motion to this court, under Rule 45(f). But, to date, the Missouri court hasn't transferred the motion. *See* Motion to Compel Non-Parties Ephraim J. Woods, Jr., Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. McIntosh to Appear for Depositions, *Ross v. Jenkins*, No. 4:18-mc-09025-HFS (W.D. Mo. Nov. 27, 2018), ECF No. 1 (Miscellaneous Case initiated Nov. 27, 2018).

responsibility of every citizen to respond to this mandate . . . and it is within the court's power to force that response." (citations omitted)). Also, a federal statute expressly authorizes federal courts to impose fines and even imprisonment to punish contemptuous conduct such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). The primary purpose of any civil contempt sanction is to enforce compliance with the court order and compensate parties injured by a failure to comply. *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000) (quoting *Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438, 1442 (10th Cir. 1998)).

As referenced above, it appears that three of the putative witnesses intended for their filings to serve as responses to plaintiff's show cause motion. In Docs. 114, 115, and 116, Messrs. Moten, Woods, and McIntosh make a wide range of arguments. Some are difficult to follow,[4] but others appear pertinent to the contempt request made in plaintiff's motion. Namely, the eighth paragraph of all three filings contends that "the 'personal' service owed to Griegory-

---

[4] *E.g.*, "Whereas, Attorney Elizabeth A. Hutson is a Federal Bar Attorney and is required to comply with Bar rules of ethic as pre [sic] 8.4 of the ABA and Federal Bar Association guidelines . . . and [she] has failed to do so." Doc. 114 at 2 (Moten Notice and Demand Counterclaim at ¶ 3). The court doesn't recognize the source of authority this argument cites, and even if it did, the court can't discern its relevance to the current disputes.

Some of the non-parties' other arguments are stated clearly, but they have no place in this case. For example, the filers invoke the federal wire fraud statute, 18 U.S.C. § 1343, and briefly recite the elements of a criminal charge under this provision. Doc. 114 at 1–2. The reference to this statute is a non-sequitur. Private parties lack standing to prosecute others for crimes under federal criminal statutes. *Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) ("The law is crystal clear: 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.' [Plaintiff], a private citizen, has no standing to initiate federal criminal prosecutions." (citations omitted)). Also, the non-parties' filings seem to suggest that they plan to present defenses to the claims asserted against defendants. *See, e.g.*, Doc. 114 at 2 (arguing that plaintiff received "free housing, free food, free education, free medical, etc."). Meritorious or not, neither Mr. Moten nor Mr. Woods nor Mr. McIntosh can undertake a defense against the case's claims. For one thing, they are not members of the bar, so they cannot advocate for others. *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) ("Non-attorney pro se litigants cannot represent other pro se parties."). Also, defendants have defaulted on their right to defend against the case's claims. It is the judgment that matters now—not the claims.

L,moten was in fact, personally served on a building." Doc. 114 at 2. The court construes this language generously, viewing it to challenge the validity of service of the deposition subpoenas.

As explained earlier, the record presented with plaintiff's motion establishes that the subpoenas for Messrs. Moten, Woods, and McIntosh were served—in plaintiff's view, at least—by handing them to a co-occupant of the witnesses' usual place of abode, *see* Doc. 113-2 at 6, 11, & 20, and posting them at a location associated with the witnesses, *see* Doc. 113-2 at 3, 8, & 17. But Rule 45 doesn't authorize this as a proper means for serving a subpoena, at least not explicitly. Instead, it provides, "Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1).

This court and some others have recognized that "delivering a copy [of the subpoena] to the named person" can include methods of service other than direct, hand-over-hand personal service. *See W. Res., Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) ("[T]his Court thus joins those holding that effective service under Rule 45 is not limited to personal service. The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service. . . . [T]he alternative service . . . [must] reasonably insure[] actual receipt of the subpoena by the witness[.]" (citing *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997))); *Yost v. K. Truck Lines, Inc.*, No. 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means of service. The Court will only require that service be made in a manner that reasonably insures actual receipt of the subpoena by the trial witness." (citing *King*, 170 F.R.D. at 356)).

But these interpretations require reasonable assurance that the subpoenaed witness actually received the subpoena. For example, in *Yost*, a party sent a subpoena via certified mail. 2006 WL 8440101, at *2. And in *Western Resources*, a party: (1) left the subpoena in a witness's mailbox; and (2) sent the subpoena via Federal Express to the witness, who didn't sign for the delivery but had executed an ongoing signature waiver for items delivered by Federal Express. 2002 WL 1822432, at *1. In both cases, the methods of service "reasonably insure[d] actual receipt of the subpoena by the trial witness." *Yost*, 2006 WL 8440101, at *2. Here, plaintiff has not yet shown that her process servers' methods met this standard.

Perhaps plaintiff can demonstrate that delivering or posting a subpoena in the fashion used by her process servers fulfills Rule 45's directive. But if that proposition is a truth, it is not a self-evident one. Plaintiff's papers cite no authority to support her implicit premise. Given this unresolved concern, the court defers its decision on the portion of Doc. 112 seeking a contempt citation. The court grants, however, the part of plaintiff's motion requesting a show cause order and, in the following paragraph, establishes procedures to govern the undecided portion of plaintiff's motion.

Specifically, the court orders Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh to show good cause in writing why the court should not hold them in contempt for failing to appear for their depositions, as ordered in the deposition subpoenas shown in Doc. 113-1. Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh must explain, in writing, why the court should not hold them in contempt by filing a written response to plaintiff's motion (Doc. 112) with the Clerk of the Court no later than **January 18, 2019**.

In addition, on **January 25, 2019, at 1:30 p.m.**, the court will conduct a hearing on plaintiff's motion and the sufficiency of any showing made by Messrs. Woods, Moten, Abdel-

9

Khaliq, and McIntosh's responses to plaintiff's motion (Doc. 112). This hearing will take place in **Courtroom 476** of the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. Failure to appear for this hearing will waive any opportunity to be heard further on this matter.[5]

The court directs the Clerk of the Court to mail—via regular mail and Certified Mail—written notice of this hearing: (a) to Mr. Woods, Mr. Moten, and Mr. McIntosh at the address each of them used in Docs. 114, 115, and 116; and (b) to Mr. Abdel-Khaliq at 1333 Meadowlark Lane, Suite 203, Kansas City, Kansas, 66102 and 630 Minnesota Avenue, Suite 230, Kansas City, Kansas, 66101.

Finally, the court directs plaintiff, no later than **January 18, 2019**, to file a supplemental memorandum in support of her motion. This supplemental filing should address the service issue discussed in this section. It must not exceed 10 pages.

### B. Non-Party Ephraim Woods, Jr.'s Request for In Camera Hearing [to] Show Cause to Dismiss All Action [Under] Fed. R. Civ. P. 60 [for] Fraud Upon the Court (Doc. 124) and Plaintiff's Motion to Strike Documents Filed by Non-Parties Moten, Woods, McIntosh, and Peach (Doc. 121)

Next, the court considers one non-party's request for a hearing.

On December 14, 2018, non-party Ephraim Woods, Jr. signed and filed a "Request for In Camera Hearing." Doc. 124. In it, Mr. Woods asks for an in-camera hearing, and he asserts that he makes that request for Mr. Moten, Mr. McIntosh, and Dana Peach as well. Mr. Woods's filing argues that plaintiff and her counsel of record have committed "fraud upon the Court by [m]isuse of federal statutes in order to gain unjust enrichment by fraud and deception practices

---

[5] If any party or non-party claims that attending this hearing in person will impose undue hardship, it may file a motion asking to appear by telephone no later than **January 18, 2019**.

and misuse of undue influence." *Id.* at 1.  Finally, near the end of his motion, Mr. Woods asserts that the alleged fraud "requires [r]emedy on behalf of Royall, jenkins and all others." *Id.* at 2.

The court begins with an obvious deficiency in Mr. Woods's filing: only Mr. Woods has signed it.  *See* Doc. 124 at 2–3.  While a party or non-party may represent himself in court proceedings, he cannot represent others unless he is admitted as a member of this court's bar. *See Perry*, 20 F. App'x at 782 ("Non-attorney pro se litigants cannot represent other pro se parties.").  The court's records show that Mr. Woods is not admitted to practice before our court, so the court denies all aspects of Doc. 124 that request relief for Mr. Moten, Mr. McIntosh, Dana Peach, and defendant Royall Jenkins.

As for the relief that Mr. Woods's motion seeks for himself, the court grants his motion in part and denies it in part.  His motion asks for a hearing.  The court grants that part of the motion.  The court will conduct the hearing sought by Mr. Woods on **January 25, 2019, at 1:30 p.m. in Courtroom 476** of the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas.  But the court denies Mr. Woods's request for an in-camera hearing.

Closed hearings are not favored absent special circumstances.  *See Levine v. United States*, 362 U.S. 610, 615 (1960) ("[D]ue process demands appropriate regard for the requirements of a public proceeding in cases of criminal contempt, as it does for all adjudications through the exercise of the judicial power, barring narrowly limited categories of exceptions such as may be required by the exigencies of war, or for the protection of children." (internal citations omitted)); *Gannett Co. v. DePasquale*, 443 U.S. 368, 382 (1979) ("There can be no blinking the fact that there is a strong societal interest in public trials.  Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally

11

give the public an opportunity to observe the judicial system."). Mr. Woods's motion provides no reason justifying an in-camera hearing, much less a sufficient reason. The court denies Mr. Woods's request in Doc. 124 for an in-camera hearing.

The court also will hear argument on plaintiff's Motion to Strike Documents Filed by Non-Parties Moten, Woods, McIntosh, and Peach (Doc. 122) at the January 25, 2019, hearing. The arguments plaintiff makes to support her motion appear closely related to Mr. Woods's motion. In its discretion, the court elects to hear arguments on these two motions together.

**IT IS THEREFORE ORDERED BY THE COURT THAT** non-parties Ephraim Woods, Jr., Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. McIntosh must show good cause why the court should not hold them in contempt for failing to appear for their depositions, as required by the deposition subpoenas shown in Doc. 113-1. Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh must explain why the court should not hold them in contempt by filing a written response to plaintiff's motion (Doc. 112) with the Clerk of the Court no later than **January 18, 2019**.

**IT IS FURTHER ORDERED THAT** the court will conduct a hearing on **January 25, 2019, at 1:30 p.m.** to determine the sufficiency of any showing made by Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh's response to this order. This hearing will take place in **Courtroom 476** of the Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. If Messrs. Woods, Moten, Abdel-Khaliq, and McIntosh fail to appear for this hearing, they will waive the opportunity to be heard further on the question whether the court should hold them in contempt. If any party or non-party claims that attending this hearing in person will impose undue hardship, that person may file a motion asking to appear by telephone no later than **January 18, 2019**.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court must mail—via regular mail and Certified Mail—written notice of this hearing to Mr. Woods, Mr. Moten, and Mr. McIntosh at the address each of them used in Docs. 114, 115, or 116. It is further ordered that the Clerk of the Court must mail—via regular mail and Certified Mail—written notice of this hearing to Mr. Abdel-Khaliq at: (a) 1333 Meadowlark Lane, Suite 203, Kansas City, Kansas, 66102; and (b) 630 Minnesota Avenue, Suite 230, Kansas City, Kansas, 66101.

**IT IS FURTHER ORDERED THAT** plaintiff, no later than **January 18, 2019**, must file a supplemental memorandum supporting her Motion for Order to Show Cause (Doc. 112). This supplemental filing should address the court's concerns about the sufficiency of service of the subpoenas on the non-parties. Plaintiff's supplemental memorandum must not exceed 10 pages.

**IT IS FURTHER ORDERED THAT** Mr. Woods's request for hearing in Doc. 124 is granted in part, denied in part, and left unresolved in other respects. Specifically, the court grants Mr. Woods's request for a hearing. The hearing Mr. Woods seeks will occur at the time and place specified earlier in this order. The court denies, however, the portions of Mr. Woods's motion seeking an in-camera hearing or relief for any person other than himself. Any other request his motion makes will be resolved at a later date.

**FINALLY, IT IS ORDERED THAT** the court will conduct a hearing on the undecided portions of Docs. 121 and 124 on **January 25, 2019**.

**IT IS SO ORDERED.**

**Dated this 4th day of January, 2019, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**