# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRA ROSS, ) | |
| ) | |
| Plaintiff-Judgment Creditor, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-02547-DDC-TJJ |
| ) | |
| ROYALL JENKINS, et al., ) | |
| ) | |
| Defendants-Judgment Debtors. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Judgment Creditor's Motion to Quash Subpoenas (ECF No. 142). Judgment Creditor Kendra Ross seeks an order quashing Rule 45 subpoenas served on her and her counsel, Elizabeth Hutson, by Ephraim Woods. Mr. Woods opposes the motion. As set forth below, the Court will grant the motion.

**I.  Relevant Background**

In an effort to obtain satisfaction of the judgment Plaintiff obtained in this case against Defendants (who are now Judgment Debtors), Plaintiff's counsel has served subpoenas for deposition and for documents on various non-parties, including Ephraim Woods. When Mr. Woods failed to respond to the deposition subpoena or appear for his deposition, Plaintiff filed a Motion for Order to Show Cause against him.[1] On January 4, 2019, District Judge Crabtree entered an order setting a hearing for January 25, 2019 to consider that motion and other matters in this case.

---

[1] ECF No. 112. Plaintiff's motion for a show cause order also seeks the same relief against non-parties Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. McIntosh.

On January 8, 2019, using the caption of this case, Mr. Woods issued two *Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action*, with one addressed to Kendra Ross[2] and the other to Elizabeth A. Hutson.[3] Three days later, a process server delivered both subpoenas to Ms. Hutson.[4] The subpoenas designate the location and time of the January 25 hearing before Judge Crabtree as the appearance time and place for Kendra Ross and Elizabeth A. Hutson, and further direct each to bring "personal payroll records, utility bills, grocery receipts, fuel receipts etc."[5]

Mr. Woods attended the January 25 hearing, as did Messrs. Abdel-Khaliq, McIntosh, and Moten. While Judge Crabtree issued certain oral rulings during the hearing and intends to follow with a written order, he did not rule on Judgment Creditor's Motion to Quash Subpoenas. Following the hearing, Judge Crabtree referred the instant motion to the undersigned Magistrate Judge for ruling.

Counsel for Judgment Creditor states that she attempted to confer with Mr. Woods via telephone before filing this motion, but she received no response. The Court finds Judgment Creditor has complied with the requirements of D. Kan. R. 37.2.

## II. Summary of the Arguments

Judgment Creditor asserts the subpoenas are procedurally defective in various ways, they exceed the scope of discovery and would unduly prejudice Judgment Creditor and her counsel,

---

[2] ECF No. 143-1 at 2-3.

[3] *Id.* at 4-5.

[4] *See* ECF No. 143 at 3.

[5] ECF No. 143-1 at 2, 4.

and that a subpoena to a party's lawyer is improper. Mr. Woods takes issue with the alleged procedural flaws and challenges the allegations of the complaint on which judgment has been entered.

## III. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[6] Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden."[7]

## IV. Analysis

Ephraim Woods is not and has never been a party to this action. Neither is he an attorney authorized to practice law in this district.[8] As such, he is not entitled to issue subpoenas that command a person's appearance and testimony at a hearing or trial, or that require a person to produce documents. Federal Rule of Civil Procedure 45 specifies by whom subpoenas may be issued: "The clerk must issue a subpoena, signed but otherwise in blank, to a **party** who requests it. . . . An attorney may also issue and sign a subpoena if the attorney is authorized to practice in the issuing court."[9] On that basis alone, the Court grants Judgment Creditor's motion.

---

[6] Fed. R. Civ. P. 45(d)(1).

[7] Fed. R. Civ. P. 45(d)(3)(A).

[8] *See* Memorandum and Order dated January 22, 2019 (ECF No. 155) at 2 n.1 (noting the court's records show Mr. Woods is not admitted to practice before this court).

[9] Fed. R. Civ. P. 45(a)(3).

The Court also notes that in completing the subpoenas, Mr. Woods identifies himself as the attorney representing Kendra Ross and Elizabeth Hutson.[10] The Court cautions Mr. Woods against holding himself out as a lawyer licensed to practice in this court.

**IT IS THEREFORE ORDERED** that Judgment Creditor's Motion to Quash Subpoenas (ECF No. 142) is granted.

Dated this 29th day of January, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[10] *See* ECF No. 143-1 at 2, 4.