# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRA ROSS, ) | |
| ) | |
| Plaintiff-Judgment Creditor, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-02547-DDC-TJJ |
| ) | |
| ROYALL JENKINS, et al., ) | |
| ) | |
| Defendants-Judgment Debtors. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Non-Party Marvin L. McIntosh's Motion for Extension of Time to Comply with Subpoena (ECF No. 170), in which he seeks a 90-day extension of time pursuant to Fed. R. Civ. P. 6(b)(1)(A) to comply with a document subpoena served by Plaintiff-Judgment Creditor. In her response, Plaintiff-Judgment Creditor opposes the motion but offers certain accommodations. For reasons set forth below, the Court will grant the motion insofar as it seeks an extension of time, but will deny the motion insofar as it seeks 90 days for the extension.

On February 1, 2019, Plaintiff-Judgment Creditor served a document subpoena on non-party Marvin L. McIntosh, with a production date of February 15, 2019.[1] On February 14, 2019, McIntosh filed this motion seeking a 90-day extension of time to produce documents responsive to the subpoena. Plaintiff-Judgment Creditor timely responded. Because McIntosh did not file a reply by the March 11, 2019 deadline, this motion is now ripe.

---

[1] *See* ECF No. 173-1 at 3.

McIntosh asserts that the subpoena seeks documents of "extreme volume" dating back to January 1, 2008, and that gathering them is a very burdensome task. He states he will comply with the subpoena, but that it was impossible to do so by February 15, 2019. Instead, McIntosh confirms he will be able to satisfy the subpoena's requests by May 16, 2019.

Plaintiff-Judgment Creditor points out that McIntosh failed to confer with her in advance of seeking this extension as required by this Court's local rule, D. Kan. R. 37.2. In addition, Plaintiff-Judgment Creditor argues that McIntosh fails to meet the good cause standard imposed by Fed. R. Civ. P. 6(b)(1) and D. Kan. R. 6.1(a). Although she urges the Court to deny the motion on these grounds, Plaintiff-Judgment Creditor offers to extend McIntosh's response deadline by two weeks, arrange for a copy service to assist him in copying the documents, and accept a rolling production of documents.

Although McIntosh has offered only generalized statements about the number of documents the subpoena requires and the time period they span, the Court appreciates that gathering the documents requires some effort. On the other hand, in November 2018 Plaintiff-Judgment Creditor served a nearly identical document subpoena on McIntosh, and he made no apparent effort to comply. Plaintiff-Judgment Creditor is entitled to the documents she seeks pursuant to a valid Rule 45 subpoena, and the Court will require McIntosh to comply. Accordingly, it is hereby

**ORDERED** that Non-Party Marvin L. McIntosh's Motion for Extension of Time to Comply with Subpoena (ECF No. 170) is granted in part and denied in part as follows. No later than **March 19, 2019**, Marvin L. McIntosh shall contact Plaintiff-Judgment Creditor's counsel, Elizabeth A. Hutson, by telephone or email to advise her of his progress in gathering responsive

documents and discuss with her details of any copying service assistance counsel is willing to arrange.

**IT IS FURTHER ORDERED** that thereafter, Marvin L. McIntosh shall immediately produce responsive documents in his custody or control, withholding nothing because he failed to timely object to any portion of the subpoena.

**IT IS FURTHER ORDERED** that no later than **April 2, 2019**, Marvin L. McIntosh shall produce to Plaintiff-Judgment Creditor all documents responsive to the document subpoena.

Dated this 13th day of March, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge