# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

        Plaintiff,

v.

        Case No. 17-2547-DDC-TJJ

ROYALL JENKINS, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on several motions filed by non-parties. On January 25, 2019, the court held a hearing on some of the pending motions in this case. *See* Doc. 178. Since then, several non-parties have filed motions. The court addresses the motions, all filed by non-parties, in this following fashion: (1) non-party Ephraim Woods's Motion to Dismiss (Doc. 124); (2) Mr. Woods's second Motion to Dismiss (Doc. 197); (3) Mr. Woods's Motion to Strike (Doc. 201); (4) non-party Dana Peach's Motion to Dismiss (Doc. 133); (5) Ms. Peach's Motion to Vacate (Doc. 183); (6) non-party Marvin McIntosh's Motion to Dismiss (Doc. 135); (7) non-party Griegory Moten's Motion to Dismiss (Doc. 137); (8) Mr. Moten's Motion to Vacate (Doc. 182); (9) non-party Irma Dorsey's Motion to Dismiss (Doc. 198); and (10) Ms. Dorsey's Motion to Strike (Doc. 202).

**I.    Motions to Dismiss and Motions to Vacate (Docs. 124, 133, 135, 137, 182, 183, 197, & 198)**

All of the movants have moved to dismiss this action, and Mr. Moten and Ms. Peach have asked the court to vacate the judgment. Docs. 124, 133, 135, 137, 182, 183, 197, & 198. But, none of the movants is a party in this case. In all eight motions seeking to dismiss or vacate, each movant has added his or her name to the case caption as if that made the movant party to

this action. As the court has explained several times before, word processing sleight of hand is no substitute for complying with the Federal Rules of Civil Procedure. Those rules do not authorize strangers to the action to insert themselves as parties simply by making a filing that says it's so. Plaintiff has asserted no claims against them, and the court has entered no judgment against them. The court thus denies the Motions to Dismiss (Docs. 124, 133, 135, 137, 197, & 198) and Motions to Vacate (Docs. 182 & 183) filed by the non-party movants named above.

## II. Motions to Strike (Docs. 201, 202)

Second, two movants ask the court to strike plaintiff's Opposition in Response (Doc. 200) to a motion filed by Mr. Woods titled, "Motion for Objection to Default Motion Under Rule 55" (Doc. 195). Docs. 201, 202. The non-parties who filed these motions—Mr. Moten and Ms. Dorsey—appear to seek relief on behalf of themselves, as non-parties, and other named defendants. Doc. 201 at 2; Doc. 202 at 2. The named defendants include several business organizations. But, neither movant is admitted to practice as a member of this court's bar. This poses two problems.

First, in federal court, only an attorney admitted as a member of this court's bar may represent a business organization. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")); *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006) (collecting cases). Because neither Mr. Woods nor Ms. Dorsey are admitted to practice before our court, neither of them can seek relief for the corporate defendants in this case. Second, and to the extent that Mr. Woods and Ms. Dorsey seek relief for individuals, they have the same problem. "Non-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, No. 00-2411, 2001 WL

1158997, at *1 (10th Cir. Sept. 28, 2001) (citing 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel")). The docket reflects that no attorney admitted to practice before this court has entered an appearance on behalf of defendant Royall Jenkins, the only individual defendant in this case. So, neither Mr. Woods nor Ms. Dorsey may file motions on behalf of Mr. Jenkins or otherwise purport to represent him. Thus, the court liberally construes their motions as requests made on their own behalf.

When considering the parties' motions, the court is guided by the standard governing the right of access to judicial records because Mr. Woods and Ms. Dorsey's motions seek to strike a public filing from this case's docket. The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But, this right is not an absolute one. *Id.* at 598. For example, a court may invoke its "supervisory power over its own records and files" to deny access to "court files [that] might have become a vehicle for improper purposes." *Id.* (citations omitted). A party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted). The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of public access. *Id.* (citation and internal quotation marks omitted).

This legal standard thus requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See, e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149. Judges must

utilize this discretion "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Mr. Woods and Ms. Dorsey's motions are identical—both argue that they are being targeted and threatened by subpoenas and that they have suffered personal and business consequences because of this suit. Mr. Woods and Ms. Dorsey also object to plaintiff's counsel Gillian Chadwick's activities in the case. Finally, Mr. Woods and Ms. Dorsey challenge the merits of plaintiff's action. But, neither movant explains why the court should strike plaintiff's response to Mr. Woods's earlier filing. Because neither Mr. Woods nor Ms. Dorsey has carried the burden to rebut the presumption of public access to court records, the court denies their Motions to Strike (Docs. 201 & 202).

### III.    Conclusion

For the reasons explained above, the court denies all the non-parties' motions discussed in this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** movant Ephraim Woods's Motion to Dismiss (Doc. 124) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Ephraim Woods's Motion to Dismiss (Doc. 197) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Ephraim Woods's Motion to Strike (Doc. 201) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Dana Peach's Motion to Dismiss (Doc. 133) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Dana Peach's Motion to Vacate (Doc. 183) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Marvin McIntosh's Motion to Dismiss (Doc. 135) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Griegory Moten's Motion to Dismiss (Doc. 137) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Griegory Moten's Motion to Vacate (Doc. 182) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Irma Dorsey's Motion to Dismiss (Doc. 198) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** movant Irma Dorsey's Motion to Strike (Doc. 202) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of June, 2019, at Kansas City, Kansas.**

            **s/ Daniel D. Crabtree**
            **Daniel D. Crabtree**
            **United States District Judge**