# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

        Plaintiff,

v.

ROYALL JENKINS, et al.,

        Defendants.

Case No. 17-2547-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes before the court on a "Response to Deposition" filed by movants Ephraim Woods, Griegory Moten, and Dana Peach. Doc. 169. The court construes this filing to make the following requests: a request to quash plaintiff's subpoenas; a request for a protective order; a request for a permanent injunction; a request for sanctions; a motion to dismiss; and a motion to dismiss the Bench Warrant for defendant Royall Jenkins. For reasons explained below, the court denies the motion in its entirety.

## I. Background

Movants Woods, Moten, and Peach assert that they don't possess the documents and information plaintiff seeks from them. They argue that this information is irrelevant, and that plaintiff's counsel has harassed them with "[s]ubpoenas, [p]hone calls, mailings and emails." Doc. 169 at 10. They seek a permanent injunction to prevent plaintiff from "subpoenaing [them] and seeking testimony, records or anything pertaining to this case from [any] people other than the proper officials that were in charge of The United Nation of Islam." *Id.* Also, they ask the court to issue a protective order prohibiting plaintiff from serving them with subpoenas requesting documents. And, they seek sanctions against plaintiff and her counsel. Finally,

movants ask the court to dismiss the Bench Warrant issued for defendant Royall Jenkins (Docs. 101, 102) and dismiss this case.

Plaintiff responds, asserting that she has deposed Woods, Moten, and Peach, but that they have not responded to subpoenas to produce documents plaintiff served on each movant on February 1, 2019. Movants instead filed a "Response to Deposition" (Doc. 169) on February 14, 2019—one day before their deadline to respond to the subpoenas. *See* Doc. 179-1; Doc. 179-2; Doc. 179-3. Plaintiff contends that movants have not satisfied the standards for granting any of the relief they request. Plaintiff also argues, because the court entered judgment in May 2018, that the motion tries to relitigate the merits of the case improperly.

The court discusses each of the six requests made by movants in Part II, below.

## II. Analysis

### A. Motion to Quash

Federal Rule of Civil Procedure 45 governs subpoenas. Specifically, Rule 45(d)(3) requires the court to quash or modify a subpoena that

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). "Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses." *In re Subpoena of Justin Works*, No. 18-cv-2637-DDC-TJJ, 2018 WL 6725385, at *2 (D. Kan. Dec. 21, 2018). But, "[t]he party . . . moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be

2

protected." *Ledbetter v. City of Topeka*, No. 99-2489-CM, 2001 WL 311196, at *2 (D. Kan. Mar. 7, 2001) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

Also, our court consistently has applied the following standard when deciding motions to quash:

> Fed. R. Civ. P. 26(c) requires that all motions for Rule 26(c) protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The Court requires Rule 26 motions to "'describe with sufficient particularity the parties' efforts to resolve th[e] dispute' and show that the parties in good faith conversed, conferred, compared views, consulted and deliberated regarding the dispute or made a good faith attempt to do so." In addition, D. Kan. Rule 37.2 provides in relevant part:
>
> "The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) . . . and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.
>
> 'Reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."

*Nationwide Mut. Ins. Co. v. Briggs*, No. 11-CV-2119-JTM-DJW, 2011 WL 5903536, at *1–2 (D. Kan. Nov. 23, 2011) (first quoting Fed. R. Civ. P. 26(c); then quoting D. Kan. Rule 37.2); *see also Smith v. TFI Family Servs., Inc.*, No. 17-02235-JWB-GEB, 2019 WL 266234, at *1 (D. Kan. Jan. 18, 2019) (describing compliance with D. Kan. Rule 37.2 as "a threshold matter").

Our court has addressed the merits of motions to quash and concluded that a movant seeking to quash a discovery request had conferred sufficiently with the requesting party—even if the movant had not adhered precisely to the requirements in Rule 26 or D. Kan. Rule 37.2. *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2017 WL 1106257, at *4 n.21 (D. Kan. Mar. 24, 2017) ("Although the spirit of the rules might impose a conference

requirement, the court [may] exercise[] its discretion to adjudicate [the] dispute."); *Gilkey v. ADT Sec. Servs., Inc.*, No. 11-1369-JAR, 2012 WL 3143872, at *4 (D. Kan. Aug. 2, 2012) ("While Plaintiff may not have indicated that he was preparing to file a motion to compel, defense counsel was aware that potential issues existed relating to the discovery responses. The Court will not deny Plaintiff's motion on the basis of this procedural issue."); *Terry v. Unified Gov't of Wyandotte Cty.*, No. 09-2094-EFM/KGG, 2011 WL 795816, at *3 (D. Kan. Mar. 1, 2011) (declining to deny motion to quash where plaintiff "contributed significantly to the compliance failure"). "In determining whether the movant's efforts to confer were reasonable, the court 'looks at all the surrounding circumstances.'" *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014).

Here, movants never certify that they have conferred in good faith with plaintiff to resolve the concerns they have with plaintiff's subpoenas, as Rule 26(c) and D. Kan. Rule 37.2 require. *See Nationwide Mut. Ins. Co.*, 2011 WL 5903536, at *1–2. Plaintiff asserts—and movants don't dispute their statement. Movants filed their request to quash the subpoenas one day before the response deadline and failed to meet and confer with plaintiff about any issues they had with the discovery requests. The docket also does not reflect that plaintiff and movants ever conferred about any discovery issues. Because movants have made no effort to comply with the requirements in Rule 26 or D. Kan. Rule 37.2, the court exercises its discretion and denies their motion to quash.

### B. Motion for Protective Order

Federal Rule of Civil Procedure 26(c) governs protective orders. Generally,

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The

> court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c).

The current motion provides no grounds for a protective order to issue. The decision "[w]hether to enter a protective order rests within the sound discretion of the court." *Burnett v. W. Res., Inc.*, No. CIV. A. 95-2145-EEO, 1996 WL 134830, at *2 (D. Kan. Mar. 21, 1996). And, to demonstrate good cause, the party moving for a protective order "must submit 'a particular and specific demonstration of fact, as distinguished from stereo-typed and conclusory statements.'" *Id.* (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). Put more specifically, the party or non-party moving for a protective order:

> cannot escape compliance with discovery requests by mere conclusory assertions that a request is overly broad and burdensome. It has the burden to support such objections. It "cannot rely on some generalized objections, but must show specifically how each interrogatory or request is burdensome and/or overly broad by submitting affidavits or some detailed explanation as to the nature of the claimed burden."

*Id.* (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990)).

Again, movants in this case never certify that they have conferred in good faith with plaintiff to resolve the disputes they have about plaintiff's subpoenas, as Rule 26(c) and D. Kan. Rule 37.2 require. *See Nationwide Mut. Ins. Co.*, 2011 WL 5903536, at *1–2. And, their motion explains that they have no information or documents to provide plaintiff in response to her subpoenas. They provide a detailed history of the case's corporate defendants and assert that none of them was involved with the United Nation of Islam—an entity related to the corporate defendants—when plaintiff's claims arose. Instead, movants provide the names of individuals who, they argue, were involved with the United Nation of Islam. But, movants provide no specific facts demonstrating that they need or deserve the court's protection from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c). Movants merely assert the

5

type of "generalized objections" to plaintiff's subpoenas that our court has rejected when evaluating requests for protective orders. *Burnett*, 1996 WL 134830, at *2. The court thus denies movants' request for a protective order.

**C. Motion for Permanent Injunction**

The court may enter a permanent injunction if the moving party proves "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003); *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007). When fashioning a permanent injunction, the court must tailor the remedy narrowly to conform to the harm shown. *Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 962 (10th Cir. 2002).

Here, movants have not even begun to satisfy a single prong of the standard for securing a permanent injunction. Indeed, their motion contains no discussion of any of the four requirements. The court thus denies their request for a permanent injunction.

**D. Motion for Sanctions**

Federal Rule of Civil Procedure 11 governs requests for sanctions.[1] A party moving for sanctions must do so "separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). This type of motion "must not be

---

[1] In her Response, plaintiff correctly notes that Federal Rules of Civil Procedure 26(g), 30(d), and 37 also allow the court to impose sanctions. But, plaintiff also accurately asserts that none of these rules applies to movants' request. *See* Fed. R. Civ. P. 26(g) (allowing court to impose sanctions for violations of the rule requiring signatures on "[e]very disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection"); Fed. R. Civ. P. 30(d) (allowing court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of [a] deponent"); Fed. R. Civ. P. 37(b)–(c) (allowing court to impose sanctions for "[f]ailure to [c]omply with a [c]ourt [o]rder" or "[f]ailure to [d]isclose, to [s]upplement an [e]arlier [r]esponse, or to [a]dmit"). Also, movants never explain which Rule they rely on in their motion. The court presumes their request invokes Rule 11, but it can't be sure.

filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Rule 11(b) establishes that any paper filed with the court certifies each of the following:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

The current motion in this case doesn't explain why the court should impose sanctions against plaintiff, or even what those sanctions should be. Movants haven't filed a motion for sanctions separately from the other requests in their "Response to Deposition," as Rule 11(c)(2) requires. Plaintiff asserts that movants also failed to recognize the 21-day period that Rule 11(c)(2) provides for the responding party to correct the challenged action or filing. Movants have not replied to plaintiff's response or otherwise rebutted this assertion. And, movants don't describe any specific conduct producing their request for sanctions.

Instead, they argue—in wholly conclusory fashion—that plaintiff's counsel has engaged in "slander, defamation of character, [and] hate slander" that has damaged movants' business interests. Doc. 169 at 5; *see also id.* at 7 (characterizing plaintiff's allegations as "fraudulent" because, at the outset of this case, plaintiff failed to assert the corporate defendants' leadership

7

structure accurately). Movants haven't sustained their burden to demonstrate that the court should impose sanctions on plaintiff, nor have they followed Rule 11's procedural requirements. The court denies their request for sanctions.

### E. Motion to Dismiss and Request to Dismiss Warrant

Finally, movants ask the court to "dismiss the warrant on Royall Jenkins" and dismiss the case entirely. Doc. 169 at 10. None of the movants is a defendant in this action.[2] And, "[n]on-attorney pro se litigants cannot represent other pro se parties." *Perry v. Stout*, No. 00-2411, 2001 WL 1158997, at *1 (10th Cir. Sept. 28, 2001) (citing 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel")). In federal court, only an attorney admitted as a member of the court's bar may represent a business organization. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")); *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006) (collecting cases). The court denies these requests because Mr. Woods, Mr. Moten, and Ms. Peach seek relief on defendants' behalf, and no movant is an attorney admitted to practice before this court. Thus, none of the movants may file motions on behalf of any defendant or otherwise purport to represent any defendant. The court denies movants' requests to dismiss this case and dismiss the Bench Warrant (Doc. 102) for Mr. Jenkins.

---

[2] Movants assert that they "are continuously referred to in numerous court filings as being 'Defendants.'" Doc. 169 at 9. But, plaintiff never has named any of the movants as defendants. To the contrary, movants previously have inserted themselves as parties in this case simply by making filings that assert they are parties. *See, e.g.*, Doc. 206 at 1–2 (denying prior Motions to Dismiss and Motions to Vacate filed by Mr. Woods, Mr. Moten, and Ms. Peach, who added their names to the case caption as defendants). As the court has explained, Mr. Woods, Mr. Moten, and Ms. Peach are not defendants in this case, and they cannot make themselves defendants by simply saying it is so.

### III. Conclusion

Movants repeatedly invoke news reports and their own living and employment circumstances to attempt to explain why they cannot respond to plaintiff and why the merits of plaintiff's case were flawed. But, the time to respond to the merits of plaintiff's claims passed long ago. And, movants' arguments do not persuade the court that plaintiff's subpoenas should be quashed, that the court should issue a protective order or permanent injunction, or that the court should impose sanctions. Finally, movants cannot ask the court to dismiss this case or the Bench Warrant for Mr. Jenkins on his behalf. The court thus denies movants' motion in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** movants Ephraim Woods, Griegory Moten, and Dana Peach's "Response to Deposition" (Doc. 169) is denied without prejudice as to movants' requests to quash plaintiff's subpoenas, request for a protective order, request for a permanent injunction, and request for sanctions.

**IT IS FURTHER ORDERED THAT** movants Ephraim Woods, Griegory Moten, and Dana Peach's "Response to Deposition" (Doc. 169) is denied with prejudice as to their requests to dismiss the bench warrant for defendant Royall Jenkins and dismiss this case.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to mail copies of this Order to Ephraim Woods, Griegory Moten, and Dana Peach at the addresses each movant has provided in their "Response to Deposition" (Doc. 169).

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**