# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDRA ROSS,<br><br>        Plaintiff,<br><br>v.<br><br>ROYALL JENKINS, et al.,<br><br>        Defendants. | Case No. 17-2547-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Kendra Ross's Motion for Order to Show Cause (Doc. 112). In it, plaintiff asserts that several individuals have failed to comply with or otherwise respond to subpoenas issued in October 2018. The court entered an Order on January 4, 2019, explaining that it had reservations about the service of those subpoenas and directing plaintiff to file supplemental briefing about the issue. Doc. 131. Plaintiff complied. Doc. 141. And, on January 25, 2019, the court held a hearing on several motions, including plaintiff's Motion for Order to Show Cause. Docs. 157, 178. For reasons explained below, the court denies plaintiff's motion without prejudice.

## I.     Background

In her motion, plaintiff explains that she has tried to serve subpoenas on Atif Abdel-Khaliq, Marvin McIntosh, Ephraim Woods, and Griegory Moten. But, she asserts, these individuals neither complied with nor responded to those subpoenas. So, plaintiff moved the court for an order to show cause why the court shouldn't hold those four individuals in civil contempt. Mr. Moten, Mr. Woods, and Mr. McIntosh responded to plaintiff's motion. Docs. 114, 115, & 116. And, Mr. Woods, Mr. Moten, Mr. McIntosh, and Dana Peach—whom plaintiff

served with a subpoena duces tecum—filed responses to plaintiff's supplemental briefing about the service of process issue that the court identified. Docs. 145, 146, 147, & 148.

At the January 25 hearing, Mr. Moten, Mr. McIntosh, Mr. Woods, Mr. Abdel-Khaliq, and Ms. Peach appeared. Plaintiff clarified that her motion applied only to Mr. Moten, Mr. McIntosh, Mr. Woods, and Mr. Abdel-Khaliq. But, each of them asserted that either they hadn't received plaintiff's subpoena or that plaintiff had not served it properly. Doc. 157 at 27 (Tr. 26:25–27:10), 32 (Tr. 31:23–32:2), 39 (Tr. 39:2–9), 40 (Tr. 40:14–20). Also, the subpoena targets confirmed that they had not responded to the subpoenas.

After hearing arguments from plaintiff and the subpoenaed individuals, the court concluded that "delivering a copy [of the subpoena] to the named person"—the phrase used by Rule 45—can include methods of service other than direct, hand-over-hand personal service. *See W. Res., Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) ("[T]his Court thus joins those holding that effective service under Rule 45 is not limited to personal service. The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service. . . . [T]he alternative service . . . [must] reasonably insure[] actual receipt of the subpoena by the witness[.]" (citing *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997))); *Yost v. K. Truck Lines, Inc.*, No. 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means of service. The Court will only require that service be made in a manner that reasonably insures actual receipt of the subpoena by the trial witness." (citing *King*, 170 F.R.D. at 356)).

But, the court also noted that witness fees and mileage must accompany subpoenas. *See*

2

Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies."). During the hearing, the court confirmed a correct mailing address for each of the four individuals plaintiff sought to depose. And, during a recess in the hearing, plaintiff notified the court that she successfully had served Mr. Woods, Mr. Moten, Mr. McIntosh, and Mr. Abdel-Khaliq with new subpoenas.[1]

## II. Analysis

During the hearing, plaintiff made three requests that require rulings.

*First*, she asked the court to grant the Motion to Compel she had filed in the Western District of Missouri, a case that was transferred to this court after the motion's filing. *See* Judgment Creditor's Motion to Compel Non-Parties Ephraim J. Woods, Jr., Griegory L. Moten, Atif Abdel-Khaliq, and Marvin L. Mcintosh to Appear for Depositions, *Ross v. Jenkins*, No. 19-201 (D. Kan. Jan. 10, 2019), ECF No. 1.[2] Because plaintiff now has served these individuals with new subpoenas, the court denies as moot this Motion to Compel.

*Second*, plaintiff moved the court to hold in contempt the four individuals she had served with the subpoenas if they again failed to appear for their scheduled depositions. This case's docket indicates that these depositions proceeded as scheduled. While Mr. Abdel-Khaliq orally moved to quash the subpoena served on him during the recess in the hearing, the court denied the motion. Doc. 157 at 57 (Tr. 57:8–19). The court thus can identify no basis to hold any of the

---

[1] Plaintiff notified the court that Mr. Woods, Mr. Moten, Mr. McIntosh, and Mr. Abdel-Khaliq all were scheduled to be deposed on January 29 and 30, 2019. Doc. 157 at 53–54. Doc. 179 indicates Mr. Woods and Mr. Moten were deposed on this date.

[2] Consistent with Federal Rule of Civil Procedure 37(a)(2), plaintiff originally filed her Motion to Compel in the United States District Court for the Western District of Missouri, the judicial district encompassing the location where the witnesses were directed to appear and testify.

four individuals served during the recess of the January 25 hearing in contempt.

*Third*, plaintiff seeks to recover costs for future depositions because of the expenses her counsel incurred in organizing and traveling to the depositions that Mr. Woods, Mr. Moten, Mr. McIntosh, and Mr. Abdel-Khaliq missed. This court has recognized that Federal Rule of Civil Procedure 37(d)(1)(A)(i) "permits a court, on motion, to order sanctions if 'a party . . . fails, after being served with proper notice, to appear for that person's deposition.'" *McKenzie v. Citibank (S.D.), NA*, No. 08-2510-KHV, 2009 WL 2776407, at *1 (D. Kan. Sept. 1, 2009). "Instead of or in addition to these sanctions, the court 'must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Id.*

Here, the court exercises its discretion and denies plaintiff's request to recover deposition costs. Nothing in the record indicates that plaintiff tendered witness and mileage fees to the subpoenaed individuals, as Rule 45(b)(1) requires. During the January 25 hearing, Mr. Abdel-Khaliq asserted that he never received witness and mileage fees but said he had received actual notice of the subpoena. Doc. 157 at 27 (Tr. 26:25–27:10). Mr. Woods and Mr. Moten explained that they never received notice of the subpoenas. *Id.* at 32 (Tr. 31:23–32:2), 40 (Tr. 40:14–20). And, Mr. McIntosh contended that he received notice of the subpoena only when a colleague informed him that there was "something out there for [him]." Doc. 157 at 39 (Tr. 39:2–9).

The court concludes that, in these circumstances, it is unjust to punish the individuals who failed to appear for the depositions. But, the court now has confirmed addresses where plaintiff can serve Mr. Woods, Mr. Moten, Mr. McIntosh, and Mr. Abdel-Khaliq with subpoenas. And, the court warns Mr. Woods, Mr. Moten, Mr. McIntosh, and Mr. Abdel-Khaliq: should any of these individuals again fail to appear for a deposition without properly challenging

any new subpoenas, the court may grant a motion to recover costs and fees that plaintiff chooses to file, provided that plaintiff properly effectuates service.

## III. Conclusion

For reasons explained above, the court denies plaintiff's Motion for Order to Show Cause (Doc. 112), without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Kendra Ross's Motion for Order to Show Cause (Doc. 112) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**