# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENDRA ROSS,**<br><br>        Plaintiff,<br><br>v.<br><br>**ROYALL JENKINS, et al.,**<br><br>        Defendants. | Case No. 17-2547-DDC-TJJ |
| **KENDRA ROSS,**<br><br>        Plaintiff,<br><br>v.<br><br>**THE PROMISE KEEPERS, INC., et al,**<br><br>        Defendants. | Case No. 19-2091-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the court on pro se defendant Royall Jenkins's Motion to Vacate (Doc. 184.) and Motion to Dismiss (Doc. 196).[1] For reasons discussed below, the court denies both motions.

---

[1] Because Mr. Jenkins proceed pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the [pro se litigant] could prevail, it should do so despite the [pro se litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se parties. *See Hall*, 935 F.2d at 1110. Likewise, Mr. Jenkins's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

I. **Background**

On May 23, 2018, the court entered default judgment against defendants Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc. *See* Doc. 41. Almost a month later, Mr. Jenkins filed a pro se "Motion for New Trial" (Doc. 42). The court construed this motion as, among other things, a motion "to vacate the default judgment it entered against [Mr. Jenkins]." Doc. 93 at 2. The court considered Mr. Jenkins's arguments under Federal Rules of Civil Procedure 59, 60, 12, and 8. *Id.* at 2–11. And, the court held, "Mr. Jenkins is not entitled to relief from the court's default judgment under Rule 59(a) or (e), Rule 60(b), Rule 8(b)(3), or Rule 12(b)(4) or (5)." *Id.* at 11. So, it denied Mr. Jenkins's motion. *Id.*

Now, Mr. Jenkins has returned with two motions asserting he is entitled to relief from this court's judgment. In filings that are difficult to follow, he appears to assert that he is entitled to relief from the judgment under Rule 60(b). Doc. 184. As best as the court can discern, Mr. Jenkins alleges the court should set aside judgment based on "fraud" and "misrepresentation" by plaintiff and her counsel, "fail[ure] to state a claim," and wrongful parties. *Id.* at 2. Mr. Jenkins also contends the court should dismiss him from the lawsuit because the court only has jurisdiction over "ROYALL JENKINS the UNITED NATION OF ISLAM" and not "Royall Jenkins." Doc. 196 at 1. In an effort to liberally construe Mr. Jenkins's filings, the court also construes Mr. Jenkins's filings as a motion for reconsideration under D. Kan. Rule 7.3(b).

II. **Legal Standard**

A. **Rule 60(b)**

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440

(10th Cir. 1990) (citation omitted).  A losing party may not invoke Rule 60(b) to present new arguments that the party could have raised in earlier filings.  *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (discussing requirements of a Rule 60(b) motion).  And a party seeking relief from a judgment bears the burden to demonstrate each prerequisite for relief.  *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment"); *see also Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (noting that Rule 60 "seeks to strike a delicate balance between two countervailing impulses:  the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts" (internal citations and quotations omitted)).

### B.  Reconsideration

D. Kan. Rule 7.3(b) requires a movant to base his motion for reconsideration on:  "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  So, "a motion for reconsideration is appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).  "The decision whether to grant a motion to reconsider is committed to the district court's discretion."  *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)); *see also Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) (noting "the decision to

3

grant reconsideration is committed to the sound discretion of the district court").

   III.  **Analysis**

   **A. Mr. Jenkins cannot represent other defendants in this case.**

Before the court analyzes Mr. Jenkins's arguments, the court must consider a limitation on legal representation. As this court has explained many times during this case, Mr. Jenkins may only represent himself pro se. He may not make motions on behalf of other defendants because they are business organizations. Only an attorney admitted to our bar may represent a business organization. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). Accordingly, the court denies any relief sought by Mr. Jenkins on behalf of other defendants.

   **B. Mr. Jenkins's Motion to Vacate is denied.**

The court is not inclined to revisit what it has already decided—much less revisit an earlier decision that declined to revisit an even earlier order. This is the second time Mr. Jenkins has asked this court to vacate the judgment entered against him. This court already has considered the arguments Mr. Jenkins asserts in his current motions and declined to vacate the judgment. *See* Doc. 93 at 11. Specifically, the court considered Mr. Jenkins's "fraud on the court" argument and dismissed it. *Id.* at 9.

Rule 60(b) does not permit a losing party to present new arguments the party could have raised in earlier filings. *See Van Skiver*, 952 F.2d at 1244. Even if Mr. Jenkins had asserted new arguments in his motion—he doesn't—he hasn't demonstrated that the arguments were not available to him for his prior filing. Accordingly, the court denies Mr. Jenkins's second motion to vacate judgment.

The court also could construe Mr. Jenkins's motion as a motion to reconsider. Even with that generous interpretation, Mr. Jenkins's arguments fail. Mr. Jenkins asserts that plaintiff has

"committed fraud" and "failed to show how [Mr. Jenkins] personally was involved in human trafficking . . . ." Doc. 184. Even if these arguments had merit, a motion to reconsider only is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Ferluga*, 236 F.R.D. at 549. A motion to reconsider is not another opportunity to raise arguments that the party could have presented in an earlier brief. *Id.* Mr. Jenkins's motion does not explain how the court misapprehended facts, a party's position, or controlling law. Indeed, Mr. Jenkins tries to make arguments that he could have raised had he appeared to defend the action before default judgment, or during the briefing on his earlier motion to vacate. The court thus denies Mr. Jenkins's second Motion to Vacate Judgment.

### C. Mr. Jenkins's Motion to Dismiss is denied.

The court also denies Mr. Jenkins's Motion to Dismiss. Mr. Jenkins's argument that using capital letters to spell a name deprives this court of jurisdiction is frivolous and is not well taken. To support this argument, Mr. Jenkins cites several cases, but only two are on point: *United States v. Washington*, 947 F. Supp. 87 (S.D.N.Y. 1996) and *Jaeger v. Dubuque Couty*, 880 F. Supp. 640 (N.D. Iowa 1995). And both of these cases reject—not support—his propositions. Both decisions held that arguments about capitalization are "specious" and "baseless." *Washington*, 947 F. Supp. at 92; *Jaeger*, 880 F. Supp. at 643–44. Our Circuit also has rejected similar arguments as "wholly frivolous." *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (holding that a tax protestor's argument that a form was invalid because it "shows his name in all capital letters is wholly frivolous."). For the same reasons, the court declines to consider Mr. Jenkins's baseless argument. The court thus denies Mr. Jenkins's Motion to Dismiss.

**IT IS THEREFORE ORDERD BY THE COURT THAT** defendant Jenkins's Motion to Vacate (Doc. 184) and Motion to Dismiss (Doc. 196) are denied.

**IT IS SO ORDERED.**

**Dated this 9th day of October, 2019, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**