IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDRA ROSS,**

       **Plaintiff,**

v.

**ROYALL JENKINS, et al.,**

       **Defendants.**

Case No. 17-2547-DDC-TJJ

**MEMORANDUM & ORDER**

On November 2, 2018, the court issued a Memorandum and Order finding that defendant Royall Jenkins, among others, had "persistent[ly] fail[ed]" to comply with this court's orders. Doc. 101 at 6. Also, the court concluded, a bench warrant directing the United States Marshal to apprehend Mr. Jenkins represented "the appropriate sanction for his demonstrated civil contempt for the court." *Id.* The court thus issued a Bench Warrant commanding the Marshal to apprehend Mr. Jenkins and deliver him to the Marshal's custody for a prompt appearance before this court. Doc. 102.

This matter is before the court on Mr. Jenkins's Motion to Withdraw Bench Warrant (Doc. 271). Mr. Jenkins contends that, because the case is "closed," "there is no need to pursue [him] in this or any other capacity, any longer." *Id.* at 1. The court denies this request.

Civil contempt's purpose "is not to punish the contemnor"—here, the contemnor is Mr. Jenkins—"but rather to coerce the contemnor into compliance with court orders." *O'Connor v. Midwest Pipe Fabricators, Inc.*, No. 85-2301-S, 1990 WL 11065, at *3 (D. Kan. Jan. 3, 1990) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947)). "[I]mprisonment, with the proviso that the contemnor will be released if he complies with the court order, is a

proper penalty for civil contempt and the imposition of such a penalty does not make the proceeding criminal." *Id.*

Mr. Jenkins never has taken steps to comply with the court's orders. Defiantly, he continues his civil contempt for this court. He's never appeared for his debtor's exam or responded to the Judgment Creditor's discovery requests. The court declines to lift its bench warrant merely because Mr. Jenkins has evaded the court for more than a year. Now more than ever, it appears "imprisonment may well be the only option available to the court" to achieve Mr. Jenkins's compliance. *Id.* The court prefers not to issue a warrant in any civil case. But Mr. Jenkins's unexplained contempt for the civil rules that form a part of the rule of law leave the court with no other choice. The court will withdraw the bench warrant promptly when Mr. Jenkins complies with the court's orders. Until then, it remains in effect.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Royall Jenkins's Motion to Withdraw Bench Warrant (Doc. 271) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of June, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**