IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENDRA ROSS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ROYALL JENKINS, et al.,**<br><br>    **Defendants.** | **Case No. 17-2547-DDC-TJJ** |
| **KENDRA ROSS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE PROMISE KEEPERS, INC., et al.,**<br><br>    **Defendants.** | **Case No. 19-2091-DDC-TJJ** |

**MEMORANDUM AND ORDER**

  This matter is before the court on plaintiff Kendra Ross's Renewed Partial Motion for Default Judgment (Doc. 269) against defendants The Promise Keepers, Inc., The Promise Keepers 417, Inc., and The Promise Keepers 417 Inc. (collectively, "The Promise Keepers"). The court has reviewed plaintiff's motion and attached exhibit and defers a ruling at this time.

  Plaintiff seeks a judgment of $300,000 plus interest from The Promise Keepers because The Promise Keepers violated the Kansas Uniform Fraudulent Transfer Act. Doc. 270 at 1. When ruling on a motion for default judgment, the court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages." *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012). With her

Motion for Default Judgment, plaintiff filed a "certified" expert report to establish the value of the property fraudulently transferred to The Promise Keepers. Doc. 270-1; *see also id.* at 16–17 (Statement of Certification). But plaintiff did not file an affidavit supporting her damage request. So, the court can't decide the motion on the current record because the court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by *detailed affidavits establishing the necessary facts*.'" *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (emphasis added) (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (further citations and internal quotation marks omitted).

Plaintiff has submitted no affidavit with her motion. She merely has submitted an expert report. Although plaintiff's expert report is signed and purports to be "true and correct," it is not a statement given under penalty of perjury. *See* 28 U.S.C. § 1746(2) (permitting a certification "under penalty of perjury" in lieu of a sworn affidavit); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 n.7 (10th Cir. 2020) (noting that although expert initially failed to sign her report, her later signed and dated declaration "sworn under penalty of perjury . . . might satisfy" 28 U.S.C. § 1746's requirements). Thus, the court declines to rule on plaintiff's Renewed Partial Motion for Default Judgment on the current record. Instead, the court orders plaintiff either to: (1) contact the courtroom deputy to schedule an evidentiary hearing on the issue of damages, or (2) supplement her motion with additional information, such as an affidavit—or certification under penalty of perjury—from a qualified person supporting the damage award. *See Hermeris, Inc.*, 2012 WL 1091581, at *1 ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." (citation and internal quotation marks omitted)).

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff must: (1) contact the courtroom deputy to schedule an evidentiary hearing on the issue of damages, or (2) supplement her motion with additional information, such as an affidavit or declaration "sworn under penalty of perjury," by **June 24, 2020**.

**IT IS SO ORDERED.**

**Dated this 9th day of June, 2020, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**