## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### Kansas City Division

| | |
|---|---|
| KENDRA ROSS, | ) |
| | ) |
| *Plaintiff/Judgment Creditor,* | ) |
| | ) |
| v. | ) Case No. 17-cv-02547-DDC-TJJ |
| | ) |
| ROYALL JENKINS, et al., | ) |
| | ) |
| *Defendants/Judgment Debtors.* | ) |
| | ) |
| _____ | ) |
| | ) |
| KENDRA ROSS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 19-cv-02091-DDC-TJJ |
| | ) |
| | ) |
| THE PROMISE KEEPERS, INC., *et. al.*, | ) |
| | ) |
| *Defendants.* | ) |

### MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e)

Plaintiff Kendra Ross ("**Plaintiff**" or "**Ms. Ross**"), by counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and D. Kan. Rules 7.1 through 7.6 and 15.1, respectfully submits this Memorandum in Support of her Motion to Amend the Court's Order Granting Renewed Partial Motion for Default Judgment ("**Motion to Amend Order**"). In support of her Motion to Amend Order, Ms. Ross states as follows:

### I.   NATURE OF THE CASE

In the consolidated case *Ross v. Jenkins, et al.*, 17-cv-02547 (D. Kan.) ("**Ross v. Jenkins**"), this Court entered a judgment against the defendants (the "**Judgment Debtors**"), awarding Ms.

Ross more than $7.9 million in damages based on her claims of forced labor, human trafficking, conversion, unjust enrichment, negligent and intentional infliction of emotional distress, and violations of the Fair Labor Standards Act, various states' minimum wage laws, and RICO. Following this Court's judgment, the Judgment Debtors' agents created shell organizations collectively known as The Promise Keepers[1] and fraudulently transferred the Judgment Debtors' assets to The Promise Keepers in order to avoid the judgment against them.  Ms. Ross thereafter filed this action against The Promise Keepers, seeking, among other relief, to recover damages for the fraudulent transfers.

The clerk entered default against The Promise Keepers, and Ms. Ross filed a Motion for Default Judgment. Though the Court held that The Promise Keepers' violation of the Kansas Uniform Fraudulent Transfer Act ("**KUFTA**") entitled Ms. Ross to recover damages, it found that Ms. Ross did not support her damages claim and denied the Motion without prejudice for refiling with the requisite evidence. Ms. Ross thereafter filed a Motion for Partial Default Judgment, seeking default judgment as to one of the many fraudulent transfers by The Promise Keepers and submitting evidence of her damages as to this transfer. The Court granted the motion, but stated in a footnote that it was closing the case and entering final judgment (the "**Judgment**").

Ms. Ross respectfully requests that the Court amend its Judgment to reflect that the case remains open and/or that Ms. Ross is permitted to seek default judgment against The Promise Keepers to the full extent of her damages under the KUFTA and to the extent evidence exists to support such damages. Ms. Ross further requests that the Court amend its Judgment to clarify that the order does not preclude her from seeking further relief in the consolidated case, *Ross v. Jenkins*.

---

[1] "The Promise Keepers" refers to The Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc.

## II.   RELEVANT STATEMENT OF THE FACTS

On May 23, 2018, this Court entered a judgment against the defendants in *Ross v. Jenkins*, awarding Ms. Ross more than $7.9 million in damages based on her claims of forced labor, human trafficking, conversion, unjust enrichment, negligent and intentional infliction of emotional distress, and violations of the Fair Labor Standards Act, various states' minimum wage laws, and RICO. (*Ross v. Jenkins*, ECF 40, 41). Following this Court's judgment, the Judgement Debtors' agents created shell organizations collectively known as The Promise Keepers and fraudulently transferred the Judgment Debtors' assets to The Promise Keepers in order to avoid the judgment against them. (*See, e.g.*, ECF 45, 81).

Ms. Ross instituted this action by filing a Complaint against The Promise Keepers on February 15, 2019, seeking, among other relief, recovery of damages based on the fraudulent transfers made by The Promise Keepers, and later amended her Complaint on March 25, 2019. (ECF 1 and 45).   This action was consolidated with *Ross v. Jenkins.* (ECF 67).

On May 1, 2019, the Clerk entered default against The Promise Keepers under Rule 55(a) of the Federal Rules of Civil Procedure.  (ECF 68).  Ms. Ross filed a Motion for Default Judgment on June 19, 2019, requesting that the Court enter a default judgment against The Promise Keepers under Rule 55(b)(2) of the Federal Rules of Civil Procedure and award her damages, injunctive relief, and attorneys' fees and costs. (ECF 78) (the "**Ross Memorandum**").[2]

On March 16, 2020, the Court entered an order finding that (1) Ms. Ross pleaded an adequate claim against The Promise Keepers under KUFTA; and (2) the Promise Keepers' violation of KUFTA entitled Ms. Ross to recover damages. *See* Court's March 16, 2020

---

[2] Ms. Ross restates and incorporates the Relevant Factual Background section contained in the Ross Memorandum, including all exhibits attached thereto, as if separately set forth herein.

Memorandum and Order (ECF 80) (the "**Court Order**"). However, the Court found that Ms. Ross did not support her damages claim with sufficient evidence. *Id.* at 13–14. The Court explained that Ms. Ross's request did not allege that the value of the transferred property exceeded the value of her judgment against Judgment Debtors[3] or provide the value of the property or money exchanged, and therefore denied the motion without prejudice for refiling. *Id.*

On May 29, 2020, Ms. Ross filed a Motion for *Partial* Default Judgment, submitting evidence of damages in support of her KUFTA claim as requested by the Court Order. (ECF 81, 82). However, Ms. Ross's Motion for Partial Default Judgment sought judgment only as to the fraudulent transfer of the real property located in West Virginia (the "**West Virginia Property**"). As set forth in the Ross Memorandum, The Promise Keepers fraudulently transferred other properties, including real property in Kansas and assets from the Judgment Debtors' bank accounts. *See* Exhibits 4-9 to Ross Memorandum (ECF 78 and 78-4 through 78-9).

On July 17, 2020, this Court granted Ms. Ross's Motion for Partial Default Judgment (ECF 85) and instructed the Clerk of the Court to enter judgment against The Promise Keepers for $300,000 plus post-judgment interest at the rate permitted by law. (ECF 85, 86). In its Memorandum and Order, footnote 2, the Court stated:

> The court notes plaintiff contends her motion is "partial." Doc. 269 at 1; Doc. 270 at 1. But plaintiff never explains what "partial" means in her motion. Nor does she invoke Rule 54(b), which allows the court to enter "final judgment as to one or more, but fewer than all, claims or parties" if the court determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). The court is aware that plaintiff alleged The Promise Keepers received other property fraudulently transferred from Judgment Debtors, but in this "partial" motion, plaintiff merely invokes Rule 55(b), which does not provide for partial judgments. *See* Fed. R. Civ. P. 55(b). The court thus enters final judgment and closes the case.

---

[3] As explained in the Court Order, the Court previously entered a default judgment against defendants Royall Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators, Inc. (*Ross v. Jenkins*, ECF 41).

(ECF 85 at 6 n.2).

## III.   ARGUMENT

### A.  <u>Standard of Review</u>

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days of the entry of the judgment. *Muathe v. Fifth Third Bank*, No. 14-2207-JTM, 2015 WL 248998, at *1 (D. Kan. Jan. 20, 2015), aff'd, 627 F. App'x 732 (10th Cir. 2015) (citing Fed. R. Civ. P. 59(e)).   Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."   *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citation omitted).   Though Rule 59(e) motions are not appropriate for "revisit[ing] issues already addressed or advanc[ing] arguments that could have been raised in prior briefing," one of the grounds warranting relief under Rule 59(e) is the need to correct clear error or prevent manifest injustice.   *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A motion under Rule 59(e) "must do two things.   First, it must demonstrate some reason why the court should reconsider its prior decision.   Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649 (D. Haw. 1987).

### B.  <u>Ms. Ross Seeks An Amendment to the Judgment to Reflect that the Case Remains Open and That She Is Permitted To Pursue Further Awards Against The Promise Keepers and the Judgment Debtors</u>

Ms. Ross seeks an amendment to the Judgment to reflect that the case will remain open to permit Ms. Ross to pursue further awards against The Promise Keepers or the Judgment Debtors. In particular, Ms. Ross requests that the Court amend its Judgment to (1) reflect that the consolidated case remains open and/or (2) acknowledge that she may proceed against The Promise Keepers for fraudulent transfers beyond the West Virginia Property under KUFTA.

Ms. Ross also seeks clarification that the Court's footnote does not impact Ms. Ross's ability to pursue relief against Judgment Debtors in the consolidated case, *Ross v. Jenkins*—which, along with this case, may be read as being closed by the Court's Judgment and footnote 2.  Ms. Ross, through her counsel, continue to seek post-judgment discovery against the Judgment Debtors and believe that they continue to operate and hide assets.

Though Ms. Ross's Motion for Partial Default Judgment focused on the damages incurred as a result of the fraudulent transfer of the West Virginia Property, The Promise Keepers made additional fraudulent transfers, including of real property located in Kansas and assets from the Judgment Debtors' bank accounts.  *See* Exhibits 4-9 to Ross Memorandum (ECF 78 and 78-4 through 78-9).  Ms. Ross moved for partial default judgment in the interest of preventing a subsequent fraudulent transfer of the West Virginia Property as she gathered evidence of her damages regarding the remaining fraudulent transfers.

The foregoing amendments to the Judgment are appropriate because Rule 55—the rule invoked by Ms. Ross in her motion for partial default judgment—has been applied by this Court to grant partial default judgment in other instances.  Furthermore, the amendment is necessary to prevent manifest injustice and to clarify Ms. Ross's position—both grounds for allowing amendment under Rule 59(e).

1.  <u>Partial Default Judgment Is Allowed Under Rule 55</u>

The Judgment stated that Plaintiff's failure to invoke Rule 54(b) justified entering final judgment. However, courts in this District have invoked Rule 55 to grant partial default judgment, and thus, Ms. Ross was permitted to seek partial default judgment as to the West Virginia Property under this rule.  *See Operating Engineers Local No. 101 Pension Fund v. Christiansen-Foust Steel, LLC*, No. CIV A 07-2068-KHV, 2007 WL 1455889, at *2 (D. Kan. May 15, 2007).   In *Operating*

*Engineers*, the court granted partial default judgment under Rule 55(b) after an application for entry of default, holding that the plaintiffs were "entitled to partial default judgment for attorney's fees and costs in the amount of $1,361.00" but delaying "entry of judgment pending a re-filed motion regarding the requested injunctive relief."   2007 WL 1455889, at *2. Similarly, in *Universal Am-Can, Ltd. v. Interstate Brands Corp.*, 160 F.R.D. 151, 152 (D. Kan. 1995), the plaintiff filed a motion for partial default judgment and, after discussing Rule 55's principles, the court ordered the defendant to show cause why the court should not grant the motion for partial default judgment.  Like in *Operating Engineers*, the court never mentioned Rule 54, nor did it hold that partial default judgment was unavailable under Rule 55.[4] *Id.*

Courts in other jurisdictions have also granted partial default judgment under Rule 55.  *See Extreme Tool & Eng'g, Inc. v. Bear Cub Enterprises, LLC*, No. 2:08-cv-257, 2009 WL 2948467, at *1 (W.D. Mich. Sept. 3, 2009) (granting partial default judgment on motion for default judgment made under Rule 55); *United States v. Banesco Int'l, Panama, Account*, 79 F. Supp. 3d 112, 113 (D.D.C. 2015) (granting government's motion for partial default judgment pursuant to Rule 55). Other courts have granted partial default judgment under both Rule 55 and Rule 54.  *See Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity & Health & Welfare Funds v. Kay-R Elec. Corp.*, No. 5:09-CV-0087 (GTS/DEP), 2011 WL 167080, at *3 (N.D.N.Y. Jan 19, 2011) (granting partial default judgment pursuant to both Rule 54 and 55); *Anfinson v. True Blue of Pinellas*, No. 8:17-cv-210-T-17JSS, 2018 WL 4403277, at *1 (M.D. Fla. Aug 29, 2018) (granting partial default judgment via Rule 54 and 55); *Canal Ins. Co. v. Fenn*, No. 2:08-CV-957-MEF, 2011 WL 624597,

---

[4] In that same vein, the Tenth Circuit has not addressed whether Rule 54 or 55 would be most appropriate to invoke in a grant of partial default judgment.

at *1 (M.D. Ala. Feb. 11, 2011) ("A partial default judgment will be entered pursuant to [FRCP] 54(b) and 55[.]")

Accordingly, Ms. Ross's reliance on Rule 55 rather than Rule 54 should, respectfully, not be a bar to a partial default judgment.

2.  An Amended Judgment is Necessary to Clarify Ms. Ross's Position and Prevent Manifest Injustice

An amendment to the Judgment is also justified under Rule 59(e) because it would clarify Ms. Ross's position and prevent manifest injustice.

Ms. Ross styled her motion as a motion for partial default judgment, though brought the motion under Rule 55 rather than Rule 54.[5]   An amendment to the Judgment would clarify Ms. Ross's position that she sought partial judgment against The Promise Keepers as to the West Virginia Property only, though she intends to seek default judgment under KUFTA as to the remainder of the fraudulent transfers by The Promise Keepers. *See Nelson*, 921 F.3d at 929 (holding that Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law").

Furthermore, the amended judgment is necessary to prevent manifest injustice.   In particular, The Promise Keepers fraudulently transferred other real property beyond the West Virginia Property, as well as assets from the Judgement Debtors' bank accounts, among other assets.  Amending the Judgment would ensure Ms. Ross is able to pursue full recovery against The Promise Keepers and the Judgment Debtors, against whom she has an $8 million judgment for human trafficking and forced labor, among other claims.  *See Servants of Paraclete*, 204 F.3d at

---

[5] As discussed above, though courts have found that a partial default judgment is permitted under Rule 55, Ms. Ross concedes that Rule 54 is the most common procedural mechanism for a partial default judgment. The amendment would clarify Ms. Ross's position in this regard.

1012 (grounds for amending a judgment is to prevent manifest injustice).  Indeed, in this case, preventing Ms. Ross from pursuing partial default judgment may force her to forgo potential future recovery of additional assets she has not yet been able to identify or prevent her from any recovery unless and until she can identify each and every fraudulently transferred asset at the same time. Given the extent of The Promise Keepers' deception, that day may never come, effectively preventing Ms. Ross from any recovery against them.  Such an outcome would be manifestly unjust.

In short, Ms. Ross is seeking to ensure that closing the case does not prohibit her ability to continue to enforce her judgment against the Judgment Debtors and The Promise Keepers. Accordingly, amendment of the Judgment is appropriate under Rule 59 (e). *See Muathe*, 2015 WL 248998, at *2 (holding that the judgment should be amended to reflect that the court's order dismissed the complaint without prejudice).

## IV.   CONCLUSION

For the foregoing reasons, Ms. Ross respectfully requests an order amending Footnote 2 of the Court's July 17, 2020 Order as follows:

> The Court noted plaintiff contends her motion is "partial." Doc. 269 at 1; Doc. 270 at 1.  But plaintiff never explains what "partial" means in her motion. Nor does she invoke Rule 54(b), which allows the court to enter "final judgment as to one or more, but fewer than all, claims or parties" if the court determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court is aware that plaintiff alleged The Promise Keepers received other property fraudulently transferred from Judgment Debtors. On August 10, 2020, Plaintiff moved to amend the judgment pursuant to Rule 59(e). For the reasons stated in her motion, the Court reaffirms the judgment rendered does not close the case and decrees that nothing prohibits Ms. Ross from alleging additional fraudulent transfers with the exception of the West Virginia Property and seeking additional judgments as to other fraudulent transfers under KUTFA as alleged in Plaintiff's First Amended Complaint,  to the extent the evidence supports such allegations.

> Ms. Ross further requests all such other relief as this Court deems just and proper.

Dated: August 11, 2020                              Respectfully submitted,


By:          */s/Gillian Chadwick*
             Gillian Chadwick, Bar No. 27361
             Supervising Attorney
             Washburn Law Clinic
             Washburn University School of Law
             Topeka, Kansas 66621
             785-670-1191
             gillian.chadwick@washburn.edu

             Jonathan T. Blank (admitted *Pro Hac Vice*)
             Benjamin P. Abel (admitted *Pro Hac Vice*)
             MCGUIREWOODS LLP
             652 Peter Jefferson Parkway, Suite 350
             Charlottesville, VA 22911
             Tel: (434) 977-2500
             Fax: (434) 980-2222
             jblank@mcguirewoods.com
             babel@mcguirewoods.com

             ***Attorneys for Plaintiff/Judgment Creditor***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 11, 2020, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF System, which will send a notification of such filing to all CM/ECF participants.[6]

Dated: August 11, 2020

*/s/Gillian Chadwick*
Gillian Chadwick, Bar No. 27361
Supervising Attorney
Washburn Law Clinic
Washburn University School of Law
Topeka, Kansas 66621
785-670-1191
gillian.chadwick@washburn.edu

***Attorneys for Plaintiff/Judgment Creditor***

---

[6] Pursuant to Federal Rule of Civil Procedure 5(a)(2), Judgment Debtors and The Promise Keepers are not entitled to additional service of the foregoing.