## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENDRA ROSS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 17-2547-DDC-TJJ** |
| **ROYALL JENKINS, et al.,** | |
| **Defendants.** | |
| | |
| **KENDRA ROSS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-2091-DDC-TJJ** |
| **THE PROMISE KEEPERS, INC., et al.,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

Before the court is plaintiff Kendra Ross's Motion to Amend Judgment (Doc. 285), filed in *Ross v. Jenkins*, No. 17-cv-2547 (also available as Doc. 88 in the CM/ECF record in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091).[1]  Defendants have not filed a response and the time for filing one has expired.  For reasons explained below, the court denies plaintiff's motion.

### I.      Background

---

[1]      Plaintiff filed her motion in the lead consolidated case *Ross v. Jenkins*, No. 17-cv-2547.  Doc. 285.  The Clerk of the Court filed plaintiff's motion in duplicate as Doc. 88 in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091.  And, plaintiff requests to amend the Judgment (Doc. 86) entered in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091.  This order considers only whether it should amend that Judgment (Doc. 86) in No. 19-cv-2091.  For clarity, and unless otherwise specified, the court cites to filings in the consolidated lead case.

*a.     Case History*

On September 15, 2017, in the case captioned *Ross v. Jenkins*, plaintiff Kendra Ross filed a Complaint against Royall Jenkins, The Value Creators, Inc. (f/k/a The United Nation of Islam, Inc.), The Value Creators LLC, and The Value Creators Inc.  Doc. 1.  The Complaint asserted 16 federal and state law claims.  On May 23, 2018, the court entered default judgment against defendants Royall Jenkins, The Value Creators, Inc. (f/k/a The United Nation of Islam, Inc.), The Value Creators LLC, and The Value Creators Inc. (the "Judgment Debtors").  *See* Doc. 41.

Plaintiff then filed a separate action—captioned *Ross v. The Promise Keepers, Inc.*— seeking to invalidate certain asset transfers from Judgment Debtors to The Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc.  Am. Compl., *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091 (D. Kan. Mar. 25, 2019), ECF No. 45.  Plaintiff named The Promise Keepers, Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc. as defendants.  *Id.*  For simplicity, this order refers to these defendants as "The Promise Keepers" collectively.

Plaintiff filed a Motion to Consolidate (Doc. 57) in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091 to consolidate the case with *Ross v. Jenkins*, No. 17-cv-2547, under Fed. R. Civ. P. 42.  Mot. to Consolidate, *Ross*, No. 19-cv-2091 (D. Kan. Apr. 1, 2019), ECF No. 57.  On April 11, 2019, the court granted plaintiff's motion and consolidated Case No. 19-cv-2091 with Case No. 17-cv-2547.  Doc. 193.

On April 23, 2019, plaintiff filed an Application for Clerk's Entry of Default against The Promise Keepers.  Doc. 194.  On May 1, 2019, the Clerk granted that motion and entered default

against The Promise Keepers under Federal Rule of Civil Procedure 55(a).  Clerk's Entry of Default, *Ross*, No. 19-cv-2091 (D. Kan. May 1, 2019), ECF No. 68.

On June 19, 2019, plaintiff filed a Motion for Default Judgment against The Promise Keepers, seeking judgment in the amount of $8,055,730.64.  Doc. 208.  Plaintiff asserted The Promise Keepers were liable for her judgment in *Ross v. Jenkins* under principles of res judicata and collateral estoppel.  Doc. 209 at 8–9.  Plaintiff also sought judgment under two alternative claims against The Promise Keepers:  one for violation of the Kansas Uniform Fraudulent Transfer Act ("KUFTA") and the other for unjust enrichment.  *Id.* at 9–13.

On March 16, 2020, the court denied default judgment on plaintiff's "res judicata/collateral estoppel" claim and unjust enrichment claim.  Doc. 266 at 8–10, 12–13.  But, the court concluded plaintiff had established that "Judgment Debtors and The Promise Keepers acted with actual intent to hinder, delay, or defraud plaintiff, violating the KUFTA."  *Id.* at 12.  And the court concluded that this violation entitled plaintiff to recover damages.  *Id.* at 13.  But, because the record did not support the amount of damages sought by plaintiff's motion, the court denied her motion (Doc. 208) without prejudice to refiling.  *Id.* at 14.

        *b.*    *Plaintiff's "Renewed Partial Motion for Default Judgment" (Doc. 269)*

Plaintiff then filed a "Renewed Partial Motion for Default Judgment" and "submit[ted] this Motion for Default Judgment against Defendants, [The Promise Keepers] in the amount of $300,000, plus interest."  Doc. 269 at 1.  In support, plaintiff argued "Kansas law permits this Court to void the transfers between Judgment Debtors and The Promise Keepers 'to the extent necessary to satisfy [plaintiff's] claims.'"  Doc. 270 at 4 (quoting Kan. Stat. Ann. § 33-207(a)(1)).  Plaintiff asserted she "'may recover judgment for the value of the asset transferred'

or 'the amount necessary to satisfy the creditor's claim, whichever is less.'" *Id.* at 4–5 (quoting Kan. Stat. Ann. § 33-208(b)).

Plaintiff directed "this Court to the Expert Report of William C. Harvey, II regarding the West Virginia property previously identified in an exhibit to the Ross Memorandum [Doc. 209] at ECF 209-4 (the 'West Virginia Property')[.]" *Id.* at 5. Plaintiff explained, "the West Virginia Property had a retrospective market value of $300,000 on the date of its fraudulent conveyance to The Promise Keepers." *Id.* So, plaintiff argued, "the retrospective market value of the West Virginia Property is less than 'the amount necessary to satisfy' her claim of $8,055,730.62, and therefore Kansas law entitles [plaintiff] to judgment in the amount of $300,000, which equals 'the value of the asset transferred.'" *Id.* (quoting Kan. Stat. Ann. § 33-208(b)). She thus requested "an order entering partial default judgment against The Promise Keepers Inc., The Promise Keepers 417 Inc., and The Promise Keepers 417, Inc. on her KUFTA count in her Complaint in an amount of $300,000." *Id.*

But plaintiff didn't attach an affidavit to the motion supporting her damage claim. *See* Docs. 269, 270. The court thus deferred its ruling on the motion and ordered plaintiff to do one of two things: supplement the record or schedule an evidentiary hearing. Doc. 276. Plaintiff complied and filed supplementary materials supporting her damage claim for the West Virginia Property. Doc. 279. The supplementary materials established the value of the West Virginia Property was $300,000 when the Judgment Debtors had fraudulently transferred it to The Promise Keepers. *See id.* at 6 ¶ 3. But plaintiff's motion and supplementary materials only established the value of the West Virginia Property. *See* Docs. 270, 279. That is, plaintiff didn't try to prove damages for any of the other property that—according to her Amended Complaint—

was transferred fraudulently.  *See* Am. Compl. *Ross v. The Promise Keepers, et al.*, No. 19-cv-2091 (D. Kan. Mar. 25, 2019), ECF No. 45 at 18–19.

> c.   *Court's Order Granting Plaintiff's Motion and Directing Entry of Judgment (Doc. 280)*

"The court already [had] concluded that plaintiff [had] shown Judgment Debtors and The Promise Keepers [were] liable to her for damages under the Kansas Uniform Fraudulent Transfer Act[,]" so the court "consider[ed] only whether the record support[ed] plaintiff's requested damage award."  Doc. 280 at 4–5.  The court concluded, "Plaintiff has established that the West Virginia property's market value was $300,000 when Judgment Debtors transferred it to The Promise Keepers on July 7, 2018."  *Id.* at 6.  And, the court granted "plaintiff's request for monetary damages" because "Plaintiff [was] entitled to a $300,000 judgment—the value of the West Virginia property Judgment Debtors transferred to The Promise Keepers on July 7, 2018." *Id.*  The court then entered "default judgment against the Promise Keepers on plaintiff's Kansas Uniform Fraudulent Transfer Act claim in the amount of $300,000."  *Id.*  The court also closed the case and noted:

> The court notes plaintiff contends her motion is "partial."  Doc. 269 at 1; Doc. 270 at 1.  But plaintiff never explains what "partial" means in her motion.  Nor does she invoke Rule 54(b), which allows the court to enter "final judgment as to one or more, but fewer than all, claims or parties" if the court determines "there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The court is aware that plaintiff alleged The Promise Keepers received other property fraudulently transferred from Judgment Debtors, but in this "partial" motion, plaintiff merely invokes Rule 55(b), which does not provide for partial judgments.  *See* Fed. R. Civ. P. 55(b).  The court thus enters final judgment and closes the case.

*Id.* at 6 n.2.  The court instructed The Clerk of the Court "to enter judgment against defendants The Promise Keepers, Inc., The Promise Keepers 417, Inc., and The Promise Keepers 417 Inc. for $300,000 plus post-judgment interest at the rate permitted by law."  *Id.* at 7.  Judgment was entered "in favor of plaintiff against defendants in the amount of $300,000, plus post-judgment

interest at the rate permitted by law." *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091 (D. Kan. July 17, 2020), ECF No. 86.

## II.      Motion to Amend Judgment

Plaintiff's motion to amend judgment makes two main arguments. *First*, she argues the court erred by refusing to enter partial judgment because her "Renewed Partial Motion for Default Judgment" (Doc. 269) invoked Fed. R. Civ. P. 55—not Fed. R. Civ. P. 54(b). Doc. 286 at 6. *Second*, she asserts an amended judgment "is necessary to prevent manifest injustice and to clarify" her position. *Id.*

Plaintiff's Motion to Amend Judgment invokes Fed. R. Civ. P. 59(e). Doc. 285 at 1. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11C Wright & Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995)). A "court can grant relief under Rule 59(e) only when the court has 'misapprehended the facts, a party's position, or the controlling law.'" *Castanon v. Cathey*, 976 F.3d 1136, 1141 (10th Cir. 2020) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A court has discretion when deciding a motion to amend under Rule 59(e). *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

Plaintiff makes appropriate arguments for a Fed. R. Civ. P. 59(e) motion. She doesn't try to relitigate issues. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5. Instead, she questions the substantive correctness of the court's Order and Judgment closing *Ross v. The Promise Keepers, Inc*, No. 19-cv-2091. *See Castanon*, 976 F.3d at 1141 (the court may grant relief under Rule 59(e) when the court misapprehends the controlling law). And, plaintiff asserts the court

misapprehended her position and thus caused manifest injustice.  *See id.* (the court may grant

relief under Rule 59(e) if it misapprehended a party's position).  Thus, the court considers

plaintiff's two arguments, in turn, below.

### III.   Procedural Requirements for Entry of Partial Default Judgment

Plaintiff argues invoking Rule 55, instead of Rule 54(b), should not bar her from securing

partial default judgment.  Doc. 286 at 8.  And, she argues, "courts in this District have invoked

Rule 55 to grant partial default judgment, and thus, [plaintiff] was permitted to seek partial

default judgment as to the West Virginia Property under this rule."  *Id.* at 6 (citing *Operating

Eng'rs Loc. No. 101 Pension Fund v. Christiansen-Foust Steel, LLC*, No. 07-2068-KHV, 2007

WL 1455889, at *2 (D. Kan. May 15, 2007)).

### a.      *Purposes of Rule 55 and Rule 54(b)*

Federal Rule of Civil Procedure 55 allows a court to enter default judgment against a

party who fails to plead or otherwise defend a lawsuit.  If the court determines it should enter a

default judgment, plaintiff must adduce evidence to support the amount of damages.  *See

Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016)

(explaining default judgment does not establish the amount of damages and "Plaintiff must

establish that the amount requested is reasonable under the circumstances." (citation and internal

quotation marks omitted)); *see also* 10A Wright & Miller, *Federal Practice and Procedure*

§ 2688 (4th ed. 2009) ("Once the court decides that a judgment by default should be entered, it

must determine the amount and character of the recovery that should be awarded.").  "Damages

may be awarded only if the record adequately reflects the basis for the award via a hearing or a

demonstration by detailed affidavits establishing the necessary facts."  *Mathiason*, 187 F. Supp.

3d at 1275 (citation, internal quotation marks, and text alterations omitted).

In contrast, Federal Rule of Civil Procedure 54(b) allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  This provision "relaxes the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them."  *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (citation and internal quotation marks omitted).  But, "[a] decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)."  10 Wright & Miller, *Federal Practice and Procedure* § 2656 (4th ed. 2009); *see also Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) ("To be final for purposes of Rule 54(b), an order must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims actions." (citation and internal quotation marks omitted)).  "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits."  *See Jordan*, 425 F.3d at 829.  "Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together."  *Id.*

A judgment "is not final until it is set out separately and entered as required by Rule 58."  10 Wright & Miller, *Federal Practice and Procedure* § 2656 (4th ed. 2009); *see also id.* at § 2651 ("rendition of a judgment is the pronouncement of [a court's] decision and the act that gives it legal effect.").  A party may execute an award only "upon a final judgment."  *Redding & Co. v. Russwine Constr. Corp.*, 417 F.2d 721, 727 (D.C. Cir. 1969).  And until entry of final judgment, there is "no judgment upon which an execution may issue prior to adjudication of the case in its entirety."  *Id.*; *see also United States v. Muzio*, 757 F.3d 1243, 1257 (11th Cir. 2014) (Coogler, J., concurring) (collecting cases) (explaining execution may issue only upon final judgment).  Without "a Rule 54(b) order, a party who received a favorable, partial judgment

could not register it[.]" *Williams v. Seidenbach*, 958 F.3d 341, 353 (5th Cir. 2020) (Ho, J., concurring) (citing *FDIC v. McFarland*, 243 F.3d 876, 892–93 (5th Cir. 2001)).

      *b.*      *Analysis*

Plaintiff's argument confuses a court's authority to enter, on one hand, a final judgment under Rule 55 and, on the other hand, direct entry of partial judgment on a claim under Rule 54(b).

Plaintiff's "Renewed Partial Motion For Default Judgment" asked the court to enter default judgment "in the amount of $300,000, plus interest." Doc. 269 at 1. The court entered judgment for the value of the West Virginia Property because plaintiff repeatedly asked for a judgment of $300,000. *See id.*; *see also* Doc. 270 at 1, 5 (requesting court to enter default judgment "for $300,000, plus interest" and explaining, "the retrospective market value of the West Virginia Property is less than 'the amount necessary to satisfy' her claim of $8,055,730.62, and therefore Kansas law *entitles Ms. Ross to judgment in the amount of $300,000*" (emphasis added)); *see also id.* at 5 ("request[ing] an order entering partial default judgment against [The Promise Keepers] on her KUFTA count in her Complaint in an amount of $300,000"). Plaintiff never invoked Rule 54(b), and under Rule 55, she never explained how (or why) the court should direct entry of a partial default judgment for only part of her KUFTA claim. So, the court interpreted plaintiff's "Renewed Partial Motion for Default Judgment" to request an entry of judgment on her KUFTA claim for the value of The West Virginia Property—the only damage evidence presented to support that claim in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091.

Plaintiff's Motion to Amend Judgment continues to conflate the purpose of Rule 55 with Rule 54(b). She explains she sought "partial default judgment in the interest of preventing a subsequent fraudulent transfer of the West Virginia Property as she gathered evidence of her

damages regarding the remaining fraudulent transfers" on her KUFTA claim.  Doc. 286 at 6.

And she asks the court to amend its Order (Doc. 280) to provide that the court's judgment does

not prohibit plaintiff from "seeking additional judgments as to the other fraudulent transfers

under KUFTA as alleged in Plaintiff's First Amended Complaint[.]"  *Id.* at 9.  But she never

explains how the court can enter partial default judgment limited to *part* of her KUFTA claim.

And indeed, she cites no case law suggesting the court has any authority to do so.

　　　　To support her argument that courts in this District can grant partial default judgment

under Rule 55, plaintiff cites *Operating Engineers Loc. No. 101 Pension Fund v. Christiansen-*

*Foust Steel, LLC*, No. 07-2068-KHV, 2007 WL 1455889, at *2 (D. Kan. May 15, 2007).  The

*Operating Engineers* Complaint sought "relief which include[d] costs and attorney's fees and an

order requiring defendant to post a surety bond"—a form of injunctive relief.  *See id.* at *1.  The

court granted plaintiffs' motion—which it construed as a motion for default judgment—in part.

*See id.* at *2.  The court granted partial judgment on plaintiffs' request for attorney's fees and

costs—resolving that claim.  *See id.*; *see also Cox v. Flood*, 683 F.2d 330, 331 (10th Cir. 1982)

(explaining claim for attorney's fees is separate from merits of a case and requires separate

inquiry).  But the court delayed entry of judgment on plaintiffs' claim seeking an order requiring

defendant to post a surety bond.  *See id.*  The court did not enter a judgment for *part of a claim*.

*See id.*  So, *Operating Engineers* does not support plaintiff's position that Rule 55 authorizes the

court to enter partial default judgment on her KUFTA claim.

　　　　Plaintiff also cites three other cases that—in her view—show Fed. R. Civ. P. 55 allows

partial default judgment.  Doc. 286 at 7 (first citing *Universal Am-Can, Ltd. v. Interstate Brands*

*Corp.*, 160 F.R.D. 151, 152 (D. Kan. 1995) (entering show cause order requiring third party

defendant, who had failed to plead or otherwise defend, to show cause why "the court should not

enter partial default judgment" against that defendant on liability);[2] then citing *Extreme Tool & Eng'g, Inc. v. Bear Cub Enters., LLC*, No. 2:08-CV-257, 2009 WL 2948467, at *2–3 (W.D. Mich. Sept. 3, 2009) (granting motion for default judgment on plaintiff's claim seeking permanent injunction for patent infringement—deciding that issue—but deferring decision on plaintiff's claims for patent infringement money damages and claim for attorney's fees); then citing *United States v. Funds Up to & including the Amount of $56,634 in U.S. Currency on Deposit in Banesco Int'l, Panama*, 79 F. Supp. 3d 112, 114 (D.D.C. 2015) (entering default judgment against defendants—individual bank accounts—under civil forfeiture statutes in 18 U.S.C. §§ 981(a)(1)(A) and 984 and thus resolving claims against those defendants)). But none of these cases directed entry of partial judgment for part of a claim. And though *Extreme Tool* and *Banesco* do not explicitly identify the procedural mechanism that these courts used to enter partial default judgment, the courts resolved an entire *claim* or resolved *all claims* against a party—consistent with the authority conferred by Fed. R. Civ. P. 54(b). In short, these cases don't support plaintiff's argument that the court can enter partial default judgment on part of her KUFTA claim.

Plaintiff also cites three other cases, arguing that they recognize federal courts can grant partial default judgment under Fed. R. Civ. P. 55 and Fed. R. Civ. P. 54(b). Doc. 286 at 7–8 (first citing *Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity & Health & Welfare Funds v. Kay-R Elec. Corp.*, No. 5:09-CV-0087, 2011 WL 167080, at *3–4 (N.D.N.Y. Jan. 19,

---

[2]        In *Universal Am-Can*, Judge Saffels issued a later order granting plaintiff's motion for partial default judgment against the defaulting third party defendant for failing to respond to the court's show cause order. *Universal Am-Can, Ltd. v. Interstate Brands Corp.*, No. CIV. A. 94-4143-DES, 1995 WL 40639, at *1 (D. Kan. Jan. 26, 1995). But, the court noted, while "default is appropriate" against the third party defendant, "entry of judgment is premature" under Fed. R. Civ. P. 54(b). *Id.* The court granted plaintiff's motion for partial default judgment but declined to enter a judgment "until the underlying cause of action has been concluded." *Id.* So, this case does not support the relief plaintiff seeks—entry of partial default judgment on just one aspect of her KUFTA claim.

2011); then citing *Anfinson v. True Blue of Pinellas, Inc.*, No. 8:17-CV-210-T-17JSS, 2018 WL 4403277, at *3 (M.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, No. 8:17-CV-210-T-17JSS, 2018 WL 4385125 (M.D. Fla. Sept. 14, 2018); then citing *Canal Ins. Co. v. Fenn*, No. 2:08-CV-957-MEF, 2011 WL 624597, at *3 (M.D. Ala. Feb. 11, 2011)).  As the next three paragraphs explain, these cases do not support the result sought by plaintiff.

The court begins with *International Brotherhood*.  There, plaintiffs moved for partial default judgment and—unlike plaintiff's original motion here—relied on Rule 54(b). *International Bhd.*, 2011 WL 167080, at *1.  The Northern District of New York sustained plaintiffs' motion in part, granting its request for "partial default judgment on the issue of liability pursuant to Fed. R. Civ. P. 54(b) and 55(b)."  *Id.* at *3.  The court declined to enter an award of damages, however, because the case involved multiple defendants and fewer than all of them had defaulted.  *Id.*  And while the court recited that it was granting a "partial default judgment" limited to liability, the case's CM/ECF docket reveals that the Clerk did not actually enter a judgment based on this January 19, 2011 Order.  *See* Docket, *Int'l Bhd. of Elec. Workers Local No. 43 Pension, Annuity & Health & Welfare Funds v. Kay-R Elec. Corp.*, No. 5:09-CV-0087 (GTS/DEP) (N.D.N.Y.).  Instead, after the court had decided all the case's claims, it entered a judgment—including an award of damages against the defaulting defendants—and closed the case.  *See* Judgment, *Int'l Bhd.*, No. 5:09-CV-0087 (GEP/DEP), (N.D.N.Y. Aug. 24, 2011), ECF No. 32.  Given this procedural history, the court concludes that the New York court's order purporting to grant a partial default judgment instead announced a "decision" on which the Clerk—much later and after the court had resolved all claims—entered a judgment. *See id.*  The court's analysis thus concludes that the "partial default judgment" is actually a decision and not a Rule 54(b) judgment.  *See* 10 Wright & Miller, *Federal Practice and*

*Procedure* § 2651 (4th ed. 2009).  As this leading treatise explains:

> [T]here are several different stages that lead to the creation of a judgment that is final and appealable. It is important to differentiate the various steps that are part of this process.  The first distinction that should be drawn is between the adjudication, either by a decision of the court or a verdict of the jury, and the judgment that is entered thereon.  The terms "decision" and "judgment" are not synonymous under the federal rules.  The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.

*Id.*  (footnotes omitted).  These distinctions persuade the court that *International Brotherhood* announced a "decision" which took effect when the Clerk entered judgment.

Plaintiff's second case—*Anfinson*—grants partial default judgment but only after the court had resolved an entire claim.  In *Anfinson*, the magistrate judge issued a Report and Recommendation urging the district judge enter "partial default judgment" on Count I, "but wait to enter final judgment until after [plaintiff] moves for, and receives, default judgment on Counts II and III or voluntarily dismisses those counts."  *Anfinson*, 2018 WL 4403277, at *3.  The district court adopted the recommendation and directed entry of partial default judgment on Count I against defendant.  *Anfinson*, 2018 WL 4385125, at *1.  The Clerk entered a Partial Default Judgment on Count I in the amount of $14,400 plus interest—resolving that claim in its entirety—but didn't certify it as a Rule 54(b) judgment.  *See* Partial Default Judgment, *Anfinson v. True Blue of Pinellas, Inc.*, No. 8:17-CV-210-T-17JSS (M.D. Fla. Sept. 17, 2018), ECF No. 38.  In this court's judgment, since it wasn't certified under Rule 54(b), plaintiff likely could not execute on this "partial judgment" until the court resolved the case in its entirety.  *See Redding*, 417 F.2d at 727 ("there can be no execution until either the demands of Rule 54(b) are satisfied or the case is fully litigated on all claims against all defendants").

Last, *Canal Insurance* is even farther afield.  Plaintiff, an insurance company, filed an interpleader action against defendants—potential claimants under a policy of insurance.  *Canal*

*Insurance*, 2011 WL 624597, at *1.  After depositing the interpleaded funds, interpleader plaintiff filed a motion for discharge seeking (1) discharge from liability, (2) "permanent injunction against any of the claimants filing suit against it," (3) default judgment against defaulting defendants, and (4) attorneys' fees.  *Canal Insurance*, 2011 WL 624597, at *1.  The court granted plaintiff's motion in part, granting all relief except the request for attorneys' fees— thus adjudicating the entirety of these claims.  *Id.* at *3.  The court entered a partial judgment under Rule 54(b)—after adjudicating the entirety of the claims against interpleader plaintiff.  *See* Partial Final Judgment, *Canal Ins. Co. v. Fenn*, No. 2:08-CV-957-MEF (M.D. Ala. Feb. 11, 2011), ECF No. 117.  None of plaintiff's cases persuade the court to grant the relief plaintiff now seeks.

Plaintiff "concedes that Rule 54 is the most common procedural mechanism for a partial default judgment" but she provides nothing to support her proposition here, *i.e.*, that the court may enter a Rule 54(b) order awarding her some of the damages she seeks to recover on her KUFTA claim.  Doc. 286 at 8 n.5.  Plaintiff fails to support any argument that Fed. R. Civ. P. 54(b) applies to her case when she received default judgment on just one aspect of one claim and asks the court to enter judgment for merely a portion of her damages claimed on that single cause of action.  *See id.*

Rule 54(b) addresses partial judgment on one or more claims.  *See Jordan*, 425 F.3d at 826 (explaining a Rule 54(b) order is final only when "it is an ultimate disposition of an individual claim").  Plaintiff never argues the fraudulent transfer of The West Virginia Property constituted a separate *claim*.  So, the court could not have entered a Rule 54(b) order awarding some of the damages sought on her KUFTA claim while also allowing her, later, to prove additional damages on that same claim.  Instead, plaintiff's Renewed Partial Motion for Default

14

Judgment (Doc. 269) sought judgment on her KUFTA claim.  When the court granted plaintiff's Renewed Partial Motion for Default Judgment it directed the Clerk to enter a judgment for precisely what her motion had requested—a judgment on plaintiff's KUFTA claim that awarded the damages in the amount plaintiff had proved, *i.e.*, the value of The West Virginia Property.

In her Motion to Amend Judgment, plaintiff explains that she sought partial default judgment to prevent subsequent fraudulent transfers of The West Virginia Property while she gathered evidence of other fraudulent transfers.  *See* Doc. 286 at 6.   But, the court already had entered a preliminary injunction against The Promise Keepers enjoining them from transferring or disposing of any property.  Preliminary Injunction Order, *Ross v. The Promise Keepers*, No. 19-cv-2091 (D. Kan. Mar. 7, 2019), ECF No. 34 at 2.  So, it is still unclear what relief plaintiff sought in her Renewed Partial Motion for Default Judgment since she cannot execute on any recovery in *Ross v. The Promise Keepers, Inc.* without entry of a judgment.  Unless presented with a Rule 54(b) request—a request that plaintiff here never made—the court can direct entry of judgment only when it has resolved all pending claims.  *See Seidenback*, 958 F.3d at 353 (explaining a prevailing party cannot register a partial judgment without a Rule 54(b) order); *see Jordan*, 425 F.3d at 826 (requiring the court to resolve all pending issues on a claim before entering a Rule 54(b) order).

Notably, plaintiff cites no case from the Tenth Circuit, or even one from a court in our Circuit, where the court granted partial default judgment *and* directed entry of partial judgment under Fed. R. Civ. P. 55 for part of a claim.  *See* Doc. 286 at 7.  And, plaintiff never explains how the court can enter partial default judgment on her KUFTA claim under either Rule 55 or Rule 54(b).

*c.*     *Conclusion*

In sum, plaintiff's motion fails to explain how the court, under Fed. R. Civ. P. 55, can direct entry of partial judgment limited to part of her KUFTA claim limited to the value of The West Virginia Property and, later, allow her to proceed against The Promise Keepers for other fraudulent transfers pleaded by that same claim.  And, plaintiff makes no argument that Fed. R. Civ. P. 54(b) applies or that it would allow the court to enter partial judgment limited to part of plaintiff's KUFTA claim for the value of The West Virginia Property.  The court did not err when it entered default judgment on plaintiff's KUFTA claim and awarded damages for the value of The West Virginia Property—the only damages she proved.

## IV.     Plaintiff's Position and Manifest Injustice

*Next*, plaintiff argues an amended judgment is necessary to clarify her position and prevent manifest injustice.  Doc. 286 at 8.  Plaintiff asserts "amendment to the Judgment would clarify [plaintiff]'s position that she sought partial judgment against The Promise Keepers as to the West Virginia Property only, though she intends to seek default judgment under KUFTA as to the remainder of the fraudulent transfers by The Promise Keepers." *Id.*  As explained above, plaintiff never explains how the court can enter a "partial judgment" on her KUFTA claim limited to The West Virginia Property and allow her to prove more damages on the same claim. Plaintiff has failed to explain how the court misapprehended plaintiff's position in her "Renewed Partial Motion for Default Judgment" (Doc. 269).

Plaintiff also argues that amending the Judgment is necessary to prevent manifest injustice.  Doc. 286 at 8.  Amending the Judgment, she asserts, "would ensure [plaintiff] is able to pursue full recovery against The Promise Keepers and the Judgment Debtors, against whom she has an $8 million judgment for human trafficking and forced labor, among other claims." *Id.*

She argues an amended judgment is necessary because "preventing [plaintiff] from pursuing partial default judgment may force her to forgo potential future recovery of additional assets she has not yet been able to identify[.]" *Id.* at 9. And, she argues, barring plaintiff from pursuing partial default judgment may "prevent her from any recovery unless and until she can identify each and every fraudulently transferred asset at the same time." *Id.*

But plaintiff fails to explain how an amended judgment prevents the manifest injustice she describes. As already explained above, the court cannot enter a partial judgment on her KUFTA claim that is limited to The West Virginia Property and allow plaintiff to continue proving other damages recoverable on that KUFTA claim. *See Jordan*, 425 F.3d at 826–27 (explaining that only Rule 54(b) permits the court to direct entry of final judgment for one claim in plaintiff's complaint before resolving all issues). Plaintiff cannot execute on any damages she proves in *Ross v. The Promise Keepers* without entry of a final judgment. And plaintiff has not explained how the court can award the relief she seeks, an entry of judgment limited to The West Virginia Property without directing entry of judgment on her KUFTA claim.

Also, the court is unwilling to leave *Ross v. The Promises Keepers, Inc.*, open in perpetuity. Plaintiff filed her Complaint in that case in February 2019. Compl., *Ross v. The Promise Keepers*, No. 19-cv-2091 (D. Kan. Feb. 15, 2019), ECF No. 1. She identified bank accounts and six properties—including The West Virginia Property—that allegedly were transferred fraudulently. Am. Compl., *Ross v. The Promise Keepers*, No. 19-cv-2091 (D. Kan. Mar. 25, 2019), ECF No. 45 at 18–19. She never has sought to prove damages for the other alleged fraudulently transferred properties and her filings never explain why. The court is unwilling to permit the case to remain open indefinitely, providing, in effect a platform for plaintiff to use to assert ad hoc damage claims as they arise. And, as discussed in the next

section, if plaintiff later discovers evidence to prove additional damages, she can seek relief from the court under Fed. R. Civ. P. 60(b). The court finds plaintiff's manifest injustice argument unpersuasive.

## V.    Plaintiff Seeks Conflicting Relief

Plaintiff's Motion to Amend Judgment seeks an amendment "to (1) reflect that the consolidated case remains open and/or (2) acknowledge she may proceed against The Promise Keepers for fraudulent transfers beyond the West Virginia Property under KUFTA." Doc. 286 at 5. Plaintiff also "seeks clarification that the Court's footnote does not impact [plaintiff]'s ability to pursue relief against Judgment Debtors in the consolidated case, *Ross v. Jenkins*[.]" *Id.* at 6. Plaintiff asks the court to amend footnote 2 in its earlier Order (Doc. 280). Doc. 286 at 9. She identifies the amendment she seeks in this fashion:

> The Court noted plaintiff contends her motion is "partial." Doc. 269 at 1; Doc. 270 at 1. But plaintiff never explains what "partial" means in her motion. Nor does she invoke Rule 54(b), which allows the court to enter "final judgment as to one or more, but fewer than all, claims or parties" if the court determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court is aware that plaintiff alleged The Promise Keepers received other property fraudulently transferred from Judgment Debtors. On August 10, 2020, Plaintiff moved to amend the judgment pursuant to Rule 59(e). For the reasons stated in her motion, the Court reaffirms [that] the judgment rendered does not close the case and decrees that nothing prohibits Ms. Ross from alleging additional fraudulent transfers with the exception of the West Virginia Property and seeking additional judgments as to other fraudulent transfers under KUTFA as alleged in Plaintiff's First Amended Complaint, to the extent the evidence supports such allegations.

Doc. 286 at 9. In short—plaintiff explains—she seeks "to ensure that closing the case does not prohibit her ability to continue to enforce her judgment against the Judgment Debtors and The

Promise Keepers." *Id.* For reasons stated below, the court cannot amend its Judgment in *Ross v. The Promise Keepers, Inc.* as plaintiff requests.[3]

*First*, the court does not need to amend its Judgment in *Ross v. The Promise Keepers, Inc.* to clarify that plaintiff may continue to execute on her judgment in *Ross v. Jenkins*. Consolidating cases under Fed. R. Civ. P. 42 "is not equivalent to merger and consolidated cases do not lose their separate identities because of consolidation." *Cooper Clark Found. v. Oxy USA Inc.*, 785 F. App'x 579, 581 (10th Cir. 2019) (citing *Hall v. Hall*, 138 S. Ct. 1118 (2018)). "Consolidation is merely an administrative device used for convenience" and each cause of action retains its separate character. *See Liming Wu v. Bernhardt*, 820 F. App'x 669, 672 (10th Cir. 2020); *see also Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005) ("Consolidation is not like a marriage, producing one indissoluble union from two distinct cases. Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases."). So, a final judgment in one of two consolidated cases does not affect the rights of the parties in the other consolidated cases. *See Hall*, 138 S. Ct. at 1128 (explaining Supreme Court's interpretation of Rule 42 and explaining "constituent cases should end in separate decrees or judgments—the traditional trigger for the right to appeal").

Plaintiff moved to consolidate *Ross v. Jenkins*, No. 17-cv-2547, with *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091 under Fed. R. Civ. P. 42(a)(2). The court granted plaintiff's motion and consolidated the two cases for purposes of discovery. Doc. 193 at 2–3. The court's order directing entry of judgment directed the Clerk to enter final judgment in *Ross v. The*

---

[3]    Plaintiff merely seeks an amended judgment and makes no argument that the court should vacate its Judgment (Doc. 86) in *Ross v. The Promise Keepers, Inc.*, No. 19-2091. So, the court does not address that alternative.

*Promise Keepers, Inc.* Doc. 280 at 6 n.2. And the Judgment (Doc. 86) entered in *Ross v. The Promise Keepers, Inc.,* No. 19-cv-2091 listed that case as the only one decided by that judgment. Since the two cases retain their separate identity, the court's Judgment in *Ross v. The Promise Keepers*, No. 19-cv-2091, does not affect plaintiff's right to collect on her judgment in *Ross v. Jenkins*, No. 17-cv-2427. So, the court finds plaintiff's first argument doesn't warrant an amended judgment.

*Second*, the court cannot amend its Order or Judgment in the fashion that plaintiff requests. Plaintiff asks for a partial judgment on her KUFTA claim equal to the value of The West Virginia Property. *See* Doc. 286 at 8–9. But, she also wants the case to remain open to allow her to prove more damages from allegedly fraudulent transfers. *Id.* As the court explained in Section III, above, it cannot enter a partial judgment without—at a minimum—resolving the entire claim. *See Jordan*, 425 F.3d at 826–27 (explaining the district court may enter a Rule 54(b) order for partial judgment but only if it decides the "ultimate disposition of an individual claim") (internal quotation marks omitted)). The court cannot amend its Order or Judgment as plaintiff requests.

Plaintiff may not be without procedural remedies to prove more damages on her KUFTA claim. For example, plaintiff might seek relief from the judgment under Fed. R. Civ. P. 60(b) if she can prove damages for any of the other five fraudulently transferred properties and bank accounts based on evidence that she hasn't yet discovered. Federal Rule of Civil Procedure 60(b) allows plaintiff to move for relief from judgment for:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been
        discovered in time to move for a new trial under Rule 59(e);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
        misconduct by an opposing party;
    (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Plaintiff must file a motion under Fed. R. Civ. P. 60(b)(1)–(3) within one year after entry of final judgment. *See* Fed. R. Civ. P. 60(c)(1). But, alternatively, plaintiff may file a motion under Fed. R. Civ. P. 60(b)(4)–(6) within a reasonable time. *Id.* So, to the extent she still seeks to prove additional damages for other properties identified in this claim in her Amended Complaint, Rule 60(b) may provide her with an avenue. Or, plaintiff might file a new case asserting a KUFTA cause of action if she should learn of additional fraudulent transfers beyond those identified in her Amended Complaint.

## VI.    Conclusion

Plaintiff has failed to persuade the court that it should amend its judgment in *Ross v. The Promise Keepers*, No. 19-cv-2091.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Amend Judgment (Doc. 285) filed in *Ross v. Jenkins*, No. 17-cv-2547 (also filed as Doc. 88 in the CM/ECF record in *Ross v. The Promise Keepers, Inc.*, No. 19-cv-2091) is denied.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
